1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
KING COUNTY DIVISION

| | |
|---|---|
| STUDIO 010, INC. dba EQUADOSE,<br><br>                                Plaintiff,<br><br>  v.<br><br>DIGITAL CASHFLOW LLC dba HEAR CLEARLY; and CHRISTOPHER ACKERMAN, an individual<br><br>                         Defendants. | No. <u>To Be Assigned</u><br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT RE: U.S. PATENT NO. 10,525,191**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff, STUDIO 010, INC. dba EQUADOSE ("Plaintiff" or "Equadose"), by and through undersigned counsel, and by this Complaint seeks declaratory judgment, among other things, against Defendants DIGITAL CASHFLOW LLC dba HEAR CLEARLY and CHRIS ACKERMAN (collectively "Digital Cashflow"), and alleges based on information and belief follows:

**NATURE OF THE PROCEEDING**

1.    Defendants knowingly sent a report of intellectual property violations to Washington based Amazon with the intent and result of baselessly causing Amazon to delist Plaintiff's earwax removal product, falsely contending Plaintiff's product infringes Defendants' fraudulently procured patent, United States Patent No. 10,525,191 (the "'191 Patent"). Defendants


**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

and Plaintiff have history as competitors in dispute going back to at least as early as Summer 2018 to a trademark dispute between the parties for their competing products. Both parties are Amazon merchant sellers selling earwax removal products on Amazon. Plaintiff's falsely accused product has been sold on Amazon since 2017, with its current design on sale since Summer of 2018. The priority date for the 191 Patent is June 12, 2019. Thus, it is straightforwardly the case that either the '191 Patent is invalidated by Plaintiff's prior art product, or Plaintiff's product does not infringe. There is no other option. Moreover, as indicated, Defendants have known of Plaintiff's product since their trademark dispute in 2018. Yet Defendants concealed both Plaintiff's prior art product, and Defendants' own prior art product, from the United States Patent & Trademark Office ("USPTO" or "Patent Office"), violating the express and highly important obligation to disclose known material prior art in an act of inequitable conduct rendering the '191 Patent unenforceable. Defendants' knowingly and anticompetitively involved fraud on the Patent Office in their scheme to knock their competitor out of the Amazon marketplace causing substantial daily and ongoing irreparable harm not completely compensable in damages alone.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (action arising under an Act of Congress relating to patents, trademarks and unfair competition). This action arises, among other things, under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, *et seq*.), Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), and includes claims for declaratory judgment that Plaintiff does not infringe any valid claim of United States Patent No. 10,525,191 (the "'191 Patent") and that the '191 Patent is invalid. Plaintiff further pleads this Court has pendent



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

1
2
3   jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to Rule 9(c),
4   Plaintiff pleads that all acts and conditions precedent for establishing jurisdiction have been
5   performed or have occurred.

6           3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and this Court
7   has Court has personal jurisdiction over Defendant. The claims substantially arose in this
8   jurisdiction as a result of acts committed by Defendants within this judicial district in the course
9   of Defendants doing business in this district and Defendants resides in this district as residence is
10  defined in 28 U.S.C. § 1391(c). Defendants transacted and conducted business in this judicial
11  district, purposefully availing themselves of the benefits and laws of this judicial district and
12  purposefully directing significant and substantive contacts at this judicial district. Plaintiff is
13  informed and believes and on that basis alleges that Defendants committed the acts complained of
14  herein with the specific intent and purpose of harming Plaintiff's business on the Amazon.com
15  marketplace which is primarily managed, directed and controlled from and through Amazon's
16  business and technical offices in and around King County, Washington and in Utah, Plaintiff's
17  home state, and specifically directed those acts to this district; Defendants directed its unlawful
18  and improper conduct to Washington to harm Plaintiff's business activity in Washington; has
19  contracts with companies in Washington; has indemnity agreements related to this controversy in
20  Washington including has executed indemnification agreements related to activities in Washington
21  with a Washington corporation, Amazon, in aid of Defendants' business and sales in Washington;
22  provides insurance coverage related to this controversy in Washington has executed insurance
23  policies in favor of Washington businesses and agreed to send certificates of insurance for
24  coverage to a Washington company, Amazon, in Washington at Amazon's Washington address,
25  for the competing products that Defendants seeks to bolter by unfairly illegally and defamatorily
26
27
28
29

