The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUDIO 010, INC. dba EQUADOSE,<br><br>Plaintiff,<br>v.<br><br>DIGITAL CASHFLOW LLC dba HEAR CLEARLY; and CHRISTOPHER ACKERMAN, an individual,<br><br>Defendants. | Civil Action No. 2:20-cv-01018-RAJ<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING ORDER TO SHOW CAUSE** |

This matter is before the Court on Plaintiff's application for a temporary restraining order and preliminary injunction. Dkt. # 2. Having considered the complaint and application, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.[1]  For the reasons set forth below, the Court

---

[1] It is within the Court's discretion to deny a motion for a temporary restraining order without an evidentiary hearing. *Cf. Anderson v. Jackson*, 556 F.3d 351, 361 (5th Cir.

ORDER - 1

1  **DENIES** Plaintiff's application for a temporary restraining order but **GRANTS**
2  Plaintiff's application for an order to show cause why a preliminary injunction should not
3  issue.

### I. BACKROUND

Plaintiff Studio 010, Inc., d.b.a. Equadose ("Plaintiff" or "Equadose") is a merchant on the online Amazon.com marketplace. Dkt. # 1 at ¶ 10. At issue in this case is Plaintiff's earwax removal product, HEAR, which Plaintiff has been selling on Amazon since 2017. Dkt. # 1 at ¶ 10. Defendants Digital Cashflow LLC, d.b.a. Hear Clearly ("Hear Clearly") and Christopher Ackerman (collectively, "Defendants") sell a competing earwax removal product, HEAR CLEARLY, for which they hold a patent (the "'191 patent"). *Id.* at ¶¶ 12-14. The patent was issued on January 7, 2020 and has an effective filing date of June 12, 2019. *Id.* at ¶¶ 14-15. Years earlier, on December 5, 2017, Defendants also filed a trademark application on the mark "HEAR CLEARLY." Dkt. # 1 at ¶ 17. The application was originally filed as an intent to use application, indicating no actual use prior to the filing date. Dkt. # 2 at 3 (citing Dkt. # 4 at ¶ 3, Ex. A).

In August 2018, Plaintiff filed a trademark infringement notice with Amazon, based on Defendants' use of the mark "HEAR CLEARLY." Dkt. # 1 at 18. In response, Mr. Ackerman informed Plaintiff that Defendants' Hear Clearly product had been advertised and sold since April 2017. Dkt. # 3 at ¶¶ 9-12, Ex. C. The same day, Defendants filed an amendment to their trademark application to allege "actual use" as early as March 25, 2017. Dkt. # 1 at ¶ 19.

Shortly after the '191 Patent issued, Defendants filed a notice of infringement with

---

2009); *Nat'l Propane Gas Ass'n v. U.S. Dep't of Homeland Sec.*, 534 F. Supp. 2d 16, 19 (D.D.C. 2008); *Rottman v. Penn. Interscholastic Athletic Ass'n, Inc.*, 349 F. Supp. 2d 922, 928 (W.D. Pa. 2004).

ORDER - 2

Amazon, alleging that Plaintiff's HEAR earwax removal product infringed on the '191 patent. Dkt. # 2 at 5-6.  On June 10, 2020, Amazon informed Plaintiff that it was delisting Plaintiff's product in response to the infringement notice. Dkt. # 3, Ex. D. Despite requests from Plaintiff, Amazon refuses to reinstate the HEAR earwax removal product for sale until Defendants withdraw the infringement notice, and Defendants refuse to do so.  Dkt. # 3 at ¶¶ 14-20.

As a result, Plaintiff filed this action, along with an application for a temporary restraining order and preliminary injunction.  Dkt. ## 1, 2.  Plaintiff alleges that Defendants' patent is unenforceable because they failed to disclose Plaintiff's prior art during the patent prosecution process.  Plaintiff seeks an order requiring Defendants to immediately withdraw the infringement notice related to Plaintiff's HEAR earwax product. Dkt. # 2.  Plaintiff also asks the Court to order Defendants to show cause why a preliminary injunction should not issue.  *Id.*  Plaintiff represents that a copy of this motion and the complaint was sent to Defendants, but Defendants have not filed an appearance or otherwise responded to the motion.[2]

## II.   LEGAL STANDARD

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered.  *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).  By contrast, the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held.  *Granny Goose Foods, Inc. v.*

---

[2] On July 2, 2020, the Court held a telephonic status conference on this matter. Defendant Ackerman represented that he is in the process of obtaining counsel to represent him in this action. Dkt. # 11.

ORDER - 3

*Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City*, 415 U.S. 423, 439 (1974).

Temporary restraining orders ("TRO") are governed by the same standard applicable to preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.* 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). To obtain a TRO, plaintiffs must show that they are (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a TRO. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

### III.   DISCUSSION

Plaintiff argues that it "will not survive" if its ability to sell its product on Amazon is not "immediately restored." Dkt. # 3 at ¶ 6. In addition to lost sales, Plaintiff alleges that it is suffering irreparable harm to its market share, reputation, and goodwill. Dkt. # 3 at ¶¶ 2-6. According to Plaintiff, if a TRO is not granted it may be "put out of the business" or excluded from the market "dominated" by Defendants. Dkt. # 2 at 11. Based on this record, Plaintiff fails to show immediate irreparable harm sufficient to warrant a temporary restraining order.

First, any damages resulting from lost profits are purely financial and do not support a finding of irreparable harm. *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). Second, while the Ninth Circuit has recognized harm to reputation or

ORDER - 4

loss of goodwill as a basis for irreparable harm, Plaintiff's speculation that its reputation and market share *may* be damaged if a TRO is not immediately issued does not justify ex parte relief.

Plaintiff's delay in seeking a TRO further undermines its claim of immediate irreparable harm. Here, Plaintiff admits that it was notified on June 10, 2020, that its product was being delisted from the Amazon.com marketplace. Still, Plaintiff did not file this <u>emergency</u> motion for a temporary restraining order until three weeks later. *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (holding that a delay in seeking a injunctive relief is a factor to be considered in weighing the propriety of relief); *Dahl v. Swift Distrib., Inc.*, 2010 WL 1458957, at *4 (C.D. Cal. 2010) (finding that an 18-day delay in filing TRO application "implie[d] a lack of urgency and irreparable harm").

"The purpose of . . . ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Unlike regularly noticed motions, "ex parte motions are inherently unfair and [] pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." *Id*. at 490. Thus, to justify ex parte relief, a party must provide evidence showing that "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id*. at 492. Plaintiff has not convinced the Court that it should deviate from a regular, noticed briefing schedule.

### IV. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's application for a temporary restraining order but **GRANTS** the order to show cause regarding issuance of a preliminary injunction. Dkt. # 2. Plaintiff is **ORDERED** to serve copies of this Order to

ORDER - 5

1  Defendants. Defendants may file a response to the order to show cause by July 13, 2020
2  and Plaintiff may file a reply by July 20, 2020.

4      DATED this 2nd day of July, 2020.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

_____

ORDER - 6