1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUDIO 010, INC. d/b/a EQUADOSE,

    Plaintiff,

  v.

DIGITAL CASHFLOW LLC d/b/a HEAR
CLEARLY; and CHRISTOPHER
ACKERMAN, an individual,

    Defendants.

NO. 2:20-cv-01018-RAJ

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1)
AND 12(b)(6)**

**NOTED ON MOTION CALENDAR:
September 11, 2020**

***ORAL ARGUMENT REQUESTED***

16

17

18

19

20

21

  Defendants Digital Cashflow, LLC d/b/a Hear Clearly's ("Hear Clearly") and Christopher Ackerman (collectively, "Defendants") move to dismiss Plaintiff Studio 101, Inc. d/b/a Equadose's ("Equadose") Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and to dismiss the claims against Defendant Christopher Ackerman pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against him individually.

22

### I.  <u>INTRODUCTION</u>

23

24

25

  Plaintiff's Complaint does not present a plausible claim of patent noninfringement based on the "current design" of Plaintiff's ear washing product.  Not only does it fail to identify a single element of any claim that is absent from its product, it fails to even identify which of the

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 1
(2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1   19 claims of the '191 patent, which are directed to various methods and apparatuses, are at issue.

2   Not a single claim of the '191 patent is called out in the Complaint.

3   Plaintiff's invalidity (and related contentions) based on its "current design," or any other

4   design, contain a similar flaw.  The Complaint makes no showing that each element of any claim

5   of the '191 patent is present in Plaintiff's product, as it existed on or before June 11, 2018, which

6   would be required to show invalidity of that claim or to satisfy the "but for" requirement of

7   unenforceability.  No specific claim is called out as invalid.  If Plaintiff made a plausible showing

8   that claim elements are absent from its products for noninfringement, then there would not be

9   any plausible claim of invalidity of relating to that same claim.  In other words, by eschewing an

10  element-by-element comparison of the accused device to the limitations of the claims, the

11  Complaint fails to place Defendants on notice of whether the ***actual*** dispute is one of

12  infringement or of invalidity or place Defendants on notice of the specific claims and claim

13  elements Plaintiff wishes to dispute.

14  Moreover, if the dispute involves validity based on the "current design," then the

15  Complaint has another flaw—it does not contain a plausible contention that the "current design"

16  predates the '191 patent.  As pleaded, the critical date for the Complaint's contentions is June

17  12, 2018, one year prior to the June 12, 2019, filing date for the '191 patent.  The Complaint's

18  pleading of "Summer of 2018" is not a plausible allegation to demonstrate Plaintiff's activities

19  concerning its "current design" prior to June 12, 2018, to support invalidity. Nor is there a

20  plausible allegation for Defendants' knowledge of Plaintiff's activities prior to June 12, 2018,

21  necessary to support Plaintiff's contentions remaining Counts.

22  Given these deficiencies, Plaintiff's Counts I-VIII, which are pleaded in a "shotgun"

23  fashion, fail.  Each of Plaintiff's invalidity and improper conduct contentions rely on its "current

24  product" theories and fail to state a claim on patent Counts I and II, and the shotgun pleading of

25  Plaintiff's other state law contentions (Claims III-VI) and unfair competition (Claim VII) also

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 2
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1   fail.  Regarding Claim VIII, Plaintiff's merely sets forth a number of legal conclusions again

2   without tying those conclusions to specific alleged facts.  Plaintiff's Complaint should be

3   dismissed.

4       Additionally, Plaintiff has not established that the corporate veil of Defendant Ackerman

5   should be pierced to make him, rather than his corporation, a proper defendant for each Count.

6                          **II.   OVERVIEW**

7       The Complaint in the instant case, filed on June 30, 2020, includes eight enumerated

8   causes of action: 1) Declaratory Judgment of Invalidity of the '191 Patent; 2) Declaratory

9   Judgment of Non-Infringement of the '191 Patent; 3) Tortious Interference with Existing

10  Contract; 4) Commercial Disparagement; 5) Deceit and Negligent Misrepresentation; 6) Unfair

11  Competition (RCW 19.86.020 *et seq*); 7) Unfair Competition Under the Lanham Act, Section

12  43(A); and 8) Infringement of Registered US Trademark.

