THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUDIO 010, INC. dba EQUADOSE,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL CASHFLOW LLC dba HEAR CLEARLY; and CHRISTOPHER ACKERMAN,<br><br>Defendants. | No. 2:20-cv-01018-RAJ<br><br>JOINT STATUS REPORT |

Plaintiff, STUDIO 010, INC. dba EQUADOSE ("Equadose"), and Defendants DIGITAL CASHFLOW LLC dba HEAR CLEARLY ("Digital Cashflow" or "Hear Clearly") and CHRISTOPHER ACKERMAN, by undersigned counsel submit the following Joint Status Report and Discovery Plan, pursuant to the Order Regarding FRCP 26(f) Conference, Initial Disclosures and Joint Status Report (Dk 30), FRCP 26(f) and LCR 26(f).

1. <u>Statement on the Nature and Complexity of the Case</u>

The Parties do not believe the technology at issue is particularly complex or that the case presents any unusual complications.


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

**Plaintiff's statement:**

Plaintiff asserts that the fact pattern and legal issues in this case are straightforward and likely amenable to summary judgement, at least in part and based upon the claims asserted in the Complaint. Plaintiff does not yet know what issues and allegations Defendants will raise in their Answer, nor whether Defendants intend to assert any counterclaims.

Plaintiff's claims arise primarily from Defendants' fraudulent conduct before the USPTO in pursuing the '191 Patent and their HEAR CLEARLY trademark registration, and their subsequent enforcement activities based upon those fraudulently obtained patent and trademark registrations. Plaintiff was making, using and selling its accused products prior to the '191 Patent filing date and so invalidate Defendants' patent rights. Defendants were aware of Plaintiff's pre-'191 Patent products but did not disclose these invalidating products to the USPTO patent examiner in spite of their affirmative Duty of Disclosure. Defendant Ackerman filed declarations with the USPTO, in the course of prosecuting the HEAR CLEARLY trademark application, stating that Defendants' patented product had been sold in commerce in the U.S. since at least April 2017, more than two years prior to the '191 Patent filing date, which would have barred him from even pursuing the subsequently filed '191 Patent application. Defendants' defense to their own invalidating conduct is that Mr. Ackerman lied to the USPTO in the trademark application, and also lied to Plaintiff in order to induce Plaintiff to drop a prior trademark dispute.

The allegations and evidence of fraudulent conduct, and the resulting damages, are relatively straight forward. Additionally, the technology involved in the '191 Patent is simple and will not require tutorials or substantial explanatory evidence or briefing, being a spray bottle with some tubing connected to it.

JOINT STATUS REPORT
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001

Page 2

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

**Defendants' statement**:

Defendant Hear Clearly informed Amazon that certain listings on the Amazon.com website for the current version of Plaintiff's product infringed at least one claim of Hear Clearly's U.S. Patent No. 10,525,191, which was invented by Defendant Ackerman. Amazon initially removed those listings from the Amazon.com website, and Plaintiff filed the current Complaint in response. Thereafter, Amazon relisted those listings pending resolution of this lawsuit.

While the technology of this case is not particularly complex, Plaintiff's Complaint attempts to present a complicated array of charges, including patent noninfringement, patent invalidity, various state law claims, a federal unfair competition claim, and an affirmative claim of federal trademark infringement based on a registered trademark of Plaintiff. Further complicating the case, Plaintiff makes allegations against Defendant Hear Clearly, a corporation, and Defendant Ackerman, an individual. Due to the complex array of contentions, a trial by jury may be necessary.

Defendants have not yet filed an Answer but have filed a Motion to Dismiss under FRCP 12(b)(1) and 12(b)(6). After resolution of Defendants' Motion to Dismiss, if the case is not entirely dismissed and Defendants are required to file an Answer, patent infringement counterclaims against Plaintiff would be compulsory, should Defendant Hear Clearly, the assignee of the '191 patent, choose to assert them.

