Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
KING COUNTY DIVISION

| STUDIO 010, INC. dba EQUADOSE,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL CASHFLOW LLC dba HEAR CLEARLY and/or THE EAR DOCTORS; and CHRISTOPHER ACKERMAN, an individual; and END RACISM LLC, dba HEAR CLEARLY and/or THE EAR DOCTORS,<br><br>Defendants. | No. 2:20-cv-01018-RAJ<br><br>**AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |
| --- | --- |

COMES NOW Plaintiff, STUDIO 010, INC. dba EQUADOSE ("Plaintiff" or "Equadose"), by and through undersigned counsel, and by this Amended Complaint seeks declaratory judgment, among other things, against Defendants DIGITAL CASHFLOW LLC dba HEAR CLEARLY and/or THE EAR DOCTORS, CHRIS ACKERMAN, and END RACISM LLC dba HEAR CLEARLY and/or THE EAR DOCTORS, and alleges based on information and belief:

### NATURE OF THE PROCEEDING

1.      Defendants Ackerman and Digital Cashflow LLC ("Digital Cashflow") knowingly sent a report of intellectual property violations to Washington based Amazon.com with the intent



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

and result of baselessly causing Amazon.com to delist Plaintiff's earwax removal product, falsely contending Plaintiff's product infringed United States Patent No. 10,525,191 (the "'191 Patent"), then owned by Defendant Ackerman, subsequently purportedly assigned to Defendant Digital Cashflow after this lawsuit was filed, and later purportedly assigned to an entity identified as End Racism LLC ("End Racism") along with the assets of Digital Cashflow, including the '191 Patent, U.S. Trademark Registration Serial Number 5,567,221 for HEAR CLEARLY (the "'221 Registration") and associated line of business, goodwill and other assets. Defendants and Plaintiff have history as competitors in disputes dating back at least as early as Summer 2018 to a trademark dispute between the Plaintiff and Defendant Digital Cashflow. Plaintiff and Defendants, Digital Cashflow and End Racism, are Amazon.com merchant sellers selling earwax removal products on Amazon.

2.     Plaintiff's falsely accused products have been sold on Amazon.com since 2017, with its current design on sale since at least as early as May 2018. The priority date for the '191 Patent is June 12, 2019. Thus, it is straightforwardly the case that either the '191 Patent is invalidated by Plaintiff's prior art product or Plaintiff's product does not infringe. There is no other legally valid option.

3.     Moreover, as indicated, on information and belief, Defendants Ackerman and Digital Cashflow knew of Plaintiff's products since at least as early as their trademark dispute in 2018, and Defendant End Racism knew of Plaintiff's products and the evidence in this case since prior to the date it acquired Digital Cashflow's assets in December 2020. Yet Defendant Ackerman concealed both Plaintiff's prior art products, and Defendants' own prior art product, from the United States Patent & Trademark Office ("USPTO" or "Patent Office"), violating the express and highly important obligation to disclose known material prior art in an act of inequitable conduct



rendering the '191 Patent unenforceable. Defendant End Racism, although purportedly an unrelated third-party assignee, was aware of the inequitable conduct and bases for invalidity of the '191 Patent but continues to seek enforcement of the '191 Patent against Plaintiff and other competitors.

4.     The formation of End Racism, and the subsequent acts of End Racism and Defendants Ackerman and Digital Cashflow, indicate that End Racism and the other Defendants were and are acting in concert to enforce patent rights and trademark rights they know to be invalid and unenforceable. Defendant End Racism has thereby made itself a knowing participant in the fraud initially perpetrated by Defendants Ackerman and Digital Cashflow. Defendants knowingly committed fraud on the USPTO in their anticompetitive scheme to block lawful competitors out of the Amazon.com marketplace causing substantial daily and ongoing irreparable harm not completely compensable in damages alone.

5.     Plaintiff incorporates into this Amended Complaint Plaintiff's prior pleadings filed in this case as though attached hereto as exhibits, specifically: Declaration of Tyson Triplett and Exhibits A-H thereto (Docket Numbers 3 and 3-1 through 3-8); Declaration of Counsel Rylander (as corrected by *praecipe*) and Exhibits A-C thereto (Docket Numbers 10, 10-1 and 4-1 through 4-3); Declaration of Chris Ackerman in Support of Defendants' Response to Order to Show Cause and Opposition to Motion for Preliminary Injunction (Docket Number 16); Second Declaration of Tyson Triplett in Support of Plaintiff's Motion for Preliminary Injunction and Exhibits thereto (Docket Numbers 18 and 18-1 through 18-8); Declaration of Anthony Martin in Support of Reply re Plaintiff's Motion for TRO or Preliminary Injunction and Exhibit thereto (Docket Numbers 19 and 19-1); Declaration of Edward Wagner and Exhibit thereto (Docket Numbers 20 and 20-1); Declaration of Plaintiff's Counsel Mark E. Beatty in Support of Plaintiff's Reply and Exhibit

AMENDED COMPLAINT
4/20/2021 4:39:30 PM EQUA.001

Page 3

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

thereto (Docket Numbers 21 and 21-1); Declaration of Plaintiff's Counsel Mark E. Beatty in Support of Plaintiff's Response to Defendants' Counsels' Motions to Withdraw and Exhibits thereto (Docket Numbers 44 and 44-1 through 44-17); and, Pro Se Registration Form For the Electronic Case Filing System (CM/ECF) for Christopher Ackerman (Docket Number 56).

6.      The Exhibits attached to this Amended Complaint continue the numbering from the Exhibits 1-5 to the original Complaint, so commence at "Exhibit 6", to avoid duplication and confusion.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (action arising under an Act of Congress relating to patents, trademarks and unfair competition). This action arises, among other things, under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, *et seq.*), Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), and includes claims for declaratory judgment that Plaintiff does not infringe any valid claim of United States Patent No. 10,525,191 (the "'191 Patent") and that the '191 Patent is invalid. Plaintiff further pleads this Court has pendent jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to Rule 9(c), Plaintiff pleads that all acts and conditions precedent for establishing jurisdiction have been performed or have occurred.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and this Court has Court has personal jurisdiction over Defendant. The claims substantially arose in this jurisdiction as a result of acts committed by Defendants within this judicial district in the course of Defendants doing business in this district and Defendants reside in this district as residence is



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

defined in 28 U.S.C. § 1391(c). Defendants transacted and conducted business in this judicial district, purposefully availing themselves of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Plaintiff is informed and believes and on that basis alleges that Defendants committed the acts complained of herein with the specific intent and purpose of harming Plaintiff's business on the Amazon.com marketplace which is primarily managed, directed and controlled from and through Amazon's business and technical offices in and around King County, Washington and in Utah, Plaintiff's home state, and specifically directed those acts to this district; Defendants directed its unlawful and improper conduct to Washington to harm Plaintiff's business activity in Washington; has contracts with companies in Washington; has indemnity agreements related to this controversy in Washington including has executed indemnification agreements related to activities in Washington with a Washington corporation, Amazon, in aid of Defendants' business and sales in Washington; provides insurance coverage related to this controversy in Washington has executed insurance policies in favor of Washington businesses and agreed to send certificates of insurance for coverage to a Washington company, Amazon, in Washington at Amazon's Washington address, for the competing products that Defendants seek to bolster by unfairly illegally and defamatorily damaging Plaintiff's products in Washington; and, among other things, utilized a Washington law firm to file and prosecute the '191 Patent that is at the center of this action. Defendants maintain ongoing contractual relationships within this district and conduct or solicit business within this district; Defendants directly and/or through intermediaries, offers for sale, sells, and advertises their products that are pertinent to this action within this district. Defendants directly and/or thorough intermediaries, committed the unlawful and improper and tortious acts complained of herein within and directed to this district. Defendants has engaged in, and continues to engage in,



substantial licensing and other relationship, contracts, and financing in the State of Washington and with residents of the State of Washington. Plaintiff and Defendants both have merchant agreements with a Washington company located in Washington, Amazon. Both Plaintiff and Defendants list and sell products through a Washington company located in Washington, Amazon.