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

damaging Plaintiff's products in Washington; and, among other things, utilized a Washington law firm to file and prosecute the '191 Patent that is at the center of this action. Defendants maintains ongoing contractual relationships within this district and conducts or solicits business within this district; Defendants directly and/or through intermediaries, offers for sale, sells, and advertises their products that are pertinent to this action within this district. Defendants directly and/or thorough intermediaries, committed the unlawful and improper and tortious acts complained of herein within and directed to this district. Defendants has engaged in, and continues to engage in, substantial licensing and other relationship, contracts, and financing in the State of Washington and with residents of the State of Washington. Plaintiff and Defendants both have merchant agreements with a Washington company located in Washington, Amazon. Both Plaintiff and Defendants list and sell products through a Washington company located in Washington, Amazon.

4.      Plaintiff is informed and believes and on that basis alleges that Defendants agreed to governing law of the State of Washington for activity and transactions related to business with Amazon. Similarly, Plaintiff has as well.

5.      Plaintiff is informed and believes and on that basis alleges that the amount in controversy in this case exceeds $75,000.00.

## PARTIES

6.      Plaintiff, Studio 010, Inc. dba Equadose ("Plaintiff" or "Equadose"), is incorporated in Utah and has its principle place of business in Utah. Plaintiff conducts the majority of the sales of its products through the State of Washington on the Amazon.com platform.

7.      Plaintiff is informed and believes and on that basis alleges that Defendant, Digital Cashflow, LLC. dba Hear Clearly is a New Jersey limited liability company; that Chris Ackerman is the owner and principal of, and exercises complete dominion and control over, Digital Cashflow,



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

and Digital Cashflow is the alter ego of Defendants Ackerman; that both Ackerman and Digital Cashflow share the same address, 329 Elmwood Drive, Keyport NJ, a single family residence in a residential neighborhood; and that Defendants Ackerman's home is also the principal place of business for Defendants Digital Cashflow. Digital Cashflow LLC and Chris Ackerman will be referred to collectively as "Defendants" and/or "Digital Cashflow."

### FACTUAL SUMMARY AND PRESENCE OF AN ACTUAL CONTROVERSY

8.     Plaintiff and Defendants are Amazon merchants selling products on the Amazon.com online marketplace. They are direct competitors and have a history of dispute between them going back to at least as early as the Summer of 2018. At least through these disputes, Defendants have actual knowledge of Plaintiff's products and the fact that they were publicly advertised and sold prior to the priority date of the '191 Patent.

9.     Plaintiff sells its products, including its HEAR earwax removal products on Amazon.com. The screenshot below is of one of Plaintiff's products on the Amazon store affected by Defendants' fraudulent acts---it is shown as "Currently unavailable" due to Defendants' unlawful acts:



10.    Plaintiff has been selling its current design of the Hear Ear Wax Removal Kit since the Summer of 2018, and it was selling similar designs of the earwax remover even earlier, since



at least 2017.

11.     The earliest claimed effective filing date of the '191 Patent is June 12, 2019. Patent Statute section 35 U.S.C. 102(a)(1) states that a person is not entitled to a patent if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." Therefore, if any claim of the '191 Patent covers the Hear Earwax Remover, that claim is invalid.

12.     Defendants sell their competing Amazon merchant selling Ear Wax removal products on Amazon. The screenshot below is of Defendants' competing product that it improperly bolsters in Washington through its improper acts against Plaintiff and its products in Washington.



13.     Defendant Ackerman is listed as the Inventor and the Applicant on the face of the '191 Patent.

14.     The '191 Patent has an Application Filing Date, and an earliest priority date, effective filing date, of June 12, 2019, based upon Application Serial Number 16/438,635 (the '635 Application) which later issued as the '191 Patent.

15.     The '191 Patent has an Issue Date of January 7, 2020.



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-993

16.    The '635 Application was filed and prosecuted on behalf of Defendants by the law firm Bold IP PLLC, a Washington professional limited liability company located in Mountlake Terrace, Washington.