13      Fed. R. Civ. P. 8 and the *Iqbal/Twombly* plausibility pleading requirement set forth by

14  the Supreme Court of the United States *in Bell Atlantic Corporation v. Twombly*, 550 U.S. 544,

15  127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

16  173 L.Ed.2d 868 (2009) requires a plaintiff to allege "enough facts to state a claim of relief that

17  is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

18      Accordingly, Equadose must allege sufficient facts to show that each element is

19  plausible, including each element of the state law causes of action, i.e. Tortious Interference with

20  Existing Contract, Commercial Disparagement, Deceit and Negligent Misrepresentation, and

21  Unfair Competition (RCW 19.86.020).  In particular, the state law causes of action must each be

22  include elements Washington state statutes but pleaded to meet *Iqbal* standards as Equadose has

23  elected to pursue these state claims in a federal forum, be pleaded in a manner that satisfies the

24  *Iqbal/Twombly* standard for pleadings for claims entrusted to federal jurisdiction.  Moreover,

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 3
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1  Equadose must show a plausible basis for establishing that the state law claims are not preempted

2  by federal patent law.

3    Central to Equadose's patent-based causes of action, is the assertion that the '191 Patent

4  is invalid, and that the Equadose device does not infringe of the '191 Patent. Equadose must first

5  demonstrate that the two declaratory judgment matters are appropriately before the Court based

6  upon a real case or controversy, in order for the Court to then extend its limited jurisdiction to

7  hear the state law claims in this forum. As shown below, Equadose fails to meet the

8  *Iqbal/Twombly* standard for factual pleading for the two declaratory judgment counts such that

9  the Court cannot entertain the remaining claims. All of the patent-based claims must, then, be

10  dismissed.

11    The claims against Defendant Christopher Ackerman individually must also be dismissed

12  because Equadose has not alleged sufficient facts to plausibly show it can pierce Defendant

13  Digital Cashflow, LLC's corporate veil such that the claims asserted against Defendant

14  Christopher Ackerman in his individual capacity are accurate.

## III. <u>AUTHORITY</u>

16    A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed

17  only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

18  which would entitle him to relief." *Conley v. Gibso*n, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d

19  80 (1957); *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 338 (9th Cir.1996). "In order to satisfy

20  the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint

21  must contain sufficient factual matter to state a claim to relief that is plausible on its face" *Id. at*

22  *13 (*citing Iqbal*, 556 U.S. at 678) (*citing Twombly*, 550 U.S. at 570). "Threadbare recitals of

23  the elements of a cause of action, supported by merely conclusory statements, do not suffice."

24  *Id*. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual

25  allegations as true and draw all reasonable inferences in plaintiff's favor. *Id. at* *12. "However,

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 4
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1    this requirement does not apply to legal conclusions, bare assertions or conclusory allegations."

2    *Id*. (*citing Iqbal*, 556 U.S. at 678, 681.) (*citing Twombly*, 550 U.S. at 555.) "A complaint that

3    'tenders naked assertions devoid of further factual enhancements'" will not survive a motion to

4    dismiss under Rule 12(b)(6). *Id*. at 14 (*citing Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S.

5    at 557 (internal quotation marks omitted) (brackets omitted))). "Non-conclusory 'factual

6    content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

7    entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009)

8    (citation omitted). Either the "lack of a cognizable legal theory" or the "absence of sufficient

9    facts alleged under a cognizable legal theory" can result in dismissal. *Balistreri v. Pacifica Police*

10   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11           Defendant Digital Cashflow, LLC is New Jersey limited liability company of which

12   Defendant Christopher Ackerman is the owner.  "Under New Jersey law, a plaintiff must show

13   the following to pierce the corporate veil: '(1) one corporation is organized and operated as to

14   make it a mere instrumentality of another corporation, and (2) the dominant corporation is using

15   the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the

16   law." *Creditors Relief LLC v. United Debt Settlement LLC*, 2019 WL 7288978, at \*4 (D.N.J.,

17   2019) (citing *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d

18   164, 171 (3d Cir. 2002)). "The relevant factors in determining whether the first element is

19   satisfied include (1) gross undercapitalization; (2) failure to observe corporate formalities; (3)

20   non-payment of dividends; (4) the insolvency of the debtor corporation; (5) non-functioning of

21   other officers or directors; (6) absence of corporate records; and (7) the fact that the corporation

22   is merely a facade for the operations of the dominant stockholder or stockholders.  *Id*. (citing

23   *Teamsters*, 296 F.3d at 172).