2. <u>Proposed Deadline for Joining Additional Parties</u>

The Parties agreed to two weeks after Defendants file an Answer, Affirmative Defenses and Counterclaims (if applicable), as the deadline for filing any motion to join additional parties. This will provide opportunity for initial discovery to determine

JOINT STATUS REPORT
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001

Page 3

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

appropriateness (or lack thereof) of joining additional parties.  The proposed schedule, below, reflects this.

3. <u>Referral to Magistrate Judge.</u>

The Parties do not agree to referral to a Magistrate Judge.

RESULTS OF THE FRCP 26(f) CONFERENCE

The Parties held a telephonic conference on August 19, 2020, and additional discussions via email correspondence.  The results are presented below.

4. <u>Proposed Discovery Plan</u>

   a. <u>Initial Disclosure Dates</u>

   Initial Disclosures were exchanged by September 2, 2020.

   b. <u>Subjects, timing, and potential phasing of Discovery.</u>

   The Parties agree there is no need to conduct discovery in phases. The Parties do not anticipate phasing motions at this time, beyond the Local Rules for Patent Cases.  The Parties include alternatives for a proposed detailed pre-trial schedule herewith.

   **Plaintiff**:

   Plaintiff will be seeking discovery, among other relevant topics, related to: Defendants' allegations of infringement of the '191 Patent; Defendants' claimed conception/invention and product development timelines; preparation and prosecution of the '191 Patent's application; Defendants' advertising and sales history; Defendants' trademark prosecutions; Defendants' enforcement activities against other parties; Defendants' knowledge (including knowledge of their attorneys and agents) of alleged prior art and public uses prior to and during prosecution of the '191 Patent, and following the '191 Patent's issue;

JOINT STATUS REPORT                                     Page 4
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

Defendants' intent in making certain statements and/or declarations to Plaintiff, the USPTO, third parties and the public related to its alleged intellectual property rights and the bases therefore; Defendants' allegations of trademark infringement against Plaintiff.

**Defendants**:

Defendants are not aware of issues that might make the discovery process any more complex than might occur in any patent or trademark case. Because the accused device is a mechanical one and relatively simple in its complexity, Defendants envision no particular discovery issues being presented. Defendants may seek measures to lessen any burden on third parties, particularly Amazon.com.

**Claim Construction:**

Regarding claim construction, the Parties do not anticipate a need for live witness or expert testimony at a claim constructing hearing. Plaintiff does not anticipate, at this time based upon the current claims in the lawsuit, need for any expert evidence or reports for claim construction although this may change depending on Defendants' Answer and Counterclaims (if applicable). Defendants believe that any presentation of evidence, including expert opinion, can be provided using declarations but has not determined whether any particular form of evidence will be introduced at a claim construction hearing.

c. <u>Electronically Stored Information.</u>

The Parties are conferring in an effort to determine whether they can stipulate to a modified version of the Model Agreement on ESI.

**Plaintiff**:

Plaintiff's counsel will provide an initial draft of a modified version of the Model Agreement on ESI and will work with Defendants' counsel to create workable procedures.

JOINT STATUS REPORT
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001

Page 5


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

Plaintiff does not believe, at this time, that this case will involve unusually large volumes of documents or ESI. However, Plaintiff believes that metadata associated with many electronic files will be crucial and must be preserved and included in all ESI production.

In addition, Plaintiff believes it is likely that text and phone records of Defendants, including Digital Cashflow's owners and officers, will be relevant and subject to discovery requests.

Plaintiff requests electronic documents be produced in native format, and that production of imaged and original pdf documents be delivered in TIFF format including load files for Nextpoint® software, in order to preserve metadata. For document production where this is not feasible, Plaintiff requests OCR-readable pdf format files segregated by individual document with metadata.

**Defendants**:

Defendant will work to negotiate and resolve a stipulated ESI agreement generally similar in terms to the model agreement.

d. <u>Preservation of Discoverable Information.</u>

The Parties acknowledged their respective obligations, and do not anticipate requirements for any unique or special procedures.

e. <u>Location and Control of Electronically Stored Evidence.</u>

The Parties have reviewed and do understand how their respective client's data and ESI are stored and retrieved and foresee no particular issues that require addressing at this time.

f. <u>Serving Discovery Requests.</u>

The Parties agreed that, in the event of receipt problems by email, there will be


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

leniency in agreeing extensions to response dates.