9.      In addition to the preceding paragraph, Plaintiff is informed and believes and on that basis alleges that Defendants, pursuant to their Amazon Sellers Agreement and related terms of use for advertising and selling on Amazon.com, agreed to governing law, personal jurisdiction and venue in the State of Washington disputes related to or arising from activity and transactions related to their sales and advertising on Amazon.com. Plaintiff also agreed to those terms as an Amazon Seller.

10.      Plaintiff originally filed this lawsuit, alleging substantially the same claims and facts as then believed known to Plaintiff, on June 30, 2020, naming Defendants Ackerman and Digital Cashflow. Defendants Ackerman and Digital Cashflow did not object to personal jurisdiction or venue in the Western District of Washington, but filed a motion dismiss alleging other bases (subsequently struck by the Court) and participated in the FRCP 34 conference, submission of the Joint Status Report to the Court, and actively participated in discovery thereafter.

11.      On information and belief, Defendant End Racism purportedly purchased the '191 Patent and the '221 Registration, along with the Hear Clearly products line of business and good will, and other intellectual property of Digital Cashflow, on or about December 3, 2020. On information and belief, Defendant End Racism was expressly notified that Digital Cashflow, the '191 Patent and the '221 Registration were subject of a lawsuit. Defendant End Racism is therefore a successor in interest to Digital Cashflow, voluntarily rendering itself subject to the continuing jurisdiction and venue of this Court. Additionally, on information and belief, End Racism is an



Amazon Seller, subject to the Amazon Seller Agreement and Terms of Service, which includes an enforceable jurisdiction and venue clause whereby End Racism agreed to jurisdiction and venue in the Western District of Washington for any dispute with another Amazon Seller arising from their activities on Amazon.com.

12.     Plaintiff is informed and believes and on that basis alleges that the amount in controversy in this case exceeds $75,000.00.

## PARTIES

13.     Plaintiff, Studio 010, Inc. dba Equadose ("Plaintiff" or "Equadose"), is incorporated in Utah and has its principal place of business in Utah. Plaintiff conducts the majority of the sales of its products through the State of Washington on the Amazon.com platform.

14.     Plaintiff is informed and believes and on that basis alleges that Defendant Digital Cashflow, LLC. dba Hear Clearly and/or The Ear Doctors is a New Jersey limited liability company; that Defendant Christopher Ackerman is the owner and principal of, and exercises complete dominion and control over, Digital Cashflow, and Digital Cashflow is the alter ego of Defendant Ackerman; that both Ackerman and Digital Cashflow share the same address, 329 Elmwood Drive, Keyport NJ, a single family residence in a residential neighborhood; and that Defendant Ackerman's home is also the principal place of business for Defendant Digital Cashflow.

15.     On information and belief, Defendant Ackerman was the title owner of the '191 Patent until July 29, 2020, when Defendants executed a purported assignment of the '191 Patent to Defendant Digital Cashflow. A true and correct copy of the purported assignment to Digital Cashflow recorded with the USPTO, as published on the USPTO website, is attached hereto as Exhibit 6.



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

16.     On information and belief, Defendant Digital Cashflow was the purported exclusive licensee of Defendant Ackerman for the '191 Patent and subject matter, commencing at an unknown date and terminating as of the date of the assignment to Digital Cashflow on or about July 29, 2020.

17.     On information and belief, Defendant End Racism was formed as a Wyoming limited liability company on or about November 18, 2020. A true and correct copy of the Articles of Organization for End Racism, obtained from the website of the Wyoming Secretary of State, were previously filed as Exhibit 9 to the Declaration of Plaintiff's Counsel Mark E. Beatty (Docket Number 44-9) and is incorporated into this Amended Complaint. End Racism's mailing address and principal business office address are listed on its Articles of Organization (Dk 44-9) as 109 East 17th Street, Suite 460, Cheyenne, Wyoming 82001. On information and belief, this Cheyenne, Wyoming address is merely a mailing address and End Racism does not actually maintain any offices at that address.

18.     On information and belief, Defendant Digital Cashflow was the title owner of the '191 Patent from approximately July 29, 2020 until December 3, 2020, when Defendants executed a purported assignment of the '191 Patent to End Racism. A true and correct copy of the purported assignment to End Racism recorded with the USPTO, as published on the USPTO website, is attached hereto as Exhibit 7.

19.     Although End Racism lists the Cheyenne, Wyoming address as both its mailing address and its principal business office address, the patent assignment recorded with the USPTO (*see Exh. 7*) lists End Racism's address as 3422 Old Capitol Trail PMB 826, Wilmington, Delaware 19808. On information and belief, End Racism's Delaware address does not contain any offices or employees of End Racism and End Racism does not maintain any offices in the state of Delaware.



1
2
3

**FACTUAL SUMMARY AND PRESENCE OF AN ACTUAL CONTROVERSY**

20.    Plaintiff and Defendants are Amazon.com Sellers selling products on the Amazon.com online marketplace. They are direct competitors and have a history of dispute between them going back to at least as early as the Summer of 2018. At least through these disputes, Defendants had actual knowledge of Plaintiff's products and the fact that they were publicly advertised and sold prior to the priority date of the '191 Patent.

21.    Plaintiff sells its products, including its HEAR® earwax removal products, on Amazon.com. The screenshot below is of one of Plaintiff's products on the Amazon.com store affected by Defendants' fraudulent acts---it shows as "Currently unavailable" due to Defendants' unlawful acts, which at the time of filing the original Complaint in this case, caused Amazon.com to delist Plaintiff's primary product ASIN:



22.    Defendant Ackerman is listed as the Inventor and the Applicant on the face of the '191 Patent.

23.    The '191 Patent issued from Application Serial Number 16/438,635 (the '635 Application), with an Issue Date of January 7, 2020.

24.    The '635 Application was filed on June 12, 2019.

25.    The '635 Application and the '191 Patent do not claim priority to any patent



application filed prior to June 12, 2019.

26.    The '635 Application was filed and prosecuted on behalf of Defendants by the law firm Bold IP PLLC, a Washington professional limited liability company located in Mountlake Terrace, Washington.

27.    Patent Statute section 35 U.S.C. 102(a)(1) states that a person is not entitled to a patent if "...the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." Therefore, if any claim of the '191 Patent covers the Hear® ear cleaning product, on sale and available to the public prior to June 12, 2019, that claim is invalid.

28.    Plaintiff has been selling its current design of the Hear® Ear Wax Removal Kit since May 2019, and it was selling similar designs of the earwax remover even earlier, since at least 2017.

29.    Plaintiff publicly disclosed its current design at least as early as March 27, 2019, in a video published on the Youtube.com website. A screenshot from the

30.    Defendants sell their competing Hear Clearly ear wax removal products on Amazon.com. The screenshot below is of Defendants' competing product that it improperly bolsters in Washington through its improper acts against Plaintiff and its products in Washington.



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931



31.   Defendant Ackerman knew of Plaintiff and Plaintiff's products prior to Defendants filing the '635 Application on June 12, 2019.

32.   Defendant Ackerman knew of Plaintiff and Plaintiff's products prior to the '191 Patent Issue Date of January 7, 2020.

33.   Defendant Ackerman filed a Certification and Request for Prioritized Examination under 37 CFR 1.102(e) with the '635 Application, referred to as a "TrackOne Request". The TrackOne Request required an extra filing fee.

34.   Defendant Ackerman's TrackOne Request was granted on July 1, 2019, which caused the '635 Application to be examined on a prioritized and accelerated timetable.

35.   On information and belief, Defendant Ackerman submitted the TrackOne Request because he was aware, prior to the filing date of June 12, 2019, of other products already publicly disclosed and/or for sale which he believed were covered by one or more claims of the '635 Application, including Plaintiff's Hear® ear wax cleaning product.

36.   On information and belief, Defendant Ackerman did not disclose to the USPTO those products, which were publicly disclosed and available prior to June 12, 2019 and which he



1

2

3   believed were covered by one or more claims of the '635 Application.