17.    Defendants knew of Plaintiff and Plaintiff's products long before Defendants filed the '635 Application. Plaintiff and Defendants exchanged correspondence as early as August 2018 regarding a trademark dispute over rights to the trademarks HEAR and HEAR CLEARLY for their competing earwax removal products. In communications on that dispute, on August 14, 2018, Defendant Ackerman stated that he was selling his product in interstate commerce at least as early as April 2017.[1] Thus, Defendants have known of Utah Plaintiff and Plaintiff's Product since Summer 2018.

18.    Defendant Digital Cashflow filed U.S. Trademark Application Serial Number 877709169 on December 5, 2017 on the mark HEAR CLEARLY, listing "International Class 010: Medical apparatus, namely, an ear wash device in the nature of a container to be filled with appropriate fluid by the user for flushing ear wax from the ear."

19.    The HEAR CLEARLY trademark application was originally filed as an "Intent to Use" application, but Defendant Digital Cashflow amended the application on August 14, 2018 to allege actual use in interstate commerce in association with the described goods "At least as early as 3/25/2017". The Specimen of Use submitted by Digital Cashflow, which Digital Cashflow stated in the trademark application was published at least as early as March 25, 2017, shows an image of Defendants' product – on public sale – which appears identical to the apparatus described and claimed in the '191 Patent. The Declaration filed with the August 14, 2018 amendment was electronically signed by Defendant Ackerman, personally.

---

[1] In trademark priority disputes, proof of first use in commerce can be important, but not dispositve, for seniority.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

20.    Thus, if any claim of the '191 Patent covers Defendants' own product – on sale at least as early as March 25, 2017 - then Defendants' own statements, both to Plaintiff and to the USPTO, establish that Defendants sold or offered its product for sale more than a year before the '191 Patent's filing date. These pre-dating sales and publications invalidate any allegedly infringed claims '191 Patent under 35 U.S.C. Sec. 102(a)(1).

21.    Because Plaintiff established prior sales in 2018 of its own product – accused by Defendants of infringing the '191 Patent claims - well prior to the '191 Patent priority date, Defendants' own contention establishes Plaintiff's prior art sales invalidate the '191 Patent under 35 U.S.C. Sec. 102(a)(1).

22.    U.S. Patent Law, 35 U.S.C. § 1 *et seq*, requires inventors, applicants and their attorneys to disclose all material information during the prosecution of a patent application. An inventor's intentional nondisclosure of material prior art from the USPTO renders a patent unenforceable for inequitable conduct.

23.    Defendants' 2018 communications over the trademark dispute establish Defendants had actual knowledge of Plaintiff's prior sales of the Hear Ear Earwax Remover, and clearly knew of the prior sales of Defendants' own product. Defendants did not disclose either of these prior art products and sales to the USPTO during the prosecution of the '191 Patent application, despite contending Plaintiff's product infringes the '191 Patent—giving the clear inference that Defendants knew Plaintiff's prior art product was material and Defendants intentionally concealed it from the Patent Office.

24.    Accordingly, if the '191 Patent claims read on either Plaintiff's product or Defendants' product, Defendant Ackerman violated his duty of disclosure to the Patent Office as an inventor by concealing this information from the Patent Office, rendering the '191 Patent



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-993

unenforceable for inequitable conduct. Further, the baseless complaint to Amazon has resulted in Plaintiff suffering continued irreparable harm as it loses market share for earwax removers in the Amazon marketplace.

25.     Plaintiff is informed and believes and on that basis alleges that the '191 Patent is part of a clearly fraudulent effort by Defendants to obtain a basis to harm its competitor, Plaintiff, perpetrated, in material part, by orchestrating a fraudulent nondisclosure the Patent Office with the specific intent of using its unlawfully obtained patent to harm Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendants conducted this fraudulent scheme by (a) unlawfully concealing Plaintiff's known prior art product from the USPTO; (b) unlawfully concealing Defendants' own prior art product from the USPTO; and (c) seeking expedited advance track processing-clearly showing the intent to have the patent issue as soon as possible to target the scheme on Plaintiff.

26.     Plaintiff is informed and believes and on that basis alleges that on or about June 10, 2020 Defendants in writing intentionally and purposefully with the intent of harming Plaintiff's sales and business in Washington and Plaintiff's operations in Utah, falsely defamed Plaintiff and Plaintiff's product by causing to be sent to Washington based Amazon, Amazon Complaint ID 7084521221 Alleging Infringement of U.S. Patent No. 10,525,191 by the Hear Earwax Remover (ASIN B075RGFQ13) from Equadose with the intent, and result, to have Amazon delist Plaintiff from Amazon's Washington online marketplace. The Amazon Complaint falsely alleged Plaintiff's Ear Wax Removal product ("the Product") infringed Ackerman's '191 Patent.