24

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 5
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1

## IV.   ARGUMENT

2      As an initial matter, it should be recognized that each of the Counts, termed "Claims" by

3  Plaintiff, in the Complaint merely recants legal conclusions concerning the legal elements of the

4  count, without clearly linking those allegations to the recitations set forth earlier in the

5  Complaint.  Thus, they reflect a disfavored "shotgun pleading" format.  *See Smart Modular*

6  *Tech., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319, Order at 10 (E.D. Cal. July 13, 2017) ("A pleading

7  is considered a shotgun pleading when a party pleads multiple claims and does not identify which

8  specific facts are allocated to which claim.") (citing *In re Mortgages Ltd.*, No. 2013 WL

9  1336830, at *12 (Bankr. D. Ariz. March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284

10 (11th Cir. 2001)).

11  **A.      Count II of the Complaint should be dismissed for failure to state a claim upon**

12  **which relief can be granted because the Complaint fails to allege facts from which one could plausibly infer that Equadose does not infringe the '191 patent.**

13      Defendants will first address Count II of the Complaint before turning to the remainder

14 of the Counts.  The *Iqbal/Twombly* standard applies to Count II. To survive a motion to dismiss,

15 Equadose's Complaint must allege enough facts to state a claim for a declaration of

16 noninfringement that is plausible on its face. *Twombly*, 550 U.S. at 570. Equadose must plead

17 sufficient facts that show something "more than a sheer possibility that a defendant has acted

18 unlawfully." *Iqbal*, 129 S. Ct. at 1949. It must plead "factual content that allows the court to

19 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at*

20 1949. The "[f]actual allegations must be enough to raise a right to relief above the speculative

21 level[.]" Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action,

22 supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

23      Here, Equadose's Complaint does not allege sufficient facts to state a claim for relief in

24 the form of a declaratory judgment of noninfringement that is plausible on its face because the

25 Complaint does not allege facts showing that the "current design" Equadose product sold in

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 6
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1  "Summer of 2018" actually has any product features that distinguish it from the claim elements

2  of the '191 Patent such that '191 patent does not read on the Equadose product features.

3  "In the patent context, it is not enough to "[m]erely nam[e] a product and provid[e] a

4  conclusory statement that it infringes a patent." *Intellicheck Mobilisa, Inc. v. Honeywell*

5  *International Inc.*, 2017 WL 5634131, at *6 (W.D. Wash., 2017) (citing *Incom Corp. v. Walt*

6  *Disney Co.*, 2016 WL 4942032, at *3 (C.D. Cal.). "Sufficient allegations would include, at a

7  minimum, a brief description of what the patent at issue does, and an allegation that certain

8  named and specifically identified products or product components also do what the patent does,

9  thereby raising a plausible claim that the named products are infringing" *Id.* (citing *Bender v. LG*

10  *Elecs. U.S.A., Inc.*, 2010 WL 889541, at *6 (N.D. Cal.). "Such allegations would 'provide

11  enough specificity for the defendant to formulate a response' and 'permit the [c]ourt to 'draw the

12  reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*,

13  556 U.S. at 678).

14  While this is a declaratory judgment of noninfringement rather than a claim of patent

15  infringement, the same standard applies. *See Minka Lighting, Inc. v. Vaxcel Int'l Co.*, No. 5:18-

16  cv-00947-GW-SHK, Dkt. 38, Order at 2-4 (C.D. Cal. Oct. 18, 2018) (finding declaratory

17  judgment plaintiff "Minka does not identify any exemplary limitations from the claims of the

18  '481 Patent, let alone explain that those limitations are not met by its one or more products at

19  issue. The Court agrees … that the Declaratory Judgment Complaint's and the counterclaim's

20  boilerplate assertion that Minka does not infringe the claims of the '481 Patent is insufficient to

21  meet Rule 8's pleading requirements.").[1]  Here, the Complaint does not recite any '191 Patent

22  claim language or identify any claim at all, rendering it unclear whether all claims of the '191

23  patent, or a subset of the claims, are at issue.  While the "current version" of Equadose HEAR

24  product is identified, it does not set forth facts showing that "those limitations are not met" by

25

---

[1] *See* Declaration of Mark Lawrence Lorbiecki ("Lorbiecki Decl."), Ex. A.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 7
(2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    its product to establish noninfringement.  The Complaint does not map any product features to

2    claim limitations.  It does not, therefore, state a claim for noninfringement.  Count II should be

3    dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

4    **B.**    **Count I of the Complaint should be dismissed for failure to state a claim upon
            which relief can be granted because the Complaint fails to allege facts from which
5            one could plausibly infer that the Hear Clearly patent is invalid.**

6            Similarly, Count I, seeking declarations that the '191 patent is invalid, must be dismissed

7    because it is not adequately pleaded. Count I seeks a declaration that all claims of the '191 patent

8    are invalid but no claim of the '191 patent is called-out in the Complaint. Compl. ¶¶ 2, 11, 33,

9    40, 41, 43, 61, & Prayer for Relief ¶ 3. The count recites that the '191 patent is invalid under "at

10   least one of 35 U.S.C. §§ 101, 102, 103 and 112" and further recites merely the boilerplate legal

11   assertion that the claims of the '191 are invalid without any discussion of how the elements of

12   the alleged prior art product reads on any claim limitations of the '191 patent.