**Plaintiff:**

Plaintiff agrees that discovery requests may be served by email (with Read Receipt Requested or other means of affirmative confirmation of receipt) with electronic copies of requests in both PDF and MS Word format, with copy by USPS First Class Mail. Plaintiff's counsel explained that its firm has had problems with reliability of email service in the past.

**Defendants**:

Defendants request service of discovery requests and responses solely by email and does not agree to serve physical copies of discovery requests (particularly in the current environment where attorneys and staff are more routinely working from home offices).

g. Privilege Issues.

**Plaintiff**:

Plaintiff intends to pursue discovery related to: (1) the '191 Patent prosecution and maintenance, including communications between Ackerman and patent counsel relating to duties to disclose prior art and inventor's disclosures and sales, and any related patent applications; (2) enforcement activities related to the '191 Patent and any related patent applications; (3) the prosecution and maintenance of Defendants' U.S. trademark registration 5,567,221 (HEAR CLEARLY), including communications between Defendants and counsel related to allegations of use in commerce of the mark; (4) enforcement activities related to the HEAR CLEARLY mark.

Plaintiff anticipates that Defendants may object to some of these requests on the bases of attorney-client privilege and/or work product privilege. Plaintiff intends to seek early



resolution of such disputes promptly rather than leaving such disputes to the end of the Discovery Period.

**Defendants**:

Defendants do not surrender the privilege of relative to communications between client and counsel and anticipate the necessity of resolving claims of privilege relative to specific logged communications.  Given Plaintiff's indication that it will seek privileged materials, Defendant's respectfully submit that Alternative 2 in Section E of the Model Agreement re: Discovery of Electronically Stored Information is more appropriate for this case.  Specifically, Defendants submit that Privilege logs be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.  To minimize burdens to all parties, Defendants propose a cutoff date for logging privileged materials to be the date when Defendants first provided its notice to Amazon.com regarding Plaintiff's listings.

h.   <u>Inadvertent Disclosures</u>.   Beyond the Washington RPC and FRE 502, the anticipated stipulated protective order will address procedures for inadvertent disclosures.

i.   <u>Proposed Limitations on Discovery.</u>

The Parties agree that the default rules under the FRCP, as supplemented by any limitations defined in the Model Agreement on ESI or that may otherwise be agreed to by the Parties, are sufficient in this case. The Parties agree that they foresee no need for expanded discovery limits for Interrogatories or Depositions at this time.

j.   <u>Discovery Management</u>

The Parties agreed to work together in good faith to minimize discovery disputes. The Parties do not anticipate need for a discovery referee.



          i.    <u>Sharing Discovery</u>.  The Parties agree to produce documents and things received via third party subpoena without formal request.  The Parties will consider issuing common or joint subpoenas to third parties (e.g. Amazon.com, Inc.).

          ii.    <u>Discovery or Case Management Conferences</u>.  The Parties do not anticipate a need at this time.

          iii.    <u>Magistrate Judge assistance for settlement conference</u>.  Plaintiff does not anticipate a need at this time.  As set forth below regarding Prompt Case Resolution, Defendants respectfully submit that a neutral may be able to assist the parties reach a negotiated resolution.

          iv.    <u>Pre-trial Order</u>.  The Parties do not believe an abbreviated pre-trial order would be beneficial.

    k.    <u>Discovery Related Orders.</u>

The Parties agree that a stipulated protective order will be required, which will include an "Attorney's Eyes Only" classification.  The Parties are engaged in working to agree to the form of such an agreement and will present it to the Court for approval.

The Parties do not anticipate a need for other discovery orders at this time.