4        37.    Plaintiff and Defendants Ackerman and Digital Cashflow exchanged

5   correspondence as early as August 2018 regarding a trademark dispute over rights to the

6   trademarks HEAR and HEAR CLEARLY for their competing earwax removal products. In

7   communications about that dispute, on August 14, 2018, Defendant Ackerman stated to Plaintiff

8   that Ackerman was selling his product in interstate commerce at least as early as April 2017. Thus,

9   Defendants Ackerman and Digital Cashflow knew of Plaintiff and Plaintiff's products since at

10  least Summer 2018.

11       38.    Defendant Digital Cashflow filed U.S. Trademark Application Serial Number

12  877709169 on December 5, 2017 on the mark HEAR CLEARLY (the HEAR CLEARLY

13  Application), listing "International Class 010: Medical apparatus, namely, an ear wash device in

14  the nature of a container to be filled with appropriate fluid by the user for flushing ear wax from

15  the ear."

16

17       39.    The HEAR CLEARLY Application was originally filed as an "Intent to Use"

18  application, but Defendant Digital Cashflow amended the application on August 14, 2018 to allege

19  actual use in interstate commerce in association with the described goods "At least as early as

20  3/25/2017".

21       40.    The Specimen of Use submitted by Digital Cashflow August 14, 2018 in support

22  of its amendment, which Digital Cashflow stated in the amendment was published at least as early

23  as March 25, 2017, shows an image of Defendants' product – on public sale – which appears

24  structurally and functionally identical to the apparatus described and claimed in the '635

25  Application and the '191 Patent. The Declaration filed with the August 14, 2018 amendment was

26  electronically signed by Defendant Ackerman, personally.

27

28

29



41.     The HEAR CLEARLY Application lists Heather Sapp as Attorney of Record filing the Application, and that she is a licensed attorney in Arizona. Heather Sapp is further listed as the Attorney of Record filing the August 14, 2018 amendment declaring first use in commerce by March 25, 2017, filed by Digital Cashflow and co-signed by Defendant Ackerman. Therefore, Defendants Digital Cashflow and Ackerman were represented by counsel at the time the amendment was filed.

42.     Subsequently, during the course of this lawsuit – and after it became clear that his declaration accompanying the August 14, 2018 amendment would invalidate the '191 Patent - Defendant Ackerman alleged that his August 14, 2018 declaration, alleging first use in commerce of March 25, 2017 for the HEAR CLEARLY Application, was false and that the first sales and offers for sale commenced only after June 12, 2018. *See Declaration of Chris Ackerman in Support of Defendants' Response to Order to Show Cause and Opposition to Motion for Preliminary Injunction (Docket Number 16), paragraph 6, incorporated into this Amended Complaint*.

43.     If any claim of the '191 Patent covers Defendants' own product – on sale at least as early as March 25, 2017 according to Defendant Ackerman's declaration to the USPTO and August 2018 communication to Plaintiff - then Digital Cashflow's and Ackerman's own statements, both to Plaintiff and to the USPTO, establish that Defendants publicly sold or offered for sale the apparatus claimed in the '191 Patent more than a year before the '191 Patent's filing date. These pre-dating sales and publications invalidate any allegedly infringed claims '191 Patent under 35 U.S.C. §102(a)(1).

44.     Because Plaintiff also made prior public sales in 2018 of its own product – accused by Defendants of infringing the '191 Patent claims – more than one year before the '191 Patent priority date, Defendants' own infringement contentions establish Plaintiff's prior art sales



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

1
2
3  invalidate the '191 Patent under 35 U.S.C. §102(a)(1).

4      45.   U.S. Patent Law, 35 U.S.C. § 1 *et seq*, requires inventors, applicants and their

5  attorneys to disclose all material information during the prosecution of a patent application. An

6  inventor's intentional nondisclosure of material prior art from the USPTO renders a patent

7  unenforceable for inequitable conduct.

8      46.   Defendants Ackerman's and Digital Cashflow's 2018 communications related to

9  the trademark dispute establish Defendants had actual knowledge of Plaintiff's Hear® ear cleaning

10  product, and Defendants clearly knew of the prior sales of their own product. Defendants

11  Ackerman and Digital Cashflow did not disclose either of these prior art products and sales to the

12  USPTO during the prosecution of the '191 Patent application, despite contending Plaintiff's

13  product infringes the '191 Patent—giving the clear inference that Defendants knew Plaintiff's

14  prior art product was material and Defendants intentionally concealed it from the Patent Office.

15  Additionally, Defendants Ackerman and Digital Cashflow did not disclose the predating public

16  sales of other products they later alleged infringe the '191 Patent.

17

18      47.   Accordingly, if the '191 Patent claims read on either Plaintiff's product or

19  Defendants' product, Defendant Ackerman violated his duty of disclosure to the Patent Office as

20  an inventor by concealing this information from the Patent Office, rendering the '191 Patent

21  unenforceable for inequitable conduct. Further, the baseless complaint to Amazon.com has

22  resulted in Plaintiff suffering continued irreparable harm as it lost market share for earwax cleaning

23  products in the Amazon.com marketplace and suffered reduced rankings in critical product

24  categories which imposed a continuing burden on its marketing and sales into the future.

25      48.   Plaintiff is informed and believes and on that basis alleges that the '191 Patent is

26  part of a fraudulent scheme by Defendants to obtain a basis to harm its competitors, including but

27
28
29



not limited to Plaintiff, perpetrated, in material part, by intentionally withholding mandatory disclosures of known material prior art to the Patent Office with the specific intent of using its unlawfully obtained patent to harm competitors, including but not limited to Plaintiff. Plaintiff is informed and believes and on that basis alleges that Defendants conducted this fraudulent scheme by (a) unlawfully concealing Plaintiff's known prior art product from the USPTO; (b) unlawfully concealing Defendants' own prior art product from the USPTO; (c) seeking expedited TrackOne processing-clearly showing the intent to have the patent issue as soon as possible to target the scheme on Plaintiff and others; and, (d) filing patent infringement complaints against Plaintiff and other competitors to Amazon.com alleging infringement of the '191 Patent, despite knowing the '191 Patent was invalid and unenforceable; and, (e) thereafter demanding license fees from Plaintiff and other competitors in order to withdraw the fraudulent patent infringement complaints and allow their products to be re-listed on Amazon.com.

49.     Plaintiff is informed and believes and on that basis alleges that on or prior to June 10, 2020 Defendants in writing intentionally and purposefully with the intent of harming Plaintiff's sales and business, falsely defamed Plaintiff and Plaintiff's product by causing to be sent to Amazon.com, a third party, Amazon.com Complaint ID 7084521221 Alleging Infringement of U.S. Patent No. 10,525,191 by the Hear® ear cleaning kit (ASIN B075RGFQ13) from Equadose with the intent, and result, to have Amazon.com delist Plaintiff from Amazon.com's online marketplace. The Amazon.com Complaint falsely alleged Plaintiff's Hear® Ear Wax Removal product ("the Product") infringed Ackerman's '191 Patent.

50.     On June 10, 2020, Amazon.com informed Plaintiff that it had received a notice from the owner of the '191 Patent that Plaintiff's earwax removal product (ASIN B075RGFQ13) infringed the '191 Patent, and that as a consequence, Amazon.com was delisting Plaintiff's



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

1
2
3   product.

4          51.     On the same day, Plaintiff e-mailed Defendants Ackerman that Plaintiff clearly was

5   not infringing, and that as Defendants knew from the prior trademark dispute, that Plaintiff was

6   purportedly selling its products since March 2017, long before Defendants filed for their patent, in

7   June 2019.

8          52.     On June 13, 2020, Defendants Ackerman and Digital Cashflow refused to retract

9   the patent infringement complaint to Amazon.com.

10         53.     On June 15, 2020, Plaintiff's counsel Jared Goff sent a written communication to

11  Defendants Ackerman and Digital Cashflow with detailed factual and legal responses to their

12  infringement allegations and demanding the infringement complaint be retracted.

13         54.     Included in that June 15 communication were still images from a YouTube video

14  posted by Equadose on March 27, 2018, which demonstrated the features and use of Plaintiff's

15  current product – the same product that Plaintiff was selling on June 12, 2019 – the '191 Patent

16  filing date – and the same product that Plaintiff was selling on June 10, 2020, when Defendants

17  Ackerman and Digital Cashflow filed the Amazon.com infringement claim against Plaintiff. The

18  publication date of March 27, 2018 is clearly visible in the still shot from the video, and the video

19  was still publicly available on YouTube as it had been since its publication on March 27, 2018.