27.     On June 10, 2020, Amazon informed Plaintiff that it had received a notice from the owner of the '191 Patent that Plaintiff's earwax removal product (ASIN B075RGFQ13) infringed the '191 Patent, and that as a consequence, Amazon was delisting Plaintiff's product.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

28.     On the same day, Plaintiff e-mailed Defendants Ackerman that Plaintiff clearly was not infringing, and that as Defendants knew from the prior trademark dispute, that Plaintiff was selling its accused product since 2017, long before Defendants filed for their patent, in June 2019.

29.     On June 13, 2020, Mr. Ackerman refused to retract its complaint.

30.     Accordingly, Plaintiff's product remains unjustly delisted at significant damage and ongoing irreparable harm. The delisting causes, has caused, and will continue to cause thousands of dollars in lost sales to Plaintiff. Defendants' fraudulent infringement complaint will cause ongoing and future harm to Plaintiff, which may be difficult or impossible to reduce to a sum certain of money damages

31.     Plaintiff is informed and believes and on that basis alleges that Defendants' product directly competes with Plaintiff's Products, in the relevant marketplace on Amazon.com. Sales of Defendants' product directly impinge upon Plaintiff's sales.

32.     Plaintiff is informed and believes and on that basis alleges that Defendants intentionally directed their fraudulent conduct and defamation to Washington with the intent to harm Plaintiff's Washington and Utah business, and to unfairly clear a competitor from its path

33.     Because the Plaintiff's Hear Earwax Remover was being sold prior to the filing date of the '191 Patent, each claim of the '191 Patent must be either invalid or not infringed.

34.     Because Defendants intentionally concealed Plaintiff's products, and Defendants' own products, from the Patent Office, the '191 Patent is unenforceable due to inequitable conduct.

35.     Defendants' acts harmed and continue to irreparably harm Plaintiff, and this harm is not remediable by damages alone. Every day Defendants intentionally refuse to retract their fraudulent notice of infringement to Amazon causes Plaintiff to remain delisted from Amazon for its valuable product. This results in direct, daily, loss of revenue, loss of marketplace presence,



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9993

and loss of market reputation.

36.     The public has an overriding interest in maintaining the free market and maintaining the integrity of the patent system, both objects which Defendants unjustly and unlawfully flaunt.

37.     The public has a direct interest in having access to Plaintiff's product, which is useful in improving the quality of life of prospective customers.

38.     Unless Plaintiff receives temporary, preliminary, and permanent injunctive relief enjoining Defendants to immediately retract its fraudulent notice of infringement to Amazon, Plaintiff will suffer irreparable harm not fully compensable in damages.

## FIRST CLAIM:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '191 PATENT

### (all Defendants)

39.     Plaintiff re-alleges every paragraph in this Complaint.

40.     An actual controversy exists between Plaintiff and the Defendants as to the validity of the '191 Patent. Defendants contends that Plaintiff infringes one or more claims of the '191 Patent. Plaintiff denies that its products infringe any valid and enforceable claim of the '191 Patent; that the '191 Patent is invalid; and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

41.     Plaintiff is informed and believes and on that basis alleges the '191 Patent claims are invalid due to material prior art, including Plaintiff's accused product and Defendants' own product.



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-993

42.     Plaintiff is informed and believes and on that basis alleges the '191 Patent claims are unenforceable due to Defendants' inequitable conduct upon the Patent Office in intentionally concealing Plaintiff's product and Defendants' product from the Patent Office.

43.     The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiff is entitled to a declaration, in the form of a judgment, that the '191 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '191 PATENT

### (all Defendants)

44.     Plaintiff re-alleges every paragraph in this Complaint.

45.     An actual controversy exists between Plaintiff and the Defendants as to whether or not Plaintiff has infringed, or is infringing, the '191 Patent; has contributed, or is contributing, to infringement of the '191 Patent; or has induced, or is inducing, infringement of the '191 Patent. Defendants contends that Plaintiff infringes one or more claims of the '191 Patent. Plaintiff denies that its products infringe any valid and enforceable claim of the '191 Patent.