13           Invalidity allegations without specific references to claimed elements existing in the prior

14   art are insufficient to withstand a motion to dismiss. *See J & K IP Assets, LLC v. Armaspec, Inc.*,

15   No. 3:17-cv-07308-WHO, 2018 WL 3428757, at *2 (N.D. Cal. July 16, 2018); *PageMelding,*

16   *Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012);

17   *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *6–7 (N.D.

18   Cal. July 27, 2011).

19           In these cases, the declaratory-judgment plaintiffs simply recited various sections of the

20   patent statutes and then asserted invalidity as a conclusion, without more. In no case did the

21   plaintiff what elements of the claims anticipate those of the issued patent. *Cf. J & K IP Assets*,

22   2018 WL 3428757, at *2 (noting that "[counterclaim plaintiff] asserts counterclaims for

23   declaratory judgment that the '424 patent is invalid as anticipated under 35 U.S.C. § 102 and

24   obvious under 35 U.S.C. § 103, but it fails to include any allegations identifying prior art or

25   explaining how that art anticipates or renders obvious any particular claims of the '424 patent");

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 8
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1   *PageMelding*, 2012 WL 3877686, at *3 (noting that counterclaim plaintiff alleged only that
2   "[o]ne or more claims of the '577 patent are invalid for failing to comply with one or more of
3   the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including,
4   but not limited to, §§ 101, 102, 103, and/or 112," without more); *Xilinx*, 2011 WL 3206686, at
5   *6 (noting that declaratory-judgment plaintiff "alleg[es] only that the patents fail 'to comply with
6   one or more of the requirements of the patent laws of the United States, including, without
7   limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112,' " without more).

8        There are no shortcuts to proving anticipation based on a prior art reference. Contrary to
9   what Equadose has argued in paragraphs 1, 8, 21, 23, 25, which essentially ask the court to find
10  all claims of the '191 patent invalid simply because its product was accused of infringement
11  instead of what it is necessary, an element-by-element of comparison of each claim to the alleged
12  prior art reference. For example, *Zenith Electronics Corp v. PDI Communication Systems, Inc*.,
13  522 F.3d 1348, 1363 (Fed. Cir. 2008) held that "anticipation cannot be proved by merely
14  establishing that one 'practices the prior art.'" The Court explained that "mere proof that the
15  prior art is identical, in all material respects, to an allegedly infringing product cannot constitute
16  clear and convincing evidence of invalidity," *id*. at 24, and noted that anticipation requires a
17  showing that each element of the claim at issue, properly construed, is found in a single prior art
18  reference. Here, Equadose has made no such factual pleading.

19       Moreover, Equadose has not adequately pleaded that its "current design" predates the
20  relevant date for the '191 patent under 35 U.S.C. § 102(a)(1). The Complaint relies on 35 U.S.C.
21  § 102(a)(1) (Complaint, ¶ 11) and contends that "current design [has been] on sale since Summer
22  of 2018" (Complaint, ¶¶ 1, 10). The Complaint does not present any plausible contentions that
23  the "1 year or less" exceptions set forth in 35 U.S.C. § 102(b)(1) are relevant. Thus, the critical
24  date for the Complaint's contentions is June 12, 2018, one year prior to the filing date for the
25  '191 patent. The Complaint, however, goes no further than reciting that its "current design" has

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 9
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1   been "on sale since Summer of 2018." Complaint, ¶ 1. "Summer of 2018" is not a plausible

2   allegation to demonstrate Plaintiff's activities concerning its "current design" prior to June 12,

3   2018, to support invalidity, or to support a plausible allegation of Defendants' knowledge of

4   Plaintiff's activities prior to June 12, 2018, to support Plaintiff's other patent-based claims.

5          Thus, the boilerplate recitations of legal conclusions about sections 101, 102, 103, and

6   112 of the Patent Act simply do not suffice to state a claim that the Court should declare that

7   patent claims are invalid. *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273

8   (N.D. Cal. 2017) (under *Iqbal/Twombly*, the complaint must "set forth factual allegations . . .