5.    <u>Parties' views, proposals, and agreements on all items set forth in Local Civil Rule 26(f)(1) not addressed above:</u>

a.    <u>Prompt Case Resolution</u>.  The Parties agree it will be beneficial to engage in early settlement discussions.

    Plaintiff asserts that that direct negotiations between counsel and the Parties should be pursued up front, but if this fails then the Parties should utilize the court mediation program.



Defendants will agree to participate in direct negotiations and believe a neutral mediator, whether a Magistrate Judge or private third-party, could be more helpful.

b. ADR. The Parties have not yet agreed to the specific form of mediation, or whether to utilize Court resources. The Parties do not agree to utilize the Individualized Trial Program (LCR 39.2). The parties agree that negotiation/mediation would be useful, but do not agree to arbitration or LCR 39.2 procedures.

c. ADR Timing. The Parties have agreed to target October 2020 for a virtual face-to-face mediation if direct negotiations fail to resolve the case.

d. Related Cases. The Parties identified two related cases:

i. Nuance Medical LLC, unrelated to Plaintiff, filed a Complaint in the Southern District of California for Declaratory Judgment of Noninfringement, Invalidity, and Inequitable Conduct involving the '191 Patent on August 7, 2020. *See Nuance Medical LLC v. Digital Cashflow LLC*, 3:20-cv-01537 (S.D. Cal. August 7, 2020). The current status of that case is pending.

ii. Blue Echo Care LLC dba Amazon Seller Blue Echo Care filed a Complaint in the Northern District of Georgia for Declaratory Judgment of Noninfringement and Invalidity involving the '191 Patent and a state law claim of tortious interference on August 28, 2020. *See Blue Echo Care LLC v. Ackerman*, 1:20-cv-03586 (N.D. Ga. August 28, 2020). The current status of that case is pending.

iii. Plaintiff filed a Petition to Cancel Defendants' HEAR CLEARLY trademark registration on July 22, 2020 at the USPTO, Proceeding Number 92074783. Plaintiff does not believe the Cancellation Proceeding will directly impact this case, as Plaintiff has not asserted a claim for cancellation in this lawsuit at this time.

JOINT STATUS REPORT
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001

Page 10

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

Defendants have filed a motion to suspend in that proceeding, seeking to stay the cancellation proceeding pending the outcome in this lawsuit.

6. <u>Date for Completion of Discovery.</u>

   *Plaintiff*

   Plaintiff believes discovery related to Claim Construction can be completed by December 21, 2020 pursuant to Local Rule 133.

   Plaintiff believes all discovery can be completed by July 16, 2021.

   *Defendants*

   As Defendants' Motion to Dismiss is pending, it is somewhat speculative to estimate when Defendants will be required to file their Answer, which is a triggering point for the deadlines in the Patent Local Rules.  Defendants, however, do not seek any deviation from the default deadlines in the Patent Local Rules for claims of patent infringement.  Also, Defendants believe that all discovery can be completed by three months after the Court's ruling on claim construction.

7. <u>Bifurcation.</u>  The Parties agree that bifurcation would not be appropriate or efficient in this case.

8. <u>Pretrial Statement and Pretrial Order</u>

   The Parties do not believe the LR 16 Pretrial Order and Pretrial Statements should be dispensed with.

9. <u>Suggestions for Shortening or Simplifying the Case</u>

   **Plaintiff's Statement**

   Plaintiff asserts that, due to the simplicity of the technology limited extent of prosecution history for the '191 Patent, an early claim construction should be conducted and

JOINT STATUS REPORT
(2:20-cv-01018-RAJ)
9/9/2020 3:41:56 PM EQUA.001

Page 11


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

likely will be dispositive.

**Defendants' Statement**

Defendant is not aware of any suggestion that might shorten or simplify the case.

10. <u>Proposed Trial Date:</u>

   **Plaintiff:**

January 31 – February 4, 2022

   **Defendants:**

Given the present uncertainties regarding the COVID-19 and the length of claim construction proceedings, Defendants submit that a trial date of January 31 – February 4, 2022 may be aggressive and respectfully suggest establishing a suitable time nine months following the Court's ruling regarding claim construction, whichever is later, or requiring the parties to submit an additional scheduling proposal following an order regarding claim construction.