20         55.     Plaintiff's counsel Mr. Goff, in that June 15 communication, also pointed to

21  Defendants' declaration to the USPTO in their HEAR CLEARLY Application that the Hear

22  Clearly product had been sold in interstate commerce at least as early as March 25, 2017 – more

23  than two years before the '635 Application was filed.

24         56.     A link to the March 27, 2018 YouTube video was included in Plaintiff's publicly

25  accessible Amazon.com listing for its ASIN B075RGFQ13 product listing prior to June 10, 2020,



the same listing targeted by Defendants Ackerman and Digital Cashflow in their Amazon.com infringement complaint. A true and correct copy of the June 15, 2020 communication was filed on June 30, 2020 as Exhibit H to the Declaration of Tyson Triplett (Docket Number 3-8 in this case) filed in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket Number 2 in this case), which are incorporated by reference into this Amended Complaint. That Motion was filed contemporaneously with the original Complaint in this case, filed on June 30, 2020.

57. On information and belief, Defendants Ackerman and Digital Cashflow were aware of the March 27, 2018 YouTube video prior to June 12, 2019, the filing date of the '635 Application and '191 Patent.

58. On information and belief, Defendants Ackerman and Digital Cashflow were aware of the March 27, 2018 YouTube video prior to submitting their infringement complaint against Plaintiff to Amazon.com.

59. Defendants Ackerman and Digital Cashflow were absolutely aware of the March 27, 2018 YouTube video not later than June 15, 2020, when Plaintiff's counsel included the still shots in his June 15 communication to Defendants Ackerman and Digital Cashflow demanding retraction of the Amazon.com infringement complaint.

60. Because Defendants Ackerman and Digital Cashflow refused to withdraw the Amazon.com infringement complaint against Plaintiff, Plaintiff filed this lawsuit seeking injunctive and monetary relief on June 30, 2020.

61. A true and correct copy of the Declaration of Anthony Martin in Support of Reply re Plaintiff's Motion for TRO or Preliminary Injunction and Exhibit 1 thereto were filed by Plaintiff in this case on July 20, 2020, as Docket Numbers 19 and 19-1. Each of these documents



is incorporated by reference into this Amended Complaint. Mr. Martin's Declaration testified that he created the March 27, 2018 YouTube video in February-March 2018 and that the still shots submitted by Plaintiff – including those from the June 15, 2020 letter from Mr. Goff – were from that video. Mr. Martin further testified that "...the ear wash device shown in Exhibit 1 [Dk. 19-1] is the ear wash device which was provided to me by Equadose in February 2018."

62.     Despite being aware of the March 27, 2018 YouTube video, and of their own declaration to the USPTO of sales as early as March 25, 2017, Defendants Ackerman and Digital Cashflow refused to retract their Amazon.com infringement complaint against Plaintiff – even after this lawsuit was filed.

63.     On July 2, 2020 Plaintiff notified Amazon.com of this lawsuit, providing copies of the initial pleadings to Amazon.com. In deference to the lawsuit, Amazon.com restored Plaintiff's delisted ASIN, but not until July 22, 2020. The infringement complaint against Plaintiff's product was suspended, but not dismissed or closed.

64.     On July 22, 2020, Plaintiff filed and served on Defendant Digital Cashflow a Petition for Cancellation of Digital Cashflow's Registration 5,567,221 for HEAR CLEARLY before the Trademark Trial and Appeal Board, Proceeding Number 92074783, which was identified to this Court as a Related Case. Defendant Digital Cashflow opposed the Petition for Cancellation.

65.     On information and belief, Defendants Ackerman and Digital Cashflow executed a sale of the assets of Digital Cashflow to Defendant End Racism (the "Business Sale"). On information and belief, the effective date of the sale was December 3, 2020.

66.     On information and belief, the Business Sale included assignment to End Racism of the '191 Patent, the Hear Clearly trademark and Trademark Registration Serial Number



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

5,567,221 and associated good will, and Digital Cashflow's Amazon Seller Account for Digital Cashflow's ear wax cleaning products associated with the name "The Ear Doctors" and associated ASINs.

67.     On information and belief, End Racism did not purchase Digital Cashflow's inventory as part of the Business Sale.

68.     On information and belief, the Business Sale included an obligation of End Racism to make a payment to Digital Cashflow.

69.     On information and belief, the existence of a lawsuit was disclosed to End Racism before End Racism agreed to the Business Sale.

70.     Defendants Ackerman and Digital Cashflow did not inform Plaintiff or the Court of the assignment to End Racism of the '191 Patent or the Hear Clearly trademark, both of which are subjects of this lawsuit.

71.     On or about February 2, 2021 – a full two months after the Business Sale – Defendant Ackerman first disclosed the fact of the Business Sale to Plaintiff by direct email, but not the details.

72.     On February 4, 2021, Plaintiff's counsel Mr. Beatty emailed Defendants' then counsel Mr. Wilson and Mr. Lorbiecki, attaching the just-discovered patent assignment recordation for the '191 Patent and requesting an explanation. Defense counsels' response, and subsequent communications, as well as subsequent pleadings filed with this Court, established that Defendants Ackerman and Digital Cashflow had not disclosed the Business Sale and patent and trademark assignments to their own attorneys.

73.     True and correct copies of the communications and documentation of the events referred to in the preceding paragraphs were filed as pleadings in this case with the Declaration of



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

Plaintiff's Counsel Mark E. Beatty in Support of Plaintiff's Response to Defendants' Counsels' Motions to Withdraw (Docket Numbers 44 and 44-1 through 44-17 in this case), which are incorporated by reference into this Amended Complaint.

74.     Defendants Ackerman and Digital Cashflow did not inform Amazon.com of the assignment to End Racism of the '191 Patent, which is the subject to the pending Amazon.com patent infringement complaint against Plaintiff.

75.     In spite of its knowledge of this lawsuit, and the fact that this lawsuit includes claims seeking to declare the '191 Patent not infringed and/or invalid and/or unenforceable, Defendant End Racism did not request to substitute itself as a defendant patent owner, nor did End Racism notify Plaintiff or this Court that it was the actual owner of the '191 Patent and the Hear Clearly trademark registration, and the associated line of business.

76.     In spite of its knowledge of this case and the Amazon.com infringement complaint against Plaintiff, and the fact that this lawsuit includes claims seeking to declare the '191 Patent not infringed and/or invalid and/or unenforceable, Defendant End Racism has not withdrawn the Amazon.com patent infringement complaint against Plaintiff.

77.     Neither of Defendants Digital Cashflow and End Racism notified the Trademark Trial and Appeal Board of the purported assignment of the '221 Registration to End Racism, despite the fact that the Petition for Cancellation was pending before the TTAB.

78.     Defendants Ackerman and Digital Cashflow stipulated to this Court that they will not file additional infringement complaints with Amazon.com or otherwise attempt to enforce the '191 Patent against Plaintiff during the pendency of this lawsuit, but on information and belief, the Amazon.com infringement complaint against Plaintiff is still pending because Defendants refuse to withdraw it.

4/20/2021 4:39:30 PM EQUA.001


**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

79.     On information and belief, End Racism has, since December 2020, filed patent infringement complaints against at least thirty-five (35) Amazon.com ASINs alleging infringement of the '191 Patent.

80.     On information and belief, Defendant End Racism continues to sell ear wax cleaning products using the Hear Clearly brand name. Attached hereto as Exhibit 8 is a true and correct copy of an Amazon.com listing for the Hear Clearly ear wax cleaning kit, prominently showing the Hear Clearly name. Attached hereto as Exhibit 9 is a true and correct copy of the Amazon.com "Storefront" web page for The Ear Doctors, showing the Hear Clearly brand being associated with the Amazon Seller identified as "The Ear Doctors". Attached hereto as Exhibit 10 is a true and correct copy of the Amazon.com "Seller Profile" web page for The Ear Doctors, showing this to be a dba of End Racism, but listing a business address in Wilmington, Delaware.