46.     The controversy is such that, pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiff is entitled to a declaration, in the form of a judgment, that by its activities Plaintiff has not infringed and is not infringing any valid and enforceable claim of the '191 Patent threatened by Defendant; has not contributed to infringement and is not contributing to infringement of the '191 Patent; and/or has not induced infringement and is not inducing infringement of the '191 Patent. Such a determination and declaration is necessary and appropriate at this time.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

### THIRD CLAIM

### TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

### (all Defendants)

47.   Plaintiff re-alleges every paragraph in this Complaint.

48.   Plaintiff is informed and believes and on that basis alleges that Defendants knew of Plaintiff's contract relationship with the Washington company Amazon; Defendants intentionally interfered with that contractual relationship in Washington, knowingly and intentionally asserting materially false allegations of intellectual property infringement against Plaintiff in order to undermine Plaintiff's lawful competition; Defendants' improper means were unlawful and fraudulent and were based on fraudulent activity before a Federal agency; Defendants' improper acts directly, proximately and foreseeably damaged and continues to damage Plaintiff and its products.

49.   By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial.

### FOURTH CLAIM:

### COMMERCIAL DISPARAGEMENT

### (all Defendants)

50.   Plaintiff re-alleges every paragraph in this Complaint.

51.   Plaintiff is informed and believes and on that basis alleges that Defendants purposefully, knowingly, and intentionally published a claim that Plaintiff infringed the '191 Patent to specifically harm Plaintiff by causing Amazon to delist Plaintiff's product from the Amazon marketplace; the claim for infringement was fraudulent, not only literally but also in that it is founded upon fraud upon the U.S. Patent & Trademark Office; Defendants acted with the



specific intention of cause financial harm to Plaintiff; Defendants' acts did directly and proximately cause financial harm to Plaintiff; and Defendants knew that its claim of infringement was false, or acted with reckless disregard as to its truth or falsity, at the time its claim was made and, alternatively, at the time it refused to retract the claim after being provided with proof of its falsity.

52.     By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM:

## DECEIT AND NEGLIGENT MISREPRESENTATION

### (all Defendants)

53.     Plaintiff re-alleges every paragraph in this Complaint.

54.     Defendants made the material statement to Amazon that Plaintiff's product(s) infringe the '191 Patent. Defendants knew or should have known that their statement was false and Defendants had no reasonable basis to believe its statement was true. Defendants acted intentionally and with a specific and purposeful intent to cause harm to Plaintiff and to induce Amazon to rely on the material false statements to delist Plaintiff's product from Amazon's marketplace. Amazon was ignorant of Defendants' falsity. Defendants' acts directly, proximately and foreseeable caused and continues to cause Plaintiff's harm and damages.

55.     Plaintiff is informed and believes and on that basis alleges that Defendants intentionally committed fraud in its patent prosecution with the intent to harm Plaintiff; Defendants was aware of Plaintiff's products prior to filing its patent application; Defendants was aware of its duty to disclose all material information to the Patent Office; Defendants intentionally hid from and refused to disclose Plaintiff's products to the Patent Office even though Defendants contends



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

now that those products infringe the '191 Patent—and therefore those products, on sale before the

'191 Patent application was filed, were clearly material; Defendants intended to use its

fraudulently secured '191 Patent to harm Plaintiff; Defendants did use its fraudulent secured '191

Patent to harm Plaintiff; Plaintiff has suffered and continues to suffer irreparably harm not solely

compensable by damages as a direct proximate and foreseeable result of Defendants' acts.

56.     By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be

proven at trial.

**SIXTH CLAIM:**

**UNFAIR COMPETITION (RCW 19.86.020 *et seq*).**

**(all Defendants)**

57.     Plaintiff re-alleges every paragraph in this Complaint.

58.     Defendants engaged in unfair competition in violation of Washington's Consumer

Protection Act, RCW 19.86.020 *et seq*. by engaging in an unfair or deceptive act, which was

capable of and did deceive the intended audience in Washington, in trade or commerce, directly

impacting the public interest in Washington, such unfair or deceptive act directly causing injury to

Plaintiff's business and property.

59.     By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be

proven at trial including reasonable attorneys' fees and costs and treble damages under RCW

19.86.090.