9   showing why the asserted patent is invalid"); *BesTop Inc. v. Webasto Thermo & Comfort N. Am.,*

10  *Inc.,* No. 19-CV-10250, 2019 WL 2600954, at *3 (E.D. Mich. June 25, 2019) ("No one is asking

11  defendants to 'plead each and every legal theory of invalidity for each of five patents,' but to

12  plead sufficient facts in support of their claims, as the law requires."). But, because the Complaint

13  offers no factual allegations about invalidity that are focused on the language of a single claim,

14  or set of claims, of the '191 patent, or any element of those claims, it fails plausibly to allege that

15  any claim of the '191 patent is invalid. Count I should therefore be dismissed pursuant to Fed.

16  R. Civ. P. 12(b)(6).

17  **C.    Counts III-VII of the Complaint should be dismissed for failure to state a claim**
18       **upon which relief can be granted because they depend on Equadose's failed**
     **allegations of noninfringement and invalidity.**

19         "[A] patentee must be allowed to make its rights known to a potential infringer so that

20  the latter can determine whether to cease its allegedly infringing activities, negotiate a license if

21  one is offered, or decide to run the risk of liability and/or the imposition of an injunction."

22  *Globetrotter Software, Inc. v Elan Computer Group, Inc.*, 362 F.3d 1367, 1374-75 (Fed. Cir.

23  2004) (*quoting Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997)).

24         "Federal Circuit law governs whether federal patent law preempts a state law claim."

25  *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005). "A state

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 10
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

law claim is preempted if it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (citations omitted). As the Federal Circuit instructed:

> [t]o determine whether these state law torts are in conflict with federal patent law and accordingly preempted, we assess a Defendant's allegedly tortious conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law. Conversely, if the conduct is not so protected or governed, then the remedy is not preempted. This approach, which considers whether a state law tort, 'as-applied,' conflicts with federal patent law, is consistent with that employed by the Supreme Court in cases involving preemption of state unfair competition law.

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) (*overruled on other grounds by Midwest Ind. Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1360-61 (Fed. Cir. 1999) (*en banc in part*)). A patent is presumed valid. 35 U.S. Code § 282.

Hear Clearly's use of the '191 patent to prevent others from making, using, selling, or offering for sale is protected and/or governed by federal patent law. "[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patentholder acted in bad faith." *Hunter Douglas*, 153 F.3d at 1336.

Because the Complaint fails to adequately plead its Counts of noninfringement or invalidity, Counts III-VII, which are dependent on improper claims of infringement and validity, fail. Specifically, federal patent law preempts any state law cause of action that would impose liability for a patent holder's "good faith conduct" in asserting its patent rights. *See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374–77 (Fed. Cir. 2004); *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353–54 (Fed. Cir. 1999) (Lanham Act). To avoid conflict with patent law, Plaintiff would have to have pled that Defendants conduct was objectively and subjectively baseless, in that the patent was either "obviously invalid or plainly

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 11 (2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1  not infringed," and that the patentee knew or should have known that to be the case. *Globetrotter*

2  *Software*, 362 F.3d at 1374–75.

3       Of course, Equadose's statements that Hear Clearly's infringement allegations were

4  "wrongful and baseless" are legal conclusions and not entitled to any weight. Equadose's

5  allegation that Hear Clearly used "dishonest, unfair and improper means" is also an insufficient

6  legal conclusion, reflecting merely "[t]hreadbare recitals of the elements of a cause of action"

7  not entitled to any weight.

8       And, as noted above, the Complaint does not identify any element missing from its

9  product, nor a specific date when its own product was introduced, beyond "Summer of 2018."

10  As Plaintiff itself cannot be specific as to the date of its own introduction of its product—

11  evidence that it should have from its internal files—Plaintiff has failed to make a plausible

12  showing that Defendants—who had no access to Plaintiff's internal files—knew that date when

13  Defendants filed for the '191 patent on June 12, 2019, or when Hear Clearly later made its

14  allegation of infringement to Amazon.  For those reasons, Plaintiff has not pled sufficient facts

15  to avoid the preemption due to, or conflict with, federal patent law.

16  **D.    Count VI of the Complaint, for state law unfair competition, should also be dismissed as implausible under Washington law.**

17       Count VI alleges unfair competition under RCW 19.86.020 states "[u]nfair methods of

18  competition and unfair or deceptive acts or practices in the conduct of any trade or commerce

19  are hereby declared unlawful."