11. <u>Jury Trial.</u>

   **Plaintiff:**

Plaintiff requests bench trial before the Court. Plaintiff asserts that both Parties waived their right to jury trial in this dispute by the express waiver in their respective Amazon Services Business Solutions Agreement.

   **Defendants:**
Defendants believe that the parties may have a right to present issues in this case to a jury, and will seek a jury trial for those issues.

12. <u>Estimated Trial Length.</u>  The Parties anticipate five (5) trial days, total, exclusive of any claim construction hearing.



13. Trial Counsel.

    **Plaintiff's Trial Counsel:**

    Kurt M. Rylander
    Mark E. Beatty
    *Mail*: PO Box 250
    Vancouver, WA 98666
    *Offices*: 406 W. 12th Street
    Vancouver, WA, 98660
    Tel: 360-750-9931
    Fax: 360-397-0473

    **Defendants' Trial Counsel:**

    Mark Lawrence Lorbiecki, WSBA # 16796
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Tel:    (206) 628-6600
    Fax:    (206) 628-6611
    Email: mlorbiecki@williamkastner.com

    James Thomas Wilson (pro hac vice)
    Davidson, Berquist, Jackson & Gowdey, LLP
    8300 Greensboro Drive, Suite 500
    McLean, VA 22102
    Tel:    (571) 765-7700
    Email: jwilson@dbjg.com

14. Conflict Dates

    Plaintiff's conflict dates are:

    The week of Thanksgiving 2020;

    December 19, 2020 – January 15, 2021;

    April 3-12, 2021;

    June 15-July 10, 2021;

    August 16-27, 2021;

    November 22-26, 2021



December 20, 2021 – January 14, 2022.

Defendants' conflict dates are:

No additional dates.

15. <u>Date When Service Will Be Completed.</u>

Service on the Parties named to date is complete. Plaintiff does not currently anticipate naming additional parties but cannot make a final determination until Defendants' Answer is filed. Defendants have not yet made a determination on whether to file counterclaims.

16. <u>Scheduling Conference</u>. None of the Parties request a scheduling conference at this time.

17. <u>FRCP 7.1 Disclosures.</u>

| | |
|---|---|
| Plaintiff: | Completed July 1, 2020 (Dk 5); |
| Defendants: | To be completed by September 11, 2020. |



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

## PROPOSED DETAILED SCHEDULE

The Parties submit the following proposed schedule, with consideration of the following factors:

<u>Plaintiff's Position</u>:  Plaintiff asserts the timeline for the Local Rules for Patent Cases (LR 120 et seq) commences on August 24, 2020, the date Defendants' Answer or responsive pleading was due. Defendants have already asserted in pleadings filed with this Court that Plaintiff's product infringes the '191 Patent and intends to assert infringement claims if their pending Motion to Dismiss is not granted. Further, Plaintiff believes that claim construction will be dispositive for many issues in this case, and therefore claim construction timelines – most of which are merely exchanges between the Parties not filed with the Court – should proceed without delay and without awaiting the Court's ruling on the Motion to Dismiss.

<u>Defendants' Position</u>:  Given the pendency of Defendants' motion to dismiss, Defendants propose that the schedule be set based on when and if Defendants are required to file an Answer. *See, e.g.,* Local Rule 123. Once that date is established, Defendants do not seek deviation from the default Local Rules involving claims for patent infringement.

<u>The Parties' Position</u>:  The Parties propose a Trial Date which is at least five (5) months after the Deadline for Dispositive Motions, to permit adequate time for the Court to issue a ruling prior to incurring the costs associated with pre-trial submissions and trial preparations.