81.     On information and belief, Defendant End Racism did not purchase inventory from either of Defendants Digital Cashflow or Ackerman. The products that Defendant End Racism are currently selling were ordered and imported by Defendant End Racism after the Business Sale was completed.

82.     The words "Hear Clearly" are confusingly similar to Plaintiff's registered trademark "Hear" in International Class 10 for "Medical apparatus, namely, an ear wash device in the nature of a container to be filled with appropriate fluid by the user for flushing ear wax from the ear." Both marks begin with the word "HEAR", spelled and pronounced identically in each, and which is the dominant visual and audible characteristic of Plaintiff's HEAR trademark. The visual and audible identicality of the terms creates a likelihood of confusion among likely consumers.

83.     The primary market for Plaintiff's HEAR ear wax cleaner products is ordinary



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

consumers, lacking any particular sophistication or specialized knowledge of such products. On information and belief, the primary market for Defendants' ear wax cleaning products advertised and sold under the Hear Clearly brand is also ordinary consumers, lacking any particular sophistication or specialized knowledge of such products.

84.     The primary marketing channel for Plaintiff's HEAR® ear wax cleaning products is Amazon.com. On information and belief, the primary marketing channel for Defendants' ear wax cleaning products advertised and sold under the Hear Clearly brand is also Amazon.com. Both product lines compete against each other in the Amazon.com product categories of Earwax Removal Products, Health & Household Products, and Personal Care Products. *See, e.g., Exh. 8 to this Amended Complaint (circled)*.

85.     Plaintiff is informed and believes and on that basis alleges that, in the relevant marketplace, sales of Defendants' product under the Hear Clearly brand, which infringes Plaintiff's HEAR® trademark, directly impinge upon Plaintiff's sales.

86.     A loss of sales of ear wax cleaning kits also leads to future loss of sales of replacement ear wax cleaning tips.

87.     On or about March 30, 2021 Defendant Ackerman filed by ECF a Pro Se Registration Form for ECF, bearing his electronic signature dated February 17, 2021 (Docket Number 56 in this case, and incorporated by reference into this Amended Complaint). That Registration Form lists Defendant Ackerman's official email address for correspondence and receipt of electronic service as "hearclearlyteam@gmail.com".

88.     On information and belief, the email address hearclearlyteam@gmail.com is the same email address used by Defendant Ackerman for operation of his wholly owned company, Defendant Digital Cashflow doing business as Hear Clearly and/or doing business as The Ear



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

Doctors. Defendant Ackerman continues to use the hearclearlyteam email address more than four months after he purportedly sold the HEAR CLEARLY trademark and line of business, and assigned the HEAR CLEARLY trademark registration, to Defendant End Racism, apparently without objection by End Racism.

89.     On information and belief, End Racism, formed less than three (3) weeks prior to the effective date of the Business Sale (December 3, 2020), was formed for the purpose and with the intent of enforcing the '191 Patent against lawful competitors by asserting knowingly false notices of patent infringement against them via Amazon.com's patent infringement reporting system.

90.     Amazon.com is and has been Plaintiff's primary sales channel for its Hear® ear wax cleaning product. On information and belief, Defendants are aware of this fact.

91.     Amazon.com's Neutral Patent Evaluator program (the "NPE Program") provides a voluntary alternative dispute resolution forum for resolving patent infringement disputes relating to allegedly infringing sales occurring via the Amazon.com marketplace. However, the NPE Program imposes substantial constraints on a party defending against patent infringement claims, including that the defenses of patent invalidity and patent unenforceability are not available to the accused – except in cases where the patent has previously been adjudged not infringed and/or invalid and/or unenforceable by a court or the USPTO.

92.     On information and belief, Defendants – all of them – are aware of this serious limitation placed upon accused infringers participating in the NPE Program.

93.     On information and belief, Defendants Ackerman, Digital Cashflow and End Racism have acted, and continue to act, in concert to perpetuate their mutual scheme to continue using the '191 Patent, which they know to be not infringed and/or invalid and/or unenforceable, to



unlawfully burden competitors with false and unenforceable accusations of patent infringement, in order to suppress competition and/or extract unlawful revenue-generating agreements from competitors.

94.     Alternatively, Defendant End Racism has manifested an intent to maintain the pending Amazon.com patent infringement complaint against Plaintiff and seek to delist Plaintiff's ear wax cleaning products from Amazon.com, thereby cutting off Plaintiff's well established primary sales channel, by continuing to enforce the '191 Patent, which they know to be not infringed and/or invalid and/or unenforceable.

95.     Due to Defendants' refusal to retract the Amazon.com infringement complaint against Plaintiff, Plaintiff's product remained unjustly delisted, causing significant monetary damage and irreparable harm, and Plaintiff's ability to conduct future sales through Amazon.com remains clouded. The Amazon.com delisting and still-existing patent infringement complaint causes, has caused, and will continue to cause thousands of dollars in lost sales to Plaintiff. Defendants' fraudulent infringement complaint will cause ongoing and future harm to Plaintiff, which may be difficult or impossible to reduce to a sum certain of money damages.

96.     Plaintiff is informed and believes and on that basis alleges that Defendants intentionally directed their fraudulent conduct and defamation to Washington with the intent to harm Plaintiff's business, and to unfairly clear a competitor from its path, on the Washington-based Amazon.com marketplace.

97.     Because Plaintiff's Hear® ear cleaning product was being sold prior to the filing date of the '191 Patent, each claim of the '191 Patent must be either invalid or not infringed.

98.     Because Defendants intentionally concealed Plaintiff's products, and Defendants' own products, from the Patent Office, the '191 Patent is unenforceable due to inequitable conduct.



99.    Defendants' acts harmed and continue to irreparably harm Plaintiff, and this harm is not remediable by damages alone. Each day Defendants intentionally refused to retract their fraudulent notice of infringement to Amazon.com caused Plaintiff to remain delisted from Amazon.com for its valuable product. This resulted in direct, daily, loss of revenue, loss of marketplace presence, and loss of market reputation.

100.    The public has an overriding interest in maintaining the free market and maintaining the integrity of the patent system, both objects which Defendants unjustly and unlawfully flaunt.

101.    The public has a direct interest in having access to Plaintiff's product, which is useful in improving the quality of life of prospective customers.

102.    Unless Plaintiff receives temporary, preliminary, and permanent injunctive relief enjoining Defendants to immediately retract its fraudulent notice of infringement to Amazon, Plaintiff will suffer irreparable harm not fully compensable in damages.

**FIRST CLAIM:**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '191 PATENT**

**(Against all Defendants)**

103.    Plaintiff re-alleges every paragraph in this Complaint.

104.    An actual controversy exists between Plaintiff and Defendants as to the validity of the '191 Patent. Defendant End Racism contends that Plaintiff infringes one or more claims of the '191 Patent, at least to the extent that, having purportedly obtaining ownership of the '191 Patent by assignment from Defendant Digital Cashflow, End Racism has not withdrawn the complaint of patent infringement against Plaintiff made to Amazon.com, initially by Defendants Ackerman and Digital Cashflow, which remains pending and not withdrawn during this lawsuit, and the



allegations have not been publicly refuted by Defendant End Racism.

105.   On information and belief, Defendant End Racism acquired the Amazon Seller account of Digital Cashflow, including "The Ear Doctors" name and ASINs associated therewith, and thereby gained the benefit of Defendant Ackerman's and Defendant Digital Cashflow's pending patent infringement complaint to Amazon.com against Plaintiff.

106.   In the alternative, the purported assignment of the '191 Patent to Defendant End Racism was a sham assignment, intended for fraudulent purposes and either not enforceable or merely rendering the Defendants co-owners, partners and/or co-conspirators in a continuing scheme to enforce the '191 Patent against Plaintiff and others, knowing the '191 Patent to be invalid and/or unenforceable.

107.   Plaintiff denies that its products infringe any valid and enforceable claim of the '191 Patent; asserts that the '191 Patent is invalid; and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

108.   Plaintiff is informed and believes and on that basis alleges the '191 Patent claims are invalid due to material prior art, including at least Plaintiff's accused product and/or Defendants' own products which were publicly disclosed, offered for sale and sold prior to June 12, 2019.