**SEVENTH CLAIM:**

**UNFAIR COMPETITION (LANHAM ACT SECTION 43(A), 15 U.S.C. 1125(A)(1))**

**(all Defendants)**

60.     Plaintiff re-alleges every paragraph in this Complaint.



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931

61.     Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiff's product infringed the '191 Patent despite knowing that the '191 Patent was invalid, unenforceable, and/or not infringed by Plaintiff's product, which was on public sale prior to the earliest priority date of the '191 Patent; the bad faith statement actually deceived Amazon, the intended audience; the deception actually did influence purchasing decisions in that it caused Amazon to delist Plaintiff's products, making Plaintiff's product unavailable to purchase on Amazon, which is a primary national marketplace for interstate commerce; Defendants caused, directed, and intended that the false statement enter and go through interstate commerce to Amazon in Washington to harm Plaintiff's business; and the statement resulted in direct injury to Plaintiff and its product as intended by Defendants.

62.     By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs and double damages and injunction to retract the false claim of infringement pursuant to the Lanham Act and as an exceptional case.

**EIGHTH CLAIM:**

**INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK**

**(all Defendants)**

63.     Plaintiff re-alleges every paragraph in this Complaint.

64.     The United States Patent & Trademark Office has registered Plaintiff's trademark HEAR® in typed form on the Principal Register, US Reg. 5,530,072 on July 31, 2018 in International Class 010 for Medical apparatus, namely, an ear wash device in the nature of a container to be filled with appropriate fluid by the user for flushing earwax from the ear ("Plaintiff's Mark").



65.     Plaintiff is informed and believes and on that basis alleges that Defendants sells the same or similar product using Plaintiff's Mark to similar consumers through Amazon as well as other channels.

66.     Plaintiff is informed and believes and on that basis alleges that Defendant's products sold under Plaintiff's Mark are related to Plaintiff and/or the conditions surrounding Defendant's marketing are such that the products would be encountered by the same purchasers as Plaintiff's products under circumstances that would give rise to the mistaken belief that the goods come from a common source, resulting in the likelihood and/or actuality of customer confusion.

67.     Plaintiff has developed significant good will and reputation and derives significant value from use of the HEAR® mark to identify its products and business.

68.     Plaintiff is the exclusive owner of the registered, statutory and common law trademark rights in the HEAR® mark for earwax removal products.

69.     Plaintiff markets and sells its products under the HEAR® throughout the United States and internationally.

70.     Defendants uses a name confusingly similar to Plaintiff's Mark on the packaging and labeling and advertising material for its competing product HEAR CLEARLY.

71.     Plaintiff is informed and believes and on that basis alleges that Defendants use of the product name HEAR CLEARLY is confusingly similar to and likely to be confused with Plaintiff's Mark. Defendants has used the terms to market and sell goods and services which are substantially similar to those marketed by Plaintiff using Plaintiff's Mark, in the same geographic area, Washington as well as elsewhere, and continues to do so.

72.     Plaintiff is informed and believes and on that basis alleges that Defendant's infringing use was and is willful and knowing; that Defendant's use of a term incorporating



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

Plaintiff's Mark is confusingly similar and nearly identical to Plaintiff's Mark was and is without the consent of Plaintiff; that Defendants has knowledge of Plaintiff company, products, and mark; that Defendants was put on notice by Plaintiff that Defendant's use of names confusingly similar and nearly identical to Plaintiff's Mark was unauthorized; that Defendants and Plaintiff had agreed to not bother each other but that Defendants breached that agreement by filing a complaint with Amazon regarding Plaintiff's product; that Defendants continue to use the confusing nearly identical mark; and that Defendants uses names confusingly similar and nearly identical to Plaintiff's Mark HEAR® as a product name, and Amazon listing, trading on Plaintiff's Mark and goodwill.

73.     Defendant's ongoing infringing activities are causing, and will continue to cause, irreparable harm to Plaintiff, which cannot be fully compensated by money damages.

74.     Plaintiff is informed and believes and on that basis alleges that Defendants intends to continue its infringing actions in the future, and Plaintiff will continue to suffer harm, including confusion by consumers in the marketplace.

75.     The public has an overriding interest in avoiding confusion of trade names and marks and in the enforcement of trademark laws.