20       Even if Count VI avoided preemption and this Court had jurisdiction over it, Count VI

21  fails because Equadose has not adequately alleged a violation of RCW 19.68. RCW 19.68 states

22  clearly: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct

23  of any trade or commerce are hereby declared unlawful." The Complaint does not adequately

24  plead any of these three varieties, instead stating only the bare conclusion that Hear Clearly

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 12
(2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

violated RCW 19.68.020 *et seq.*" by engaging in an unfair or deceptive act, which was capable of and did deceive the intended audience in Washington, in trade or commerce, directly impacting the public interest in Washington." Compl. ¶ 58. That does not suffice under *Iqbal/Twombly*.

First, to prevail in a private CPA claim, the plaintiff must plead and prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986). Equadose does not identify the "unfair or deceptive act or practice" that has occurred in trade or commerce, and thus its conclusory assertion does not plausibly support an inference that Hear Clearly undertook any conduct forbidden by law.

Moreover, Amazon is a private party, and under no obligation to allow Equadose to do business on its site. Equadose has no "right" to sell on Amazon, and no "law" requires that Amazon carry particular listings on its site.

The Complaint alleges only that Hear Clearly made allegations of patent infringement to Amazon. Compl. ¶ 56. But "[s]ophisticated companies," like Amazon, are not members of the public for purposes of the "fraudulent" prong of RCW 19.86. *See Goodyear Tire,* 86 Wash.App. at 745, 935 P.2d 628. In that case, Goodyear Tire sued an independent dealer for amounts due on an open account. The dealer's counterclaim alleged that Goodyear violated the Consumer Protection Act by opening its own stores in the area and using unfair competitive tactics. First, the court held that Goodyear had committed no unfair or deceptive acts. Second, there were few indicators of public interest in what was basically a private dispute. Through his long business relationship with Goodyear, the plaintiff had the experience necessary to judge the risks involved in continuing that relationship. *Goodyear Tire*, 86 Wash.App. at 745, 935 P.2d 628. RCW 19.86, which was modeled on the federal antitrust statutes, is meant "to complement the body of federal

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 13 (2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts

2    or practices in order to protect the public and foster fair and honest competition." RCW

3    19.86.920; accord *Blewett v. Abbott Labs*., 86 Wash.App. 782, 786–87, 938 P.2d 842 (1997).

4         Here, Equadose's unfair competition claim is based solely on Hear Clearly's notice to

5    Amazon. Equadose does not allege any facts showing harm to competition, instead relying only

6    on alleged harm to Equadose, which is insufficient. In order to plead actual injury to competition,

7    an antitrust claimant must generally present evidence delineating the "relevant market" and

8    demonstrating the effects of the challenged conduct upon competition within that market. *Ballo*

9    *v. James S. Black Co., Inc.,* 39 Wash.App. 21, 26, 692 P.2d 182 (1984). The "relevant market"

10   includes both the geographic market, i.e., the area of effective competition within which buyers

11   can turn for alternative sources of supply, and the product market, which includes product use,

12   quality, and description. *Oltz v. St. Peter's Comm'ty Hosp*., 861 F.2d 1440 (9th Cir.1988). The

13   relevant product market encompasses "all products that are 'reasonably interchangeable,' and so

14   can be said to compete with each other for the same buyers' dollars ..." *General Business Sys. v.*

15   *North American Philips Corp.*, 699 F.2d 965, 972 (9th Cir.1983); *see also Thurman Indus., Inc.*

16   *v. Pay 'n Pak Stores, Inc*., 875 F.2d 1369, 1373 (9th Cir.1989); *Oltz*, at 1446 (product market is

17   "pool of goods or services" that qualify as economic substitutes because they "enjoy reasonable

18   interchangeability of use and cross-elasticity of demand.").

19        Equadose has failed to allege sufficient facts to show that: (a) Hear Clearly sufficiently

20   interfered with Equadose's business relationship with Amazon, (b) Equadose has acted for the

21   sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (c)

22   Equadose's business relationship with Amazon was damaged. Thus, Court VI should be

23   dismissed for these reasons.