RYLANDER & ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

| Event | Parties' Jointly Proposed Date |
|---|---|
| Answer to Complaint | To be determined |
| FRCP 26(f) Conference | Complete (August 19, 2020) |
| Initial Disclosures | Complete (September 2, 2020) |
| JSR | Complete (September 9, 2020) |
| Deadline for filing any motion to join additional parties | Not later than 14 days after the Court ordered date for Defendants to file their Answer. |
| Disclosure of Asserted Claims and Infringement Contentions (LR 120/LR 123(a)) | Answer Date + 15 |
| Non-Infringement and Invalidity Contentions & Document Production (LR 121, 123(a), 122) | Answer Date + 45 |
| Mediation | October 2020 |
| Exchange of Proposed Terms and Claim Elements for Construction (LR 130(a)) | Answer Date + 65 |
| Conferral re Proposed Terms for Construction (LR 130(b)) | Promptly after exchange of Proposed Terms and Claim Elements for Construction |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (LR 131) | Answer Date + 95 |
| Joint Claim Construction and Prehearing Statement (LR 132) | Answer Date + 140 |
| Claim Construction Expert Disclosures / Expert Reports exchanged (LR 132(f)) | Answer Date + 140 |
| Rebuttal Reports exchanged re Claim Construction | Answer Date + 165 |
| Claim Construction Expert Depositions completed | Answer Date + 190 |
| Claim Construction Discovery Complete (LR 133) | Answer Date + 190 |



| Event | Parties' Jointly Proposed Date |
|---|---|
| Opening Claim Construction Briefs (LR 134(a)) | Answer Date + 195 |
| Responsive Claim Construction Brief (LR 134(c)) | Answer Date + 210 |
| Claim Construction Hearing (LR 135) | Per Court Order (avoiding Parties' conflict dates) |
| All motions related to discovery filed by | Dependent on Date of Claim Construction Ruling |
| Fact Discovery Completion | Dependent on Date of Claim Construction Ruling |
| Expert Reports Exchanged re Patent Infringement, Invalidity, Non-patent Claims, Damages & etc. | Dependent on Date of Claim Construction Ruling (avoiding Parties' conflict dates) |
| Rebuttal Expert Reports Exchanged re patent infringement, non-patent claims, damages & etc. | Dependent on Date of Claim Construction Ruling (avoiding Parties' conflict dates) |
| Expert Depositions | Dependent on Date of Claim Construction Ruling (avoiding Parties' conflict dates) |
| Dispositive Motions Deadline | Dependent on Date of Claim Construction Ruling |
| **Trial** *(Estimate 5 days)* | Dependent on Date of Claim Construction Ruling (avoiding Parties' conflict dates) |

DATED this  September 9, 2020_____



| PLAINTIFF | DEFENDANTS |
|---|---|
| By  /Mark E. Beatty/<br>Dated: September 9, 2020<br>Kurt M. Rylander, WSBA 27819<br>Mark E. Beatty, WSBA 37076<br>Telephone: 360.750.9931<br>Fax: 360.397.0473<br>Email: rylander@rylanderlaw.com<br>Email: beatty@rylanderlaw.com<br>PO Box 250<br>Vancouver, WA 98666<br><br>***Attorneys for Plaintiffs*** | *James Wilson*<br>Dated: September 9, 2020<br>Mark Lawrence Lorbiecki, WSBA # 16796<br>**WILLIAMS, KASTNER & GIBBS PLLC**<br>601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>Tel:     (206) 628-6600<br>Fax:    (206) 628-6611<br>Email: mlorbiecki@williamkastner.com |
| | James Thomas Wilson (*pro hac vice*)<br>**DAVIDSON, BERQUIST, JACKSON & GOWDEY, LLP**<br>8300 Greensboro Drive, Suite 500<br>McLean, VA 22102<br>Tel:     (571) 765-7700<br>Email: jwilson@dbjg.com |
| | ***Attorneys for Defendants***<br>***Digital Cashflow LLC d/b/a Hear Clearly and Christopher Ackerman*** |

**JOINT STATUS REPORT**
**(2:20-cv-01018-RAJ)**
9/9/2020 3:41:56 PM EQUA.001

Page 18

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993