109.   Plaintiff is informed and believes and on that basis alleges the '191 Patent claims are unenforceable due, at least, to Defendant Ackerman's inequitable conduct upon the Patent Office in intentionally concealing Plaintiff's prior-existing product and Defendants' own prior-existing product from the Patent Office.



110.    Plaintiff is informed and believes and on that basis alleges the '191 Patent claims are unenforceable due, at least, to Defendant Ackerman's inequitable conduct upon the Patent Office in intentionally concealing competing products which he believed were covered by one or more claims of the '635 Application and the '191 Patent and publicly disclosed and offered for sale prior to June 12, 2019.

111.    The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiff is entitled to a declaration, in the form of a judgment, that the '191 Patent is invalid and/or unenforceable. Such a determination and declaration are necessary and appropriate at this time.

## SECOND CLAIM:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '191 PATENT

### (Against all Defendants)

112.    Plaintiff re-alleges every paragraph in this Complaint.

113.    An actual controversy exists between Plaintiff and the Defendants as to whether or not Plaintiff infringed the '191 Patent, during the time each was an owner of the '191 Patent, directly or contributorily, or induced infringement of the '191 Patent. Defendants contended that Plaintiff infringed one or more claims of the '191 Patent, causing Amazon.com to delist Plaintiff's best-selling ASIN and thereafter preventing Plaintiff from selling its accused product through Plaintiff's primary ASIN listing, and have maintained that complaint thereby placing Plaintiff's future sales in jeopardy absent declaratory judgment. Plaintiff denies that its products infringed or infringe any valid and enforceable claim of the '191 Patent.

114.    Defendants have not withdrawn the still-pending patent infringement complaint with Amazon.com, which has only been suspended by Amazon.com since Amazon.com was



notified of this lawsuit.

115.    Defendants Ackerman and Digital Cashflow allege they sold the assets of Digital Cashflow to Defendant End Racism in December 2020, including the '191 Patent, but on information and belief this purported sale did not assign the right to assert claims for infringements alleged to have accrued prior to the assignment. Therefore, on information and belief, Defendants Ackerman and Digital Cashflow still own such rights, and the still-pending allegations of patent infringement filed by Defendants Ackerman and Digital Cashflow against Plaintiff remain an active case and controversy.

116.    Defendant End Racism, as the purported current title owner of the '191 Patent, has not withdrawn the patent infringement complaint against Plaintiff and, on information and belief, continues to file new enforcement actions with Amazon.com alleging infringement of the '191 Patent.

117.    The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiff is entitled to a declaration, in the form of a judgment, that by its activities Plaintiff has not infringed any valid and enforceable claim of the '191 Patent threatened by Defendant; has not contributed to infringement; and/or has not induced infringement of the '191 Patent. Such a determination and declaration are necessary and appropriate at this time.

## THIRD CLAIM

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

### (Against Defendants Ackerman and Digital Cashflow LLC)

118.    Plaintiff re-alleges every paragraph in this Complaint.

119.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman and Digital Cashflow knew of Plaintiff's contract relationship with the Washington



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

company Amazon; Defendants Ackerman and Digital Cashflow intentionally interfered with that contractual relationship in Washington, knowingly and intentionally asserting materially false allegations of intellectual property infringement against Plaintiff in order to undermine Plaintiff's lawful competition; Defendants Ackerman's and Digital Cashflow's improper means were unlawful and fraudulent and were based on fraudulent activity before a Federal agency; Defendants Ackerman's and Digital Cashflow's improper acts directly, proximately and foreseeably damaged and continues to damage Plaintiff and its products.

120.    By reason of Defendants Ackerman's and Digital Cashflow's acts, Plaintiff is entitled to damages in an amount to be proven at trial.

## FOURTH CLAIM:

## COMMERCIAL DISPARAGEMENT

### (Against Defendants Ackerman and Digital Cashflow LLC)

121.    Plaintiff re-alleges every paragraph in this Complaint.

122.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman and Digital Cashflow purposefully, knowingly, and intentionally published a claim that Plaintiff infringed the '191 Patent to specifically harm Plaintiff by causing Amazon.com to delist Plaintiff's product from the Amazon.com marketplace; the claim for infringement was fraudulent, not only literally but also in that it is founded upon fraud upon the U.S. Patent & Trademark Office; Defendants Ackerman and Digital Cashflow acted with the specific intention of cause financial harm to Plaintiff; Defendants Ackerman's and Digital Cashflow's acts did directly and proximately cause financial harm to Plaintiff; and Defendants Ackerman and Digital Cashflow knew that its claim of infringement was false, or acted with reckless disregard as to its truth or falsity, at the time its claim was made and, alternatively, at the time it refused to retract the claim



after being provided with proof of its falsity.

123.    By reason of Defendants Ackerman's and Digital Cashflow's acts, Plaintiff is entitled to damages in an amount to be proven at trial.

**FIFTH CLAIM:**

**DECEIT AND NEGLIGENT MISREPRESENTATION**

**(Against Defendants Ackerman and Digital Cashflow LLC)**

124.    Plaintiff re-alleges every paragraph in this Complaint.

125.    Defendants Ackerman and Digital Cashflow made the material statement to Amazon.com that Plaintiff's product(s) infringe the '191 Patent. Defendants Ackerman and Digital Cashflow knew or should have known that their statement was false, and Defendants Ackerman and Digital Cashflow had no reasonable basis to believe its statement was true. Defendants Ackerman and Digital Cashflow acted intentionally and with a specific and purposeful intent to cause harm to Plaintiff and to induce Amazon.com to rely on the materially false statements to delist Plaintiff's product from Amazon's marketplace. Amazon.com was ignorant of Defendants Ackerman's and Digital Cashflow's falsity. Defendants Ackerman's and Digital Cashflow's acts directly, proximately and foreseeable caused and continues to cause Plaintiff's harm and damages.

126.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman and Digital Cashflow intentionally committed fraud in its patent prosecution with the intent to harm Plaintiff; Defendants Ackerman and Digital Cashflow was aware of Plaintiff's products prior to filing its patent application; Defendants Ackerman and Digital Cashflow were aware of its duty to disclose all material information to the Patent Office; Defendants Ackerman and Digital Cashflow intentionally hid from and refused to disclose Plaintiff's products to the Patent Office even though Defendants Ackerman and Digital Cashflow contend now that those



products infringe the '191 Patent—and therefore those products, on sale before the '191 Patent application was filed, were clearly material; Defendants Ackerman and Digital Cashflow intended to use its fraudulently secured '191 Patent to harm Plaintiff; Defendants Ackerman and Digital Cashflow did use its fraudulent secured '191 Patent to harm Plaintiff; Plaintiff has suffered and continues to suffer irreparably harm not solely compensable by damages as a direct proximate and foreseeable result of Defendants Ackerman's and Digital Cashflow's acts.

127.    By reason of Defendants Ackerman's and Digital Cashflow's acts, Plaintiff is entitled to damages in an amount to be proven at trial.

## SIXTH CLAIM:

### UNFAIR COMPETITION (RCW 19.86.020 *et seq*).

### (Against Defendants Ackerman and Digital Cashflow LLC )

128.    Plaintiff re-alleges every paragraph in this Complaint.

129.    Defendants Ackerman and Digital Cashflow engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 *et seq*. by engaging in an unfair or deceptive act, which was capable of and did deceive the intended audience in Washington, in trade or commerce, directly impacting the public interest in Washington, such unfair or deceptive act directly causing injury to Plaintiff's business and property.

130.    By reason of Defendants Ackerman's and Digital Cashflow's acts, Plaintiff is entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs and treble damages under RCW 19.86.090.