76.     Plaintiff is informed and believes and on that basis alleges that Defendants has used HEAR CLEARLY, which is confusingly similar and nearly identical to Plaintiff's Mark HEAR® as product names and Amazon listings to advertise, ship to, and sell goods in Washington, and elsewhere, which compete with Plaintiff's goods in the same channels of commerce and has shipped these products to one or more purchasers in Washington.

77.     Plaintiff is the exclusive owner of the common law and statutory rights to the HEAR® Mark for earwax removal products.



78.     Plaintiff uses its Mark to identify Plaintiff's goods and services in commerce. Plaintiff derives substantial value, good will, and business reputation from the exclusive use by Plaintiff of Plaintiff's Mark. Because of Plaintiff's exclusive use of its registered mark and the good will and reputation associated with Plaintiff goods, Plaintiff's Mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiff's goods and services.

79.     Plaintiff is informed and believes and on that basis alleges that Defendants infringed and misappropriated Plaintiff's registered trademark in commerce without permission; that Defendant's infringing uses of names confusingly similar and nearly identical to Plaintiff's registered mark are likely to and/or have caused actual confusion with consumers as to the source of goods and affiliation of Defendants to Plaintiff; that Defendant's infringing uses diminish the value of Plaintiff's Mark, goodwill and business reputation; and that the nature and extent of misappropriation of Plaintiff's Mark by Defendants is significant and willful.

80.     Plaintiff is informed and believes and on that basis alleges that Defendant's acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

81.     Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendant's unlawful acts unless Defendants is restrained and enjoined, and Plaintiff is without adequate remedy at law.

82.     Accordingly, Defendants is liable to Plaintiff for recovery of all of Defendant's profits, for Plaintiff's damages, for statutory treble damages, and for attorneys' fees and costs.

### PRAYER FOR RELIEF AGAINST ALL DEFENDANTS

WHEREFORE Plaintiff prays for judgment in its favor as follows:

1.     For judgment in favor of Plaintiff against Defendants on all claims.

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

2.      Declaring that Plaintiff's products do not infringe any valid claim of the '191 Patent.

3.      Declaring that the one or more claims of the '191 Patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112, and/or unenforceable due to inequitable conduct.

4.      Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

5.      Enjoining Defendants temporarily, preliminarily, and permanently to immediately retract its notice of infringement complaint to Amazon concerning Plaintiff's product and enjoin Defendants from making any future complaint regarding the '191 Patent against Plaintiff and Plaintiff's products.

6.      Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

7.      Awarding to Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

8.      Awarding Plaintiff its costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, *inter alia*, Washington's Consumer Protection Act, and the Lanham Act due to the exceptional nature of this case, or as otherwise permitted by law.

9.      Declaring Plaintiff's Mark HEAR® valid and infringed by Defendant.

10.     Enjoining and Restraining Defendants temporarily, preliminarily, and Permanently from using the name HEAR CLEARLY to sell products related to earwax removal.

11.     Ordering impoundment, destruction and verification of such destruction, of all products, documents, and/or things in Defendants possession, custody or control that bear the name HEAR CLEARLY.



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

12.     Ordering an Accounting and Disgorgement of Defendant's profits made while using the Plaintiff's Mark to market, promote, and/or sell Defendant's products, whether directly or through other parties, such Accounting to include tracing the monies and property received by Defendants to its real and personal property and bank and brokerage accounts, and Disgorgement thereof.

13.     Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

14.     Awarding exemplary, punitive, statutory, treble damages to Plaintiff against Defendant, jointly and severally.

15.     Declaring this to be an exceptional case within 15 U.S.C. § 1117.

16.     Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law.

17.     Awarding pre- and post- judgment interest.

18.     Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

DATED THIS <u>June 30, 2020</u>          Respectfully submitted,

<u>/s/ Kurt M. Rylander</u>
KURT M. RYLANDER, WSBA 27819
rylander@rylanderlaw.com

<u>/s/ Mark E. Beatty</u>
MARK E. BEATTY, WSBA 37076
beatty@rylanderlaw.com

RYLANDER & ASSOCIATES PC



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

406 West 12th Street Vancouver, WA 98660
Tel: (360) 750-9931
Fax: (360) 397-0473
Of Attorneys for EQUADOSE



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993