24

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 14
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

**E.      Count VII, alleging a Lanham Act claim, should also be dismissed for failure to state a claim upon which relief can be granted because the claims do not concern "commercial advertising".**

Count VII fails as a matter of law because the allegations do not support a Lanham Act claim. The Lanham Act, of course, is a trademark statute. But Count VII is devoid of any allegations of customer confusion required under the Lanham Act. *PS Promotions, Inc. v. Stern*, 97 C 3742, 2000 WL 283092, at *12 (N.D. Ill. Mar. 8, 2000) ("The cornerstone of a Lanham Act claim is confusion."); *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 820 (N.D. Ill. June 13, 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017) ("because Plaintiff does not sufficiently allege that [Defendant's] actions were likely to cause confusion among consumers, Plaintiff fails to state any cognizable claim under the Lanham Act.") Instead, Equadose merely parrots the allegations of antitrust liability and allege Hear Clearly's patent enforcement efforts are actionable as false advertising. This is incorrect as a matter of law.

Count VII relies on 15 U.S.C. § 1125(a), commonly known as § 43(a) of the Lanham Act, as the statutory basis for the claim. The Count specifically alleges Hear Clearly's assertion of the '191 Patent was done in bad faith because "the '191 Patent is invalid" and enforcement of the '191 Patent was done with the specific intent to chill competition and increase revenues for Hear Clearly. The only alleged communications are those between Hear Clearly and Amazon and no advertising is alleged. Communication to Amazon is private commercial communication. Thus, the Complaint fails to establish the other claim found in 15 U.S.C. § 1125(a)—false advertising.

False advertising claims require, among other things "a false statement of fact by the defendant in a commercial advertisement about its own or another's product." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999); see also 15 U.S.C. § 1125(a)(1)(B) (requiring such statements to be "in commercial advertising or promotion."). "Advertising" is "the action of calling something to the attention of the public [especially] by paid announcements," and

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 15 (2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

"promotion" is the "furtherance of the acceptance and sale of merchandise through advertising, publicity, or discounting." *American Needle & Novelty, Inc. v. Drew Pearson Mktg., Inc.*, 820 F.Supp. 1072, 1077 (N.D. Ill. April 26, 1993).

Hear Clearly's patent enforcement was not a commercial advertisement. The Lanham Act does not recognize a claim for private statements made to a third party legal department in connection with the Amazon Program. These statements were not public facing, or advertisements, or anything that could cause customers to be confused as to the source of the goods sold by Hear or Hear Clearly. Put simply, the Lanham Act does not recognize a claim for what Equadose complains of.

**F.      Particularly as the Counts should be dismissed, the Complaint fails to establish that the Court has, or should exercise, subject matter jurisdiction for each Count.**

The party seeking to invoke a federal court's jurisdiction—here, Equadose—bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court can "look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment," and need not presume the truth of the plaintiff's allegations. *White v. Lee*, 227 F. 3d 1214, 1242 (9th Cir. 2000).

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations" between two parties. 28 U.S.C. § 2201(a). Where such a controversy exists, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Comm'n of Utah v. Wycoff Co*., 344 U.S. 237, 241 (1952). Whether to exercise jurisdiction in a given case "will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id. at* 243.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 16
(2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    The shotgun format of the Complaint alleges jurisdiction "pursuant to 28 U.S.C. §§ 1331

2  (federal question), 1332 (diversity), and 1338 (action arising under an Act of Congress relating to

3  patents, trademarks and unfair competition),"and states that the "action arises, among other things,

4  under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.),

5  Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act

6  (28 U.S.C. §§ 2201 and 2202),"  and also relies on "supplemental jurisdiction pursuant to 28 U.S.C.

7  § 1367."

8    28 U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil

9  actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs fail to

10  identify any section of the Constitution, any law or any treaty of the United States that its state

11  law claim is brought under. The relevant section of 28 U.S.C. § 1338(a) states "The district courts

12  shall have original jurisdiction of any civil action arising under any Act of Congress relating to

13  patents, plant variety protection, copyrights and trademarks." The state law Counts are not

14  related to patents, plant variety protection, copyrights or trademarks. 28 U.S.C. § 2201 entitled

15  "Creation of remedy" does not vest the district courts with subject matter jurisdiction over state

16  law claims. 28 U.S.C. § 2202 entitled "Further relief" states "[f]urther necessary or proper relief

17  based on declaratory judgment or decree may be granted, after reasonable notice and hearing,

18  against any adverse party whose rights have been determined by such judgment." 28 U.S.C.

19  § 2202 does not vest the district courts with subject matter jurisdiction over state law claims.

20    Accordingly, Plaintiff's theories for jurisdiction are not spelled out, particularly for each

21  Count and for each Defendant within that Count.  Moreover, as noted above, the federal law Counts

22  should be dismissed, which should additionally serve to divest the Court of supplemental jurisdiction

23  of the state law Counts.  Under these circumstances, the Court should decline to exercise jurisdiction.