## SEVENTH CLAIM:

### UNFAIR COMPETITION (LANHAM ACT SECTION 43(A), 15 U.S.C. 1125(A)(1))

### (Against Defendants Ackerman and Digital Cashflow LLC)



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

131.    Plaintiff re-alleges every paragraph in this Complaint.

132.    Defendants Ackerman and Digital Cashflow engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon.com that Plaintiff's product infringed the '191 Patent despite knowing that the '191 Patent was invalid, unenforceable, and/or not infringed by Plaintiff's product, which was on public sale prior to the earliest priority date of the '191 Patent; the bad faith statement actually deceived Amazon, the intended audience; the deception actually did influence purchasing decisions in that it caused Amazon.com to delist Plaintiff's products, making Plaintiff's product unavailable to purchase on Amazon, which is a primary national marketplace for interstate commerce; Defendants Ackerman and Digital Cashflow caused, directed, and intended that the false statement enter and go through interstate commerce to Amazon.com in Washington to harm Plaintiff's business; and the statement resulted in direct injury to Plaintiff and its product as intended by Defendants Ackerman and Digital Cashflow.

133.    By reason of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs and double damages and injunction to retract the false claim of infringement pursuant to the Lanham Act and as an exceptional case.

## EIGHTH CLAIM:

## INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK

### Count 1: Against Defendants Ackerman and Digital Cashflow

134.    Plaintiff re-alleges every paragraph in this Complaint.

135.    Plaintiff commenced using the mark HEAR® in interstate commerce in the United States, in association with sales of ear wax cleaning products, at least as early as September 5, 2017.



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993

136.    The United States Patent & Trademark Office has registered Plaintiff's trademark HEAR® in typed form on the Principal Register, US Reg. 5,530,072 on July 31, 2018 in International Class 010 for Medical apparatus, namely, an ear wash device in the nature of a container to be filled with appropriate fluid by the user for flushing earwax from the ear ("Plaintiff's Mark"). The HEAR trademark registration application was filed on December 30, 2017.

137.    Plaintiff is informed and believes and on that basis alleges that, at least from approximately July 2018 through approximately January 2021, Defendants Ackerman and Digital Cashflow sold the same or similar product using the mark "Hear Clearly", which is confusingly similar to Plaintiff's Mark to similar consumers through Amazon.com as well as other channels.

138.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman's and Digital Cashflow's products sold under the confusingly similar mark were related to Plaintiff and/or the conditions surrounding Defendants Ackerman's and Digital Cashflow's marketing were such that the products would be encountered by the same purchasers as Plaintiff's products under circumstances that would give rise to the mistaken belief that the goods come from a common source, resulting in the likelihood and/or actuality of customer confusion.

139.    Plaintiff developed significant good will and reputation and derives significant value from use of the HEAR® mark to identify Plaintiff's products and business.

140.    Plaintiff is the exclusive owner of the registered, statutory and common law trademark rights in the HEAR® mark for earwax removal products.

141.    Plaintiff markets and sells its products under the HEAR® throughout the United States and internationally.

142.    Defendants Ackerman and Digital Cashflow used a name confusingly similar to



Plaintiff's Mark on the packaging and labeling and advertising material for its competing product HEAR CLEARLY.

143.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman's and Digital Cashflow's use of the mark HEAR CLEARLY was confusingly similar to and likely to be confused with Plaintiff's Mark. Defendants Ackerman and Digital Cashflow used and the terms to market and sell goods and services which are substantially similar to those marketed by Plaintiff using Plaintiff's Mark, in the same geographic area, Washington as well as throughout the United States.

144.    Plaintiff is informed and believes and on that basis alleges that Defendants' Ackerman's and Digital Cashflow's infringing use was willful and knowing; that Defendants Ackerman's and Digital Cashflow's use of a term incorporating Plaintiff's Mark is confusingly similar and nearly identical to Plaintiff's Mark was without the consent of Plaintiff; that Defendants Ackerman and Digital Cashflow had knowledge of Plaintiff company, products, and mark; that Defendants Ackerman and Digital Cashflow were put on notice by Plaintiff that their use of names confusingly similar and nearly identical to Plaintiff's Mark was unauthorized; that Plaintiff had agreed to not take action against Defendants Ackerman and Digital Cashflow in August 2018 in reliance on their declaration to Plaintiff and the USPTO that they first used the term HEAR CLEARLY in commerce as early as March 25, 2017, which they subsequently alleged was a false statement; that Defendants Ackerman and Digital Cashflow continued to use the confusingly similar term HEAR CLEARLY thereafter; and that Defendants Ackerman and Digital Cashflow used a name confusingly similar and nearly identical to Plaintiff's Mark HEAR® as a product name, brand and Amazon.com listing, trading on Plaintiff's Mark and goodwill.

145.    Defendants Ackerman's and Digital Cashflow's past and ongoing infringing



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-993

activities have caused, are causing, and will continue to cause, irreparable harm to Plaintiff, which cannot be fully compensated by money damages.

146.    Plaintiff is informed and believes and on that basis alleges that Defendants Ackerman and Digital Cashflow intended to and did cause their infringing actions to continue into the future by, among other things, transferring the assets of Digital Cashflow to Defendant End Racism, including but not limited to the infringing HEAR CLEARLY brand and Amazon.com ASIN listings, and additionally by continuing public use of the email address hearclearlyteam@gmail.com, and Plaintiff will continue to suffer harm, including confusion by consumers in the marketplace.

147.    The public has an overriding interest in avoiding confusion of trade names and marks and in the enforcement of trademark laws.

148.    Plaintiff is informed and believes and on that basis alleges that Defendants have used HEAR CLEARLY, which is confusingly similar and nearly identical to Plaintiff's Mark HEAR® as product names and Amazon.com listings to advertise, ship to, and sell goods in Washington, and elsewhere, which compete with Plaintiff's goods in the same channels of commerce and has shipped these products to one or more purchasers in Washington.

149.    Plaintiff is the exclusive owner of the common law and statutory rights to the HEAR® Mark for earwax removal products.

150.    Plaintiff uses its Mark to identify Plaintiff's goods and services in commerce. Plaintiff derives substantial value, good will, and business reputation from the exclusive use by Plaintiff of Plaintiff's Mark. Because of Plaintiff's exclusive use of its registered mark and the good will and reputation associated with Plaintiff goods, Plaintiff's Mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiff's goods



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

1
2
3
and services.

4     151.    Plaintiff is informed and believes and on that basis alleges that Defendants

5  infringed and misappropriated, and on information and belief continue to do so, Plaintiff's

6  registered trademark in commerce without permission; that Defendants' infringing uses of a mark

7  confusingly similar and nearly identical to Plaintiff's registered mark are likely to and/or have

8  caused actual confusion with consumers as to the source of goods and affiliation of Defendants to

9  Plaintiff; that Defendants' infringing uses diminish the value of Plaintiff's Mark, goodwill and

10  business reputation; and that the nature and extent of misappropriation of Plaintiff's Mark by

11  Defendants was and is significant and willful.

12     152.    Plaintiff is informed and believes and on that basis alleges that Defendants' acts

13  were and continue to be willful, malicious and knowing, and that this is an exceptional case under

14  15 U.S.C. §1117.

15
16     153.    Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its

17  business, reputation, and goodwill by reasons of Defendants' unlawful acts unless Defendants are

18  restrained and enjoined, and Plaintiff is without adequate remedy at law.

19     154.    Accordingly, Defendants are liable to Plaintiff for recovery of all of their profits,

20  for Plaintiff's damages, for statutory treble damages, and for attorneys' fees and costs.

21                              **EIGHTH CLAIM:**

22          **INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK**

23                   **Count 2: Against Defendant End Racism LLC**

24     155.    Plaintiff realleges every paragraph of this Amended Complaint.

25
26     156.    The United States Patent & Trademark Office has registered Plaintiff's trademark

27  HEAR® in typed form on the Principal Register, US Reg. 5,530,072 on July 31, 2018 in

28
29



International Class 010 for Medical apparatus, namely, an ear wash device in the nature of a container to be filled with appropriate fluid by the user for flushing earwax from the ear ("Plaintiff's Mark"). The HEAR trademark registration application was filed on December 30, 2017.

157.    On information and belief, Defendant End Racism was aware or should have been aware, having been expressly warned during the due diligence process that the business was subject of a lawsuit, that Defendants Ackerman's and Digital Cashflow's use of the HEAR CLEARLY mark infringed Plaintiff's registered trademark HEAR®.