24

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) - 17
(2:20-cv-01018-RAJ )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7133497.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**G.      The Complaint should be dismissed as against Defendant Christopher Ackerman for failure to state a claim.**

After alleging "alter ego" status (but alleging no facts to properly establish alter ego), Equadose simply refers to Digital Cashflow LLC and Christopher Ackerman collectively as "Defendants" or "Digital Cashflow."   Complaint, ¶ 7. Consequently, none of the Counts differentiate between Defendants.   This approach particularly fails to state claims against Defendant Ackerman in his personal capacity, rather than in his capacity as carrying on the business of a closely-held company.   Accordingly, Counts I-VIII should be dismissed against Defendant Ackerman.

Moreover, the Complaint does not allege sufficient facts to state a claim for relief from Defendant Christopher Ackerman individually that is plausible on its face because the Complaint does not allege facts sufficient to pierce the corporate veil to make him personally liable for the actions of Defendant Digital Cashflow, LLC, a New Jersey limited liability company.

"Under New Jersey law, a plaintiff must show the following to pierce the corporate veil: '(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Creditors Relief LLC v. United Debt Settlement LLC*, 2019 WL 7288978, at *4 (D.N.J., 2019) (citing *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002)). "The relevant factors in determining whether the first element is satisfied include (1) gross undercapitalization; (2) failure to observe corporate formalities; (3) non-payment of dividends; (4) the insolvency of the debtor corporation; (5) non-functioning of other officers or directors; (6) absence of corporate records; and (7) the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.  *Id*. (citing *Teamsters*, 296 F.3d at 172).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 18
(2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

In *Wrist Worldwide Trading GMBH v. MV Auto Banner*, 2011 WL 5414307 (D.N.J. 2011), the Court found that "Plaintiff recites the relevant *Teamster* factors but does not provide factual underpinnings to appropriately support its alter ego allegations" (*id.* at 2011 WL 5414307, *5) and concluded that "Plaintiff's parroting of the alter ego factors alone is insufficient to satisfy the required pleading standards. Plaintiff's Proposed Alter Ego Allegation would not withstand a motion to dismiss …." (*id.* at 2011 WL 5414307, *6).

Here, Equadose does not recite or address any of the *Teamsters* factors other than (arguably) "dominant stockholder" and merely makes threadbare allegations that "Ackerman … exercises dominion and control over Digital Cashflow," that "both Ackerman and Digital Cashflow share the same address … in a residential neighborhood," that "Ackerman's home is the principal place of business for Defendant[] Digital Cashflow." Complaint ¶ 7.

Because the Complaint does not provide factual underpinnings to appropriately support Equadose's alter ego allegations, it should be dismissed as against Defendant Christopher Ackerman pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against him individually.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and to dismiss the claims against Defendant Christopher Ackerman pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against him individually, and dismiss the Complaint in its entirety.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) - 19 (2:20-cv-01018-RAJ )

7133497.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1    DATED this 20th day of August, 2020.

2

3                                              *s/ Mark Lawrence Lorbiecki*
                                              Mark Lawrence Lorbiecki, WSBA # 16796
4    **WILLIAMS, KASTNER & GIBBS PLLC**
                                              601 Union Street, Suite 4100
5    Seattle, WA 98101-2380
                                              Tel:    (206) 628-6600
6    Fax:    (206) 628-6611
                                              Email: mlorbiecki@williamkastner.com

7

8    James Thomas Wilson (*pro hac vice*)
                                              **DAVIDSON, BERQUIST, JACKSON &**
9    **GOWDEY, LLP**
                                              8300 Greensboro Drive, Suite 500
10   McLean, VA 22102
                                              Tel:    (571) 765-7700
11   Email: jwilson@dbjg.com

12
                                              ***Attorneys for Defendants***
13   ***Digital Cashflow, LLC d/b/a Hear Clearly and***
                                              ***Christopher Ackerman***

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.          **Williams, Kastner & Gibbs PLLC**
CIV. P. 12(b)(1) AND 12(b)(6) - 20                        601 Union Street, Suite 4100
(2:20-cv-01018-RAJ )                                     Seattle, WA 98101-2380
                                                          (206) 628-6600

7133497.4

1

## <u>CERTIFICATE OF SERVICE</u>

2

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

3

the CM/ECF system, which will send electronic notification of such filing to all CM/ECF

4

participants.

5

     DATED this 20th day of August, 2020.

6

7

                                *s/ Mark Lawrence Lorbiecki*
                                Mark Lawrence Lorbiecki, WSBA # 16796

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600