158.    On information and belief, Defendant End Racism acquired the Amazon Seller account of Digital Cashflow, including "The Ear Doctors" name and ASINs associated therewith, and thereby gained the benefit of Defendant End Racism's sales and product history associated with their infringing use of Hear Clearly to advertise and sell their products, which improves their product listing and prominence on Amazon.com, and thereby enhances sales of products under the Hear Clearly brand and The Ear Doctors' storefront.

159.    Plaintiff is informed and believes and on that basis alleges that Defendant End Racism sells the same or similar product using Plaintiff's Mark to similar consumers through Amazon.com as well as other channels, either independently or in conjunction with Defendants Ackerman and Digital Cashflow.

160.    Plaintiff is informed and believes and on that basis alleges that Defendant End Racism's products sold under Plaintiff's Mark are related to Plaintiff and/or the conditions surrounding Defendants' marketing are such that the products would be encountered by the same purchasers as Plaintiff's products under circumstances that would give rise to the mistaken belief that the goods come from a common source, resulting in the likelihood and/or actuality of customer



1

2

3
confusion.

4
161. Plaintiff has developed significant good will and reputation and derives significant

5
value from use of the HEAR® mark to identify its products and business.

6
162. Plaintiff is the exclusive owner of the registered, statutory and common law

7
trademark rights in the HEAR® mark for earwax removal products.

8
163. Plaintiff markets and sells its products under the HEAR® throughout the United

9
States and internationally.

10
164. Defendant End Racism uses a name confusingly similar to Plaintiff's Mark on the

11
packaging and labeling and advertising material for its competing product HEAR CLEARLY.

12
165. Plaintiff is informed and believes and on that basis alleges that Defendant End

13
Racism's use of the product name HEAR CLEARLY is confusingly similar to and likely to be

14
confused with Plaintiff's Mark. Defendant End Racism has used the terms to market and sell goods

15
and services which are substantially similar to those marketed by Plaintiff using Plaintiff's Mark,

16
in the same geographic area, Washington as well as elsewhere, and continues to do so.

17

18
166. Plaintiff is informed and believes and on that basis alleges that Defendant End

19
Racism's infringing use was and is willful and knowing; that Defendant End Racism's use of a

20
term incorporating Plaintiff's Mark is confusingly similar and nearly identical to Plaintiff's Mark

21
was and is without the consent of Plaintiff; that Defendant End Racism has actual knowledge of

22
Plaintiff company, products, and mark; that Defendant End Racism was put on notice by Plaintiff

23
that Defendant End Racism's use of names confusingly similar and nearly identical to Plaintiff's

24
Mark was unauthorized; that Defendants and that Defendant End Racism continues to use the

25
confusing nearly identical mark; and that Defendant End Racism uses names confusingly similar

26
and nearly identical to Plaintiff's Mark HEAR® as a product name, and Amazon.com listing,

27

28

29



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

trading on Plaintiff's Mark and goodwill.

167.    Defendant End Racism's ongoing infringing activities are causing, and will continue to cause, irreparable harm to Plaintiff, which cannot be fully compensated by money damages.

168.    Plaintiff is informed and believes and on that basis alleges that Defendant End Racism intends to continue its infringing actions in the future, and Plaintiff will continue to suffer harm, including confusion by consumers in the marketplace.

169.    The public has an overriding interest in avoiding confusion of trade names and marks and in the enforcement of trademark laws.

170.    Plaintiff is informed and believes and on that basis alleges that Defendant End Racism has used HEAR CLEARLY, which is confusingly similar and nearly identical to Plaintiff's Mark HEAR® as product names and Amazon.com listings to advertise, ship to, and sell goods in Washington, and elsewhere, which compete with Plaintiff's goods in the same channels of commerce and has shipped these products to one or more purchasers in Washington.

171.    Plaintiff is the exclusive owner of the common law and statutory rights to the HEAR® Mark for earwax removal products.

172.    Plaintiff uses its Mark to identify Plaintiff's goods and services in commerce. Plaintiff derives substantial value, good will, and business reputation from the exclusive use by Plaintiff of Plaintiff's Mark. Because of Plaintiff's exclusive use of its registered mark and the good will and reputation associated with Plaintiff goods, Plaintiff's Mark has developed significance in the minds of the public as an identifier of the source and quality of Plaintiff's goods and services.

173.    Plaintiff is informed and believes and on that basis alleges that Defendant End



Racism infringed and misappropriated Plaintiff's registered trademark in commerce without permission; that Defendants' infringing uses of names confusingly similar and nearly identical to Plaintiff's registered mark are likely to and/or have caused actual confusion with consumers as to the source of goods and affiliation of Defendant End Racism to Plaintiff; that Defendant End Racism's infringing uses diminish the value of Plaintiff's Mark, goodwill and business reputation; and that the nature and extent of misappropriation of Plaintiff's Mark by Defendant End Racism is significant and willful.

174.    Plaintiff is informed and believes and on that basis alleges that Defendant End Racism's acts were willful, malicious and knowing, and that this is an exceptional case under 15 U.S.C. §1117.

175.    Plaintiff has and will suffer immediate irreparable damage and ongoing harm to its business, reputation, and goodwill by reasons of Defendant End Racism's unlawful acts unless Defendants is restrained and enjoined, and Plaintiff is without adequate remedy at law.

176.    Accordingly, Defendant End Racism is liable to Plaintiff for recovery of all of Defendant End Racism's profits, for Plaintiff's damages, for statutory treble damages, and for attorneys' fees and costs.

## PRAYER FOR RELIEF AGAINST ALL DEFENDANTS

WHEREFORE Plaintiff prays for judgment in its favor as follows:

1.    For judgment in favor of Plaintiff against Defendants on all claims.

2.    Declaring that Plaintiff's products do not infringe any valid claim of the '191 Patent.

3.    Declaring that the claims of the '191 Patent are invalid under one or more of 35



**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

U.S.C. §§ 101, 102, 103, and 112, and/or unenforceable due to inequitable conduct.

4.     Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

5.     Enjoining Defendants temporarily, preliminarily, and permanently to immediately retract its notice of infringement complaint to Amazon.com and any other third-party sales platform it has made such accusations to, concerning Plaintiff's product and enjoin Defendants from making any future complaint regarding the '191 Patent against Plaintiff and Plaintiff's products.

6.     Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

7.     Awarding to Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

8.     Awarding Plaintiff its costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, *inter alia*, Washington's Consumer Protection Act, and the Lanham Act due to the exceptional nature of this case, or as otherwise permitted by law.

9.     Declaring Plaintiff's Mark HEAR® valid and infringed by Defendant.

10.     Enjoining and Restraining Defendants temporarily, preliminarily, and Permanently from using the name HEAR CLEARLY to advertise and/or sell products related to earwax removal.

11.     Ordering impoundment, destruction and verification of such destruction, of all products, documents, and/or things in Defendants' possession, custody or control that bear the name HEAR CLEARLY.

12.     Ordering an Accounting and Disgorgement of Defendants' profits made while



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

using Plaintiff's Mark to market, promote, and/or sell Defendants' products, whether directly or through other parties, such Accounting to include tracing the monies and property received by Defendants to its real and personal property and bank and brokerage accounts, and Disgorgement thereof.

13.     Awarding to Plaintiff compensatory, general and special, consequential and incidental damages against Defendants, in an amount to be determined at trial.

14.     Awarding exemplary, punitive, statutory, treble damages to Plaintiff against Defendants.

15.     Declaring this to be an exceptional case within 15 U.S.C. § 1117.

16.     Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law.

17.     Awarding pre- and post- judgment interest.

18.     That any monetary awards for damages, Accounting, disgorgement, attorneys' fees, costs and/or interest against Defendants Ackerman and Digital Cashflow be awarded jointly and severally against them.

19.     Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

DATED THIS <u>April 20, 2021</u>          Respectfully submitted,

<u>/s/ Kurt M. Rylander</u>
KURT M. RYLANDER, WSBA 27819
rylander@rylanderlaw.com

<u>/s/ Mark E. Beatty</u>
MARK E. BEATTY, WSBA 37076


**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931

beatty@rylanderlaw.com

RYLANDER & ASSOCIATES PC
406 West 12th Street Vancouver, WA 98660
Tel: (360) 750-9931
Fax: (360) 397-0473
Of Attorneys for EQUADOSE



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-993