THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUDIO 010, INC. dba EQUADOSE,

                                    Plaintiff,

          v.

DIGITAL CASHFLOW LLC dba HEAR
CLEARLY and/or THE EAR DOCTORS;
and CHRISTOPHER ACKERMAN, an
individual; and END RACISM LLC, dba
HEAR CLEARLY and/or THE EAR
DOCTORS,

                                    Defendants.

No. 2:20-cv-01018-DGE

PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT ON DEFAULT PURSUANT
TO F.R.C.P. 55

*Noting Date: Same Day*

COMES NOW Plaintiff pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Civil Rule 55(b), and moves the Court for entry of judgment against all Defendants. The Court previously entered default against all Defendants for failure to answer or otherwise failing to appear and defend this lawsuit. *See Dks 104 (Order Granting Default Motions for Default [against Ackerman and End Racism LLC]) and 80 (Order Adopting Report and Recommendation [entering default against Digital Cashflow LLC])*. This Motion is supported by the concurrently submitted Declaration of Tyson Triplett, the Declaration of Plaintiff's Counsel Mark E. Beatty, the pleadings in the record, Plaintiff's Initial Noninfringement and Invalidity Contentions (served

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

Page 1

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

on Defendants August 10, 2022[1]) and the contemporaneously filed Memorandum of Law.

Plaintiff moves for entry of judgment as follows, and award of damages, costs and reasonable attorney's fees, as delineated in the Claims and Prayer for Relief in the Amended Complaint (Dk 57) and as described in the subjoined Memorandum:

| Claim/Count | Description | Defendants |
|---|---|---|
| First Claim | DECLARATORY JUDGMENT OF INVALIDITY OF THE '191 PATENT | All Defendants |
| Second Claim | DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '191 PATENT | Against all Defendants |
| Third Claim | TORTIOUS INTERFERENCE WITH EXISTING CONTRACT | Against Defendants Ackerman and Digital Cashflow LLC |
| Fourth Claim | COMMERCIAL DISPARAGEMENT | Against Defendants Ackerman and Digital Cashflow LLC |
| Fifth Claim | DECEIT AND NEGLIGENT MISREPRESENTATION | Against Defendants Ackerman and Digital Cashflow LLC |
| Sixth Claim | UNFAIR COMPETITION (RCW 19.86.020 *et seq*) | Against Defendant Digital Cashflow LLC[2] |
| Seventh Claim | UNFAIR COMPETITION (LANHAM ACT SECTION 43(A), 15 U.S.C. 1125(A)(1)) | Against Defendants Ackerman and Digital Cashflow LLC |
| Eighth Claim Court 1 | INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK | Against Defendants Ackerman and Digital Cashflow |
| Eighth Claim Count 2 | INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK | Against Defendant End Racism LLC |

DATED May 31, 2023

/s/ Mark E. Beatty
MARK E. BEATTY, WSBA 37076
beatty@rylanderlaw.com
RYLANDER & ASSOCIATES PC
P.O. Box 250
Vancouver, WA 98666
Tel: (360) 750-9931
Fax: (360) 397-0473

[1] No Defendant served infringement or validity contentions on Plaintiff.

[2] The Court's order denying Defendants' motions to dismiss did order dismissal of the Sixth Claim as to Defendant Ackerman personally. Plaintiff maintains its opposition to the dismissal as to Ackerman, but in the context of this default judgment Plaintiff does not argue damages against Ackerman under that particular claim.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001                    Page 2

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

Attorney for Plaintiff



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

**MEMORANDUM OF LAW**

Plaintiff is entitled to entry of judgment on Defendants' default.  The facts establish Plaintiff's rights, Defendants' unlawful conduct, and that Defendants' unlawful conduct was willful.  All of Defendants were initially represented by counsel, until counsel withdrew for each of Defendants. Defendants' vexatious tactics needlessly inflated litigation costs. "Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability."  *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 317-18 (E.D.N.Y. 2007). The facts supporting default judgment are established by the entry of default, except for specific damages amounts.

The Amended Complaint (Dk. 57) incorporated prior pleadings Dks. 3 and 3-1 through 3-8, 4-1 through 4-3, 10 and 10-1, 16, 18 and 18-1 through 18-8, 19 and 19-1, 20 and 20-1, 21 and 21-1, 44 and 44-1 through 44-17, and 56 into the Amended Complaint. The facts attested in these pleadings are included in the "well pleaded facts" of the Amended Complaint.

**1.    First Claim: Declaration of Invalidity of the '191 Patent.**

The '191 Patent claims are invalid, under at least 35 U.S.C. §§ 102 (anticipation) and 103 (obviousness). A patent is invalid where "...the claimed invention was patented, *described in a printed publication, or in public use, on sale, or otherwise available to the public* before the effective filing date of the claimed invention..." 35 U.S.C. § 102(a)(1) (emphasis added). A patent is invalid under 35 U.S.C. § 103 "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Defendants did not establish any exception under 35 U.S.C. § 102(b), nor even plead any facts or evidence supporting an exception.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

Page 4

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

The '191 Patent's priority date and "effective filing date" are the same as its literal filing date: June 12, 2019. The '191 Patent is invalid under Sections 102(a) and/or 103 on at least three separate bases.

First, Plaintiff's accused product[3], which Defendants alleged infringe all of the '191 Patent claims, was on sale not later than May 31, 2018, prior to the '191 Patent filing date. Defendants alleged, both in their Amazon Infringement Complaint to Amazon (which resulted in Plaintiff's ASIN being removed from Amazon's online sales market)[4] as well as in Defendants' various pleadings in this case, that Plaintiff's product infringed all claims of the '191 Patent. It is axiomatic that, "That which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537, 9 S. Ct. 389, 392, 32 L. Ed. 738 (1889). Defendants' own infringement accusations, which Defendants maintained during (most of) the lawsuit and upon which Amazon based its adverse actions against Plaintiff, therefore established that Plaintiff's accused product, on sale and in public use prior to the '191 Patent filing date, anticipated and therefore invalidated the '191 Patent.

Second, the Youtube video describing Plaintiff's accused product, published March 27, 2018 (hereinafter the "Youtube Video") via *www.youtube.com*, clearly disclosed all elements of the '191 Patent claims. The Youtube video was fully accessible to the public, without restrictions, and therefore "in public use...or otherwise available to the public before the effective filing date[5] of the claimed invention [i.e. June 12, 2019]." 35 U.S.C. § 102(a).

---

[3] Both the "V2" and "V3" products, *see Dk 18 Second Declaration of Tyson Triplett in support of Plaintiff's Motion for Preliminary Injunction, at ¶ 3 & etc.*

[4] By which Defendants also attempted to force Plaintiff into arbitration under Amazon's Neutral Patent Evaluator rules.

[5] This also predates any attempt by Defendants asserting (without evidence) the one-year "exception" under 35 U.S.C. § 102(b).

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 5**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

Finally, Defendants Ackerman and Digital Cashflow executed a Declaration to the USPTO that Defendants' Hear Clearly product, the identical product described and claimed in the '191 Patent, was on sale in interstate commerce as early as March 21, 2017 – more than two-years prior to the '191 Patent filing date of June 12, 2019. That Declaration was filed with the USPTO (and also publicly accessible) on August 14, 2018, part of Defendants' amendment to obtain the registration of HEAR CLEARLY by claiming a first-use-in-commerce-date prior to Plaintiff's registered trademark for HEAR.

Defendants' Declaration included the following mandatory language:

**"DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true."**

Dk. 4-1 at p.20 (Exh. A to Declaration of Counsel Rylander [in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction]). Defendants were represented by counsel in that proceeding, and the Declaration was itself also signed by the then Attorney of Record in the application, Heather A. Sapp. Dk. 4-1 at p.21. The specimen of use, consisting of photographs of the product that Defendants declared to have been on sale – and having accrued non-diminimus actual sales – not later than March 21, 2017, was identical to the apparatus described and claimed in the '191 Patent filed more than two-years later. Dk. 4-1 at pp. 31-32; Dk. 4-2 (copy of '191 Patent); Dk. 3-8 (copy of '191 Patent attached to June 15, 2020 letter from Plaintiff's outside counsel, Jared Goff to Defendants' patent/IP counsel John Holmes and Christopher Mayle).

Defendants initially filed their trademark application (on December 5, 2017) as an "intent-to-use" application under Section 1(b), which means they had a bona fide intent to commence

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001
**Page 6**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

using the mark in interstate commerce (i.e. actual sales) within the following six-months. Dk. 4-1 at pp. 50-53. Defendants filed a Declaration on July 6, 2018 (through their Attorney of Record Ruth Khalsa) attesting they commenced "use in interstate commerce" (i.e. public sales of their Hear Clearly product) "at least as early as June 15, 2018". Dk. 4-1 at pp. 35-36.

Defendants filed the Declaration claiming the March 21, 2017 first-use date after Plaintiff initiated informal communications with Defendants because Defendants were infringing Plaintiff's registered trademark for Hear (Reg. Nr. 5,530,072), which had a first-use date of September 5, 2017. Dk. 57 at ¶ 37-43, 135 (Amended Complaint). Defendants responded to Plaintiffs' infringement communications, expressly referencing the amended first-use date filed with the Declaration acknowledging the penalties for making willful false statements. Plaintiff did not pursue claims on their trademark infringement allegations due to Defendants' Declaration. Dk. 3, ¶ 10-13 (Dec. Triplett).

After this lawsuit commenced, and after Plaintiff initiated a Trademark Cancellation Proceeding against Defendants' Hear Clearly trademark registration, Cancellation No. 92074783 (filed July 22, 2020), and after Plaintiff demonstrated in pleadings that Defendants' Declaration of first-use of March 21, 2017, demonstrated Defendants' '191 Patent was clearly invalid – and, more importantly, that Defendants were fully aware of the '191 Patent's invalidity – Defendants attempted to amend their first-use date once more, now claiming a first-use date of July 22, 2018 (the amendment filed on July 30, 2020). Defendants were represented by counsel at the time of the third amendment – both in this case and in the Cancellation Proceeding. The USPTO denied the amendment. Dec. Beatty ISO Judgment, Exhs. 2 & 3.

Defendants changed their claimed dates of first-use multiple times in order to gain unfair and unlawful advantage against Plaintiff, first to circumvent Plaintiff's legitimate trademark

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

Page 7

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

infringement allegations and then to prevent invalidating their '191 Patent. Defendants did not produce any evidence to justify any of the Declarations amending the first-use dates, much less justifying Defendants' repeated falsifications. Defendants should not be granted the benefit of their multiple false statements.

Additionally, Plaintiff served Initial Noninfringement and Invalidity Contentions on Defendants on August 10, 2022, along with the prior art references cited therein on August 12, 2022, pursuant to LR 121, attached herewith as Exhibit 4 to Declaration of Beatty ISO Judgment. Plaintiff asserts these constitute "well pleaded facts" which also establish independent bases for holding the '191 Patent invalid and unenforceable under 35 U.S.C. §§ 102(a) ("anticipation") and/or 103 ("obviousness") in combination.

Defendants' actions establish the need to declare the '191 Patent invalid and unenforceable to prevent future harassment of lawful competitors.

2.    **Second Claim: Declaration of Noninfringement.**

The well pled facts in the Amended Complaint, including incorporated evidentiary exhibits, establish that Plaintiff's accused product was publicly disclosed prior to the '191 Patent filing date, and at least as early as the March 27, 2018 Youtube Video. The fact that Plaintiff's accused product existed and was publicly on sale prior to the '191 Patent's effective filing date means that it could not, as a matter of law, infringe the '191 Patent. Dk. 57, ¶ 2 (Amended Complaint); Dk. 18, ¶ 9-12 (Second Dec. Triplett).

Defendants' infringement accusations imposed a black cloud over Plaintiff's legitimate products with real-world consequences; for example, causing Amazon - a third-party controlling a vital marketing channel – to delist Plaintiff's primary product ASIN, to the benefit of Defendants' products. Plaintiff is entitled to a finding and declaration by the Court that Plaintiff's products do

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 8**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

not infringe and did not infringe.

### 3.    Third Claim: Tortious Interference with Contract.

The well pled facts in the Amended Complaint, including incorporated evidentiary exhibits, establish that Plaintiff had a contractual relationship with Amazon, which Defendants were fully aware of (being themselves Amazon Sellers subject to an identical contract), and which Defendants interfered with by filing a knowingly false patent infringement claim against Plaintiff with Amazon, thereby causing Amazon to remove Plaintiff's primary product from Amazon's online marketplace as demanded by Defendants. Dk. 57 Amended Complaint, ¶ 8, 20, 49-59, 66, 119; Defendants filed the objectively baseless Amazon Patent Complaint intending to harm Plaintiff's sales and reputation, and to obtain unfair commercial advantage. Defendants thereafter refused to withdraw the Amazon Infringement Complaint, even after this lawsuit was filed. Dk. 3, ¶ 20 (Dec. Triplett) ("On June 19, 2020, we received an e-mail from another of Defendants' lawyers, Bill Brogan, stating "I have consulted with my client over the past few days. And, my client has decided not to retract the Amazon complaint against ASIN B075RGFQ13.")

Defendant End Racism LLC maintained the Amazon Infringement Complaint after obtaining ownership of the '191 Patent and '221 Trademark - long after this lawsuit and parallel trademark Cancellation Proceeding were filed and with full knowledge of the allegations and evidentiary bases. Defendant End Racism did not withdraw the Amazon Infringement Complaint under August 2021, in conjunction with its Motion to Dismiss. Dks. 66 (ER Motion to Dismiss) and 67-3 (Exh. To Dec. Billick). End Racism's late-in-the-game actions did nothing to mitigate the harm caused by Defendants' Amazon Infringement Complaint. End Racism did not take any action to restore Plaintiff's lost sales or reduced product ratings caused by the takedown.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001                                    Page 9

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

### 3.1.   Tortious Interference Damages

Plaintiff had on ongoing contractual relationship with Amazon as an Amazon Seller. Plaintiff did not breach its obligations under that contract. Defendants Ackerman and Digital Cashflow intentionally caused Amazon to suspend Plaintiff's contractual right to sell Plaintiff's Q13 ASIN on the Amazon.com online marketplace, Plaintiff's primary marketing and sales channel, by their knowing assertion of the invalid and unenforceable '191 patent.

Amazon removed Plaintiff's Q13 ASIN product in direct response to Defendants' unlawful interference. Plaintiff lost all sales of its Q13 ASIN product during the takedown period, from June 10 through July 21, 2020. Dk. 57, ¶ 63 (Amended Complaint); Dec. Triplett ISO Judgment, ¶ 8-12. Plaintiff's sales did not return to pre-takedown levels until March 2021. Dec. Triplett ISO Judgment, ¶ 12 (Table) and Exh. 2. These numbers do not account for the fact that Plaintiff's profit margins remained depressed even after March 2021 due in large part to increased advertising costs necessitated by Defendants' unlawful de-listing. These lost sales were directly caused by Ackerman's and Digital Cashflow's tortious interference.

Plaintiff's award of lost profits directly caused by Defendants' tortious interference is therefore:

1.    Plaintiff's lost profits during Amazon's delisting period, from June 11, 2020 through July 21, 2020, were **$91,689**.

2.    Plaintiff's lost profits during their recovery after the Amazon delisting, from August 2020 through February 2021 were **$119,362**.

## 4.    Fourth Claim: Commercial Disparagement.

Defendants published a fraudulent accusation against Plaintiff to at least Amazon, Inc., a third-party, that Plaintiff's publicly advertised and publicly sold product infringed the '191 Patent.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

Page 10



**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

Based upon the fraudulent accusation, Amazon removed Plaintiff's primary product from the Amazon online marketplace, causing Plaintiff to lose sales as well as reducing Plaintiff's product rankings in critical product categories, which reduced Plaintiff's future sales and required months of effort to restore.

Amazon is a third-party to both Plaintiff and the Defendants. Defendants had actual or at least constructive knowledge that Plaintiff's Q13 ASIN product could not infringe the '191 Patent, and in fact invalidated the '191 Patent, before Defendants made their infringement accusations to Amazon. Defendants communicated to Amazon that Defendants' '191 Patent was valid and enforceable and that Plaintiff's Q13 ASIN product infringed the '191 Patent – both of which were factually false. Defendants were aware that these statements were false. Plaintiff's Q13 ASIN product was advertised on Amazon.com in the same category as Defendants' own products. The March 2018 Youtube video was visible on Plaintiff's Amazon.com page – not simply a text-based link, but a captured image ling. Plaintiff provided actual notice to Defendants after they made their false infringement accusations to Amazon. Amazon's removal of Plaintiff's product was also a public act.

### 4.1.    Commercial Disparagement Damages

Amazon de-listed Plaintiff's Q13 ASIN product in direct response to Defendants' false and defamatory statements. Plaintiff lost all sales of its Q13 ASIN product during the takedown period, from June 10 through July 21, 2020. Dk. 57, ¶ 50; Dec. Triplett ISO Judgment, ¶ 8-12. Plaintiff's sales did not return to pre-takedown levels until March 2021. Dec. Triplett ISO Judgment, ¶ 15, 21.  These numbers do not account for the fact that Plaintiff's sales would have been even greater than the pre-takedown levels by March 2021. Plaintiff's lost profits damages attributable to Defendants' defamatory conduct substantially overlap the damages attributable to Defendants'


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

false and disparaging statements to Amazon. These lost sales were directly caused by Defendants' defamatory conduct.

Plaintiff's award of lost profits directly caused by Ackerman's and Digital Cashflow's false and disparaging statements is therefore:

1.     Plaintiff's lost profits during Amazon's delisting period, from June 11, 2020 through July 21, 2020, were **$91,689**.

2.     Plaintiff's lost profits during their recovery after the Amazon delisting, from August 2020 through February 2021 were **$119,362**.

**5.     <u>Fifth Claim: Deceit and Negligent Misrepresentation.</u>**

Defendants Ackerman and Digital Cashflow made knowingly false statements to Amazon that the '191 Patent was valid and infringed by Plaintiff's product. Ackerman and Digital Cashflow knew the '191 Patent was invalid and/or unenforceable based on the fact that Defendants were, according to their own declaration filed with the USPTO in the '221 Trademark application, publicly selling the apparatus described and claimed in the '191 Patent from at least as early as March 25, 2017, more than two-years before the effective filing date of the '191 Patent (June 12, 2019). Dk. 57, ¶ 39-41 (Amended Complaint). Defendants were also in possession of the March 27, 2018, Youtube Video showing Plaintiff's accused product was publicly advertised and on sale more than one-year before the '191 Patent's effective filing date. Nothing dissuaded Defendants from their knowingly false course of action. Dk. 3, ¶ 20 (Dec. Triplett).

Amazon had no knowledge of the falsity of Defendants' accusations, and therefore removed Plaintiff's primary product ASIN from Amazon.com based upon Defendants' infringement complaint and the false statements therein. Amazon reinstated Plaintiff's ASIN after Plaintiff delivered to Amazon (on or about July 2, 2020) copies of the Complaint (Dk 1), Motion

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 12**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

for Temporary Restraining Order and Preliminary Injunction (Dk 2), Declarations of Triplett and Exhibits thereto (Dks. 3 through 3-8) and Declaration of Rylander and Exhibits thereto (Dks. 4 through 4-3). However, Amazon did not complete the reinstatement of Plaintiff's ASIN until July 21, 2020. Therefore, Plaintiff's primary product ASIN was completely gone from the Amazon.com online marketplace for thirty-nine (39) days, from June 11, 2020, through July 20, 2020.

End Racism was fully complicit in the deceitful enforcement actions, with full knowledge that the '191 Patent and '221 Trademarks were invalid and obtained by fraud. Defendant End Racism executed an assignment with Defendant Digital Cashflow in December 2020, more than five-months after this lawsuit commenced and with full knowledge of the declaration of use in 2017, as these documents were contained in publicly filed pleadings in this case, but End Racism maintained the infringement complaint with Amazon against Plaintiff. End Racism continued enforcing the '191 Patent against third-parties as late as April 2021, filing infringement complaints and takedown demands with Amazon at least as late as March 2021, which resulted in competitors' products being removed from the Amazaon.com marketplace. End Racism continued its enforcement actions even after the Amended Complaint named End Racism as a Defendant and did not withdraw the Amazon infringement complaint until August 2021.

End Racism's continued enforcement attempts through Amazon were with full knowledge that the '191 Patent was invalid and unenforceable.

### 5.1.    Deceit and Misrepresentation Damages

Amazon de-listed Plaintiff's Q13 ASIN product in direct response to Defendants' misrepresentations regarding the validity of the '191 Patent and infringement by Plaintiff's products. Plaintiff lost all sales of its Q13 ASIN product during the takedown period, from June 10 through July 21, 2020. Dk. 57, ¶ 50; Dec. Triplett ISO Judgment, ¶ 8-12. Plaintiff's sales did

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 13**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

not return to pre-takedown levels until March 2021. Dec. Triplett ISO Judgment, ¶ 15, 21.  These numbers do not account for the fact that Plaintiff's sales would have been even greater than the pre-delisting levels by March 2021. Plaintiff's lost profits damages attributable to Defendants' tortious misrepresentations substantially overlap the damages attributable to Defendants' Tortious Interference (Third Claim) and Commercial Disparagement (Fourth Claim). These lost sales were directly caused by Defendants' knowing misrepresentations.

Amazon is a third-party to both Plaintiff and the Defendants. Defendants had actual or at least constructive knowledge that Plaintiff's Q13 ASIN product could not infringe the '191 Patent, and in fact invalidated the '191 Patent, before Defendants made their infringement accusations to Amazon. Defendants communicated to Amazon that Defendants' '191 Patent was valid and enforceable and that Plaintiff's Q13 ASIN product infringed the '191 Patent – both of which were factually false. Defendants were aware that these statements were false. Plaintiff's Q13 ASIN product was advertised on Amazon.com in the same category as Defendants' own products. The March 2018 Youtube video was visible on Plaintiff's Amazon.com page – not simply a text-based link, but a captured image ling. Plaintiff provided actual notice to Defendants after they made their false infringement accusations to Amazon. Amazon's removal of Plaintiff's product was also a public act.

Amazon removed Plaintiff's Q13 ASIN product in direct response to Defendants' deceitful statements. Plaintiff lost all sales of its Q13 ASIN product during the takedown period, from June 10 through July 21, 2020. Dk. 57, ¶ 50; Dec. Triplett ISO Judgment, ¶ 8-12.. Plaintiff's sales did not return to pre-takedown levels until March 2021. Dec. Triplett ISO Judgment, ¶ 15, 21.  These numbers do not account for the fact that Plaintiff's profits would have been even greater than the pre-takedown levels by March 2021. Plaintiff's lost sales damages attributable to Defendants'



deceit and misrepresentations substantially overlap the damages attributable to Defendants' tortious interference. These lost sales were directly caused by Defendants' deceitful conduct.

Plaintiff's award of lost profits directly caused by Ackerman's and Digital Cashflow's deceit and misrepresentations (Fifth Claim) is therefore:

1.    Plaintiff's lost profits during Amazon's delisting period, from June 11, 2020 through July 21, 2020, were **$91,689**.

2.    Plaintiff's lost profits during their recovery after the Amazon delisting, from August 2020 through February 2021 were **$119,362**.

**6.    Sixth Claim: Unfair Competition (RCW 19.86.020 et seq.) (against Defendant Digital Cashflow LLC).**

The Court dismissed the personal claim against Defendant Ackerman under the Sixth Claim, but the claim against Defendants Digital Cashflow was maintained. Dk. 80 (Order Adopting Magistrate Recommendation).

Under Washington law "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. Washington Unfair Competition claims, in this case, include both common law trademark infringement which is likely to cause confusion in the relevant marketplace, and deceptive acts intended to, and actually causing, competitive harm.

Defendants engaged in unfair competition by fraudulently initiating and maintaining invalid enforcement actions with one or more third-parties against Plaintiff and other vendors, based upon knowing and intentional misrepresentations that the '191 Patent was valid, enforceable and infringed by Plaintiff's product. Defendants perpetrated their scheme by filing complaints with a third-party public marketplace, Amazon.com, and seeking to manipulate Amazon's internal

MOTION FOR ENTRY OF JUDGMENT
Case No. 02:20-cv-01018-DGE
5/31/2023 3:21:04 PM EQUA.001
Page 15

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

Neutral Patent Evaluator (NPE) procedures to impose unfair financial costs on Plaintiff to compel Plaintiff to surrender its right to free and fair competition.

The NPE procedures are nonmandatory contractual dispute resolution terms contained in the Amazon Sellers Agreement[6], subject to Washington state law, but they proscribe the accused infringer from asserting defenses of invalidity, inequitable conduct or other bases of unenforceability – i.e. the NPE process presumes the asserted patent is valid and enforceable and the only defense permitted to an accused infringer is to argue its product does not infringe.

Defendants relied upon the daunting costs of defending patent infringement claims in court to attempt to force accused infringers – including Plaintiff – into unfair settlements or constrain them into accepting the NPE procedures, knowing accused infringers – including Plaintiff – could not attack the '191 Patent itself.

Defendants also engaged in unfair competition by making knowing misrepresentations to Plaintiff about the first use in commerce date of Defendants' Hear Clearly mark, in order to avoid enforcement of Plaintiff's Hear trademark against Defendants. Defendants lied directly to Plaintiff in written communications. Defendants also knowingly filed a false declaration of use with the USPTO, which induced the USPTO to accord an earlier priority date for Defendants' trademark registration application to predate Plaintiff's own registration for their Hear mark. The false first use in commerce date appeared on the face of the published Certificate of Registration, and is publicly searchable through the USPTO TESS website available at *https://www.uspto.gov/trademarks*. The TESS site does not require an account, username or password to access. Defendants published advertising to the public, via its Amazon.com storefront,

---

[6] The Amazon Sellers Agreement, requires arbitration for disputes between sellers, except that intellectual property disputes are expressly excepted from the mandatory arbitration terms.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

product advertisements and product markings, that the Hear Clearly trademark was an enforceable, federally registered trademark, and that Defendants owned equally enforceable common law trademark rights – under state and federal law - dating back to their published priority claim of "at least as early as March 21, 2017".

Defendants' public assertions that they owned enforceable intellectual property rights in the form of the '191 Patent and the Hear Clearly trademark (under both state and federal law) were knowingly false and made with the intention of harming lawful competition, which harmed both the public and Plaintiff.

Defendants' fraudulent campaign of enforcing invalid intellectual property rights caused Amazon to take down Plaintiff's primary product ASIN, as well as the products of other competitors, and did not cease until Plaintiff brought them to account before this Court.

Plaintiff's award of lost profits directly caused by Digital Cashflow's scheme of fraudulent enforcement of intellectual property rights is therefore:

1.   Plaintiff's lost profits during Amazon's delisting period, from June 11, 2020 through July 21, 2020, were **$91,689**.

2.   Plaintiff's lost profits during their recovery after the Amazon delisting, from August 2020 through February 2021 were **$119,362**.

Defendant's actions were knowing and willful. Defendant had no objective bases to allege infringement of the '191 Patent which they knew to be invalid, based upon their own Declaration of first use in March, 2017. Defendant was also aware of Plaintiff's March 27, 2018 Youtube video when Defendant asserted the fraudulent infringement claim with Amazon, not later than August 2018 when Defendant and Plaintiff engaged in a trademark dispute demonstrating Defendant was well aware of Plaintiff's products and advertising. The Youtube video was available and visible

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001
**Page 17**

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

on Plaintiff's Amazon store front at the time. Defendant maintained their implausible infringement contentions even after receiving proof of Plaintiff's pre-June 2019 sales. Defendant's conduct was therefore willful and malicious, entitling Plaintiff to an award of treble damages and attorney's fees. Treble damages amount to $633,153.

**7.    Seventh Claim: Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a)(1)).**

The Lanham Act, 15 U.S.C. § 1125(a)(1), prohibits any person from using a mark which is similar to another person's mark in a manner which is likely to cause confusion as to origin, affiliation or association with a third-party (subsection (A)), and further prohibits false or misleading descriptions or representations of fact which misrepresent the nature, characteristics or commercial activities of that person causing unfair commercial advantage (subsection (B)). Defendants violated both of subsections (A) and (B), causing substantial damages to Plaintiff.

Defendants' Hear Clearly mark fully incorporated the entire literal element of Plaintiff's Hear mark. Defendants sold a very similar product, in direct competition against Plaintiff, in the same marketing channels as Plaintiff, under this confusingly similar (nearly identical) mark, creating a clear likelihood of confusion among relevant consumers. Defendants freeloaded off Plaintiff's hard-earned goodwill in the market for ear washing products (Plaintiff's product was the top-rated product in that category on Amazon.com). Defendants' sales benefitted by intentionally usurping Plaintiff's goodwill.

Defendants also publicly misrepresented their product as patented, and their trademark as registered and in use since at least March 21, 2017, despite knowing the patent and trademark registration were obtained through fraud and unenforceable. Defendants published knowingly fraudulent infringement claims against Plaintiff to third-parties, including Amazon. Defendants' fraudulent infringement accusations and fraudulent enforcement scheme induced Amazon to de-



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

list Plaintiff's primary product ASIN from June 1 to July 22, 2020, directly causing Plaintiff to lose all sales revenues for that ASIN during that time period.

In addition to damages due to lost sales during the Takedown Period, Plaintiff suffered reduced sales even after its ASIN was reinstated, because Plaintiff's Amazon Ratings dropped during the Takedown Period. The reduced Amazon Ratings resulted in Plaintiff's product being listed lower down on the Amazon product page, and thus reduced visibility to relevant consumers and reduced credibility among relevant consumers. Plaintiff's product had achieved steady month-on-month sales increases prior to the Takedown Period. After the Takedown Period, Plaintiff's sales again increased steadily over time – but restarting from zero sales rather than its previous levels. It required an additional seven months for Plaintiff to regain its pre-Take Down sales volumes, although at a lower profit margin due to increased advertising costs necessitated by Defendants' fraudulent takedown.

Plaintiff is therefore entitled to its lost revenues during the Takedown Period, as well as the difference between its reduced post-Takedown Period sales and pre-Takedown Period sales through February 2022.

Defendants utilized a brand name, "Hear Clearly", which was confusingly similar to Plaintiff's HEAR trademark, to sell products directly competing against Plaintiff's products in the same marketing channels, including but not limited to Amazon.com, eBay.com, and through the Parties' respective company websites. Defendants' infringing sales included ear washing kits, as well as associated consumables such as replacement tips for the apparatus and the cleaning solution used by the apparatus.

Additionally, Defendants carried out a scheme against Plaintiff and other competitors to carry out unlawful enforcement actions, based on knowingly invalid intellectual property rights,

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001                                                     **Page 19**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

seeking to coerce falsely accused competitors into Amazon's Neutral Patent Evaluator process (the "NPE"). Defendants sought to constrain targeted competitors by invoking the NPE process, because the NPE process is confidential (so prevents targeted competitors from sharing information) and the NPE process excludes defenses of invalidity, unenforceability and fraud – the NPE process only address infringement vs. noninfringement. Defendants therefore would never have to defend their fraudulent '191 Patent, and knew that Amazon Sellers would feel immense pressure to accept the NPE process and/or just pay a royalty to Defendants in their pay-to-play scheme.

Defendants' intent, obvious from their conduct, is also evidenced by their attorney's communication during the course of litigation in which he suggested dropping the challenge to the '191 Patent on the theory that, by allowing the '191 Patent to live (in spite of clearly being invalid) Plaintiff would gain the benefit of Defendants' frivolous enforcement actions in suppressing other lawful competitors. Defendants' other attorney, realizing they were proposing an improper scheme to suppress lawful competition, withdrew the offer shortly afterward, but the communications clearly displayed Defendants' intent to use the invalid '191 Patent to suppress competition through confidential NPE enforcement actions.

### 7.1    Unfair Competition Damages.

Amazon removed Plaintiff's product listing, ASIN# B075RGFQ13 (the "Q13" ASIN), after its June 10, 2020 notice, in response to Defendants' fraudulent infringement complaint and demand to invoke Amazon's internal arbitration system referred to as a Neutral Patent Evaluator[7].

---

[7] "Neutral Patent Evaluator" (NPE) is a misnomer because, as discussed above, the Amazon NPE process does not evaluate the asserted patent and does not permit an accused infringer to challenge the validity or enforceability of an asserted patent, thereby severely constraining an accused infringer's ability to defend themselves, which was Defendants' intent.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001


**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

Defendants refused to withdraw their fraudulent infringement complaint even after Plaintiff delivered irrefutable proof that Plaintiff's accused product was publicly disclosed and on sale more than one-year prior to Defendants' patent application was filed. Amazon maintained the takedown against Plaintiff's product because Defendants refused to withdraw their fraudulent infringement claim.

Plaintiff also delivered a copy of the Complaint and initial pleadings in this case on Amazon. After reviewing the evidence, including Dk 3 and exhibits 3-1 through 3-8 as well as Dk 16, Amazon reinstated Plaintiff's product listing and stated that Amazon would take no further enforcement action until this case resolved. Defendants still did not withdraw request Amazon to withdraw infringement complaint until on or around May 3, 2021, and did not enter an nonenforcement undertaking until August 6, 2021.

Prior to June 2020, Plaintiff's product sales were on a steady growth curve. In June 2020, sales crashed due to the Amazon delisting. Commencing in August 2020 sales started returning to their prior growth rate, but starting from a severe deficit. Delisting Plaintiff's ASIN caused a direct loss of sales during the delisting. Delisting also caused Plaintiff's product rating to lose its 1st place Amazon.com ranking. This rating is critical to sales, because the top-rated products are listed at the top of customer searches in that category. The ASIN is the "product", so even if the identical item is listed by the same seller under a secondary ASIN (which is common among Amazon sellers), that secondary ASIN does not receive the benefit of the product rating from the primary ASIN and so remains somewhat invisible.

Plaintiff's primary Q13 ASIN eventually returned to its top product rating, but not until approximately nine-months after being reinstated and return to steady sales growth. During this return to pre-delisting sales growth, Plaintiff lost $211,051 in profits that would have occurred if

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 21**

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

not for the delisting and consequent drop in product rating.

The nexus is established by the correlating the sales and sales growth to the critical dates. Prior to the June 2020 delisting Plaintiff's Q13 ASIN was the category leader in sales and Plaintiff's sales were growing steadily. After the delisting Plaintiff's sales tanked. After the reinstatement, Plaintiff's Q13 ASIN product again rose to the top seller status after a long delay. It is clear that Plaintiff's lost sales were caused by Defendants' unlawful interference, not a failure of Plaintiff's product nor any other factors.

Plaintiff is entitled to recover at least these lost sales caused by Defendants': (1) knowingly enforcing the invalid '191 Patent and knowingly, intentionally, causing Amazon to delist Plaintiff's Q13 ASIN, and (2) willfully utilizing the infringing "Hear Clearly" mark to compete against Plaintiffs' products and undermine Plaintiff's brand identity in Plaintiff's HEAR trademark:

1.    Plaintiff's lost profits during Amazon's delisting period, from June 11, 2020 through July 21, 2020, were **$91,689**.

2.    Plaintiff's lost profits during their recovery after the Amazon delisting, from August 2020 through February 2021 were **$119,362**.

These lost sales were directly caused by Defendants' fraudulent patent enforcement action.

**8.    Eighth Claim: Willful Trademark Infringement**

Defendants, each of them and all of them, directly profited by (1) using unlawful means to intentionally suppress Plaintiff's sales and (2) usurping Plaintiff's good will by willfully infringing Plaintiff's registered trademark.

Defendants utilized a brand name, "Hear Clearly", which was confusingly similar to Plaintiff's HEAR trademark, to sell products directly competing against Plaintiff's products in the

MOTION FOR ENTRY OF JUDGMENT
Case No. 02:20-cv-01018-DGE
5/31/2023 3:21:04 PM EQUA.001

Page 22

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

same marketing channels, including but not limited to Amazon.com, eBay.com, and through the Parties' respective company websites. Defendants' infringing sales included ear washing kits, as well as associated consumables such as replacement tips for the apparatus and the cleaning solution used by the apparatus. Plaintiff's sales of such "Related Products" – i.e. replacement tips and cleaning solution. The profits calculations above do not account for these additional sales revenues, because discovery in this case did not progress that far before Defendants' default. Therefore, awarding profits of $29,835 per year, based solely upon estimated sales of complete ear wash apparatus and applying a generously low 20% profit margin, is a very conservative calculation of illicit profits. Rather than being an enhancement, the award is an understatement, but it is grounded in reasonably verifiable numbers from Defendants and therefore an appropriate basis for damages in the context of this default judgment.

Defendants' post-August 2018 infringing sales, and post-December-2020 infringing sales, commenced by Defendant End Racism after allegedly purchasing the business assets of Defendants Ackerman and Digital Cashflow, were clearly willful, with full knowledge of Plaintiff's '072 Registration and Defendants' fraudulent conduct in obtaining their '221 Registration. Additionally, Defendants worked together, at least in that Ackerman and Digital Cashflow knowingly transferred infringing inventory to End Racism along with designs and supplier information to purchase and sell additional infringing inventory for sale. 15 U.S.C. § 1117(a).

### 8.1    Declaration that Plaintiff's HEAR trademark is valid and infringed.

Plaintiff's HEAR trademark was duly registered by the USPTO, Registration Nr. 5,530,072, registration date July 31, 2018, for goods in International Class 010. Defendants Ackerman and Digital Cashflow fraudulently obtained a registration for Hear Clearly by

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

Page 23

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

submitting a false declaration that the Hear Clearly was in use in commerce "at least as early as March 25, 2017". This false date was intended to obtain an earlier Priority Date over Plaintiff's xxx Registration, and thereby call into question the validity and/or enforceability of Plaintiff's '072 Registration. Even though Defendants' '221 Registration has now been cancelled (Defendants Digital Cashflow and then End Racism failed to respond to TTAB deadlines), a declaration of validity of Plaintiff's '221 Registration from this Court is still necessary in order to remove the cloud over Plaintiff's '072 Registration created by the publicly searchable date of earlier use fabricated by Defendants Ackerman and Digital Cashflow. The Cancellation Proceeding did not proceed to evidentiary hearings, so third-parties may continue to question the validity of Plaintiff's '072 Registration for HEAR absent a declaration of invalidity.

**8.2    Eighth Claim, Count 1: Willful Infringement of a Registered U.S. Trademark (against Defendants Ackerman and Digital Cashflow LLC).**

Plaintiff directly notified Defendants of Plaintiff's HEAR mark, and the '072 Registration, as early as August 12, 2018, when Amazon notified them that Plaintiff filed an infringement complaint with Amazon, causing Amazon to take down Defendants Hear Clearly products. Dk. 57, ¶ 37 (Amended Complaint); Dk. 3-5, pp. 2-3 (Dec. Triplett). Defendants responded to Plaintiff's notice by falsely stating to Plaintiff that Defendants had been selling their product under the Hear Clearly mark since "April 2017", and later filed a declaration with the USPTO that their products had been sold under the Hear Clearly mark since March 21, 2017. Faced with Defendants' declaration to the USPTO – filed under express notice that "...willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of...any registration resulting therefrom..." – Plaintiff reasonably relied upon this declaration and withdrew the trademark infringement

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001                                    **Page 24**

RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

complaint with Amazon.

Plaintiff initiated a cancellation proceeding against Defendants' Hear Clearly registration (Registration Nr. 5,567,221) at the USPTO on July 22, 2020, after Defendant Ackerman's July 13, 2020, Declaration in this case, in which he admitted that his August 2018 Declaration to the USPTO in the Hear Clearly prosecution claimed a false first sale date. Dk 16 at ¶ 6. Again, Defendants were represented by counsel in their application for the Hear Clearly trademark registration[8].

Defendants Ackerman and Digital Cashflow continued to sell their products under the infringing mark Hear Clearly, in spite of their actual knowledge of Plaintiff's registered mark Hear. Defendants did not cease selling products under their infringing mark even after this lawsuit was filed, nor even after the Cancellation Proceeding was filed. They continued their infringing conduct until they allegedly transferred the business line, with the '191 Patent and Hear Clearly mark, to Defendant End Racism LLC in a sham transaction. In fact, even after allegedly selling off the Hear Clearly line of business to Defendant End Racism in December 2020, Ackerman continued to use the email address *hearclearlyteam@gmail.com* until April 29, 2021.

**8.3     Eighth Claim, Count 2: Willful Infringement of a Registered U.S. Trademark (against Defendant End Racism LLC).**

Defendant End Racism obtained possession of Ackerman's and Digital Cashflow's business in December 2020, more than five-months after this lawsuit commenced and nearly five-months after Plaintiff commenced the Cancellation Proceeding against the Hear Clearly trademark registration. The "for sale" offering published by Defendants Ackerman and Digital Cashflow included a notice that the business was subject of a lawsuit. The pleadings in this lawsuit have

---

[8] The false Declaration was personally signed by Defendant Ackerman.

MOTION FOR ENTRY OF JUDGMENT
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**Page 25**

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

been publicly accessible since the lawsuit was filed via the Federal Courts' PACER system. The pleadings in the Cancellation Proceeding have been publicly accessible – and part of the prosecution history of the Hear Clearly '221 Registration – through the USPTO TESS system.

It is implausible that Defendant End Racism and its founder/owner, Mr. Oconnor, were unaware of the lawsuit or Defendant Ackerman's fraudulent conduct described in the various pleadings, even admitted by Defendant Ackerman in his July 2020 Declaration (Dk 16). Yet, Defendant proceeded with the transaction nonetheless, and continued the infringing sales thereafter – *even after being named as a Defendant in this lawsuit*.

### 8.4   Trademark Infringement Damages

Defendants' first sale under their infringing Hear Clearly mark (according to their amended Declaration of Use filed after this case commenced) was July 30, 2018, more than ten-months after the '072 Registration issued. All of Defendants' sales under the Hear Clearly mark infringed Plaintiff's '072 Registration in violation of 15 U.S.C. § 1114(1)(a) and § 1125(a)(1).

Plaintiff is entitled "...to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). In assessing profits, "[P]laintiff shall be required to prove only defendant's sales...". For willful infringement, as in this case, the Court may award up to treble damages. 15 U.S.C. § 1117(a).

> "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty."

Plaintiff is entitled to recover Defendants' sales revenues from July 30, 2018. Discovery was not complete at the time of default and Defendants' sales and revenue numbers had not yet been produced, so the Court may utilize a reasonable substitute to estimate Defendants' sales, but utilizing the volume of inventory admitted by Defendant End Racism during the course of

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

litigation, which would be a conservative measure of damages.

Defendants admitted to having six-thousand-five-hundred (6,500) units in inventory for sale in early 2021, including 5,000 units of new inventory ordered by Defendant End Racism, which Defendant End Racism stated was new inventory - purchased by End Racism after purchasing the line of business in December 2020. Dk. 57, ¶ 18, 65 (Amended Complaint). Defendants were selling those units on Amazon.com for $22.95 per unit. Dk 57-6 (Exhibit 10 to the Amended Complaint) through at least 2021.

However, Defendant End Racism LLC admitted to certain facts during the course of litigation, although they never filed an answer to the Amended Complaint. End Racism admitted that at the time Digital Cashflow's assets were transferred to End Racism, this included 1,500 "Hear Clearly" branded ear wash kit units remaining in inventory. End Racism also admitted that, immediately after the December 2020 transfer, they purchased and received an additional 5,000 "Hear Clearly" branded units and continued to sell these products under the infringing Hear Clearly brand. Dec. Beatty ISO Judgment, ¶ 6-7 & Exh. 3. As of April, 2021, Defendants were still selling their Hear Clearly branded product on Amazon.com for $22.95 (Dk 57-4, Exhibit 8 to Amended Complaint, at p.1) and continued selling them during the course of litigation.

Using the 6,500 units of new inventory as a very low proxy for annual sales, yields four (4) years of sales at 6,500 units-per-year, at $22.95, for total estimated gross sales of $149,175 per year for each of 2018, 2019, 2020 and 2021. Plaintiff is not required to prove deductions against sales to determine Defendants' profits, but under the circumstances of this case, Plaintiff is willing to stipulate to a twenty-percent (20%) profit margin applicable to Defendants' gross sales. Twenty-percent is the lowest profit margin Plaintiff experienced during the 2020-2021 period, so in fairness Plaintiff agrees to apply this to Defendants' sales, yielding $29,835 illegal profits per year

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001
**Page 27**

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

($149,175 times 0.20).

Plaintiff's award of Defendants' profits from their infringement of Plaintiff's HEAR registered trademark (Seventh and Eighth Claims) is therefore:

2018:   **$29,835**, against Defendants Ackerman and Digital Cashflow.

2019:   **$29,835**, against Defendants Ackerman and Digital Cashflow.

2020:   **$29,835**, against Defendants Ackerman and Digital Cashflow.

2021:   **$29,835**, against Defendant End Racism LLC.

**9.      This is an "exceptional case" justifying awarding attorney's fees.**

The Lanham Act provides for awarding reasonable attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117. The Patent Act also provides an award of attorney fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. This is an "exceptional case" under both statutes. Defendants' actions throughout this dispute, commencing as far back as August 2018, were saturated with fraud, dishonesty and abusive enforcement of knowingly invalid intellectual property rights, part of a general scheme to shake down competitors. Additionally, Washington law provides for award of attorney's fees to the prevailing party under RCW 19.86.090.

The standards for determining an "exceptional case" are similar whether under the Patent Act, the Lanham Act or the Copyright Act, considering the totality of the circumstances. "[A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014)(Patent case, citing *Fogerty v. Fantasy, Inc.*, 510 U.S.

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001



RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)(copyright case)). Defendants intentionally filed a false amended statement of use with the USPTO in August, 2018, in order to obtain the '221 Registration and cause Plaintiff to drop their trademark infringement allegations by falsely declaring use in commerce as early as March 2017. Dk 16 ¶ 4-6 (Dec. Ackerman, admitting to false statement in declaration of use). Not only was this false and deceptive, but the communications establish without doubt that Defendants were aware of Plaintiff's federally registered trademark and products.

Defendants knew that Digital Cashflow asserted in a Declaration, dated August 14, 2018 (prior to the '191 Patent filing date) that their ear wash apparatus, identical to the apparatus claimed in the '191 Patent, was on public sale at least as early as March 25, 2017. Defendants later filed a different Declaration after this lawsuit was filed and made clear that their prior Declaration invalidated the '191 Patent and constituted inequitable conduct *per se*. Defendants were aware of Plaintiff's products at least as early as August 2018, and therefore had constructive notice of the March 27, 2018 Youtube video publicly disclosing Plaintiff's "V2" product, which rendered the '191 Patent invalid. Ackerman did not disclose this publication to the USPTO during examination. In spite of this knowledge, Defendants went forward with their infringement complaint to Amazon. Defendants refused to withdraw their Amazon patent infringement complaint even after Plaintiff provided irrefutable evidence demonstrating both that Plaintiff's product could not infringe (because it pre-dated Defendants' patent application), and that Defendants' '191 Patent was invalid and unenforceable. Plaintiff was thereby forced to file this lawsuit. Defendants refused to withdraw their patent infringement charges even after this lawsuit was filed, and in fact continued enforcement actions against other parties. Dk 1 (Complaint); Dk. 57 (Amended Complaint); Dk. 3, ¶ 20 (Dec. Triplett); Dk. 20 (Dec. Martin). Defendants refused to cooperate in discovery and

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**RYLANDER**
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

assigned the '191 Patent and '221 Registration in secret, not even disclosing it to their own attorneys, causing havoc and initiating a flurry of pleadings, an Amended Complaint, and subsequently leading to the noisy withdrawal of Defendants' counsel.

Defendants absolutely had actual knowledge of the Youtube video and Plaintiff's sales of its accused product commencing in May 2018 by not later than June 15, 2020, via the response letter from patent attorney Jared Goff (Dk. 3-8). Defendants had further confirmation by June 30, 2020, of the '191 Patent's invalidity and noninfringement by Plaintiff's products with the filing of the Complaint (Dk 1) and contemporaneous declarations and evidentiary exhibits seeking a temporary restraining order and/or preliminary injunction (Dks. 3, 4, 18, 19, 20 and exhibits thereto). Defendants still refused to withdraw the infringement complaint.Defendant End Racism continued Ackerman/Digital Cashflow's fraudulent scheme. Defendant End Racism, acquiring the '191 Patent and '221 Registration approximately six-months after this lawsuit commenced and after the parallel Cancellation Proceeding commenced, continued Amazon enforcement actions with the '191 Patent and did not withdraw the Amazon enforcement action against Plaintiff until months after being named an additional Defendant. End Racism later filed a future nonenforcement declaration in a concession that the '191 Patent was clearly invalid and unenforceable.

Defendant End Racism LLC had full knowledge of this lawsuit and the evidence demonstrating the invalidity of the '191 Patent, but proceeded with the purchase, did not immediately and voluntarily withdraw the infringement complaint, and continued to enforce the '191 Patent against other parties. Defendants, each of them and all of them, agreed to court-assisted mediation but then did not negotiate in good faith.

All of the Defendants lacked any objectively reasonable bases to file the initial

**MOTION FOR ENTRY OF JUDGMENT**
**Case No. 02:20-cv-01018-DGE**
5/31/2023 3:21:04 PM EQUA.001

**RYLANDER**
**& ASSOCIATES PC**
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com

infringement complaint, and to maintain the complaint thereafter.

Additionally, Defendants' litigation tactics were vexatious, in bad faith, and unnecessarily prolonged the litigation and drove up costs. *See, e.g., Dks. 44, 95, 96, 97, 98 and 104, and exhibits thereto*. Defendants, each of them and all of them, refused to comply with their discovery obligations, failed to appear for scheduled hearings, and eventually just stopped responding, forcing Plaintiff to seek a default through the Court.

This case squarely falls within the sort of behavior constituting an "exceptional case": knowing fraud, false declarations to the USPTO and the Court, dilatory litigation tactics intending to, and actually causing, Plaintiff to incur unnecessary costs, and continuing their fraudulent enforcement conduct in parallel with this litigation.

### CONCLUSION

Plaintiff respectfully requests entry of Judgment, including:

1.     An Order declaring the '191 Patent invalid and unenforceable.

2.     An Order declaring that Plaintiff did not and does not infringe the '191 Patent.

3.     An Order declaring U.S. Trademark Serial Number 5,530,072 valid and infringed by Defendants advertisement and sales of ear wash products under the Hear Clearly mark.

4.     Awarding Plaintiff damages for Plaintiff's lost profits on the Third, Fourth, Fifth and Seventh Claims in the amount of $211,051 jointly and severally against Defendants Ackerman and Digital Cashflow.

5.     Awarding Plaintiff damages for Plaintiff's lost profits on the Sixth Claim against Defendant Digital Cashflow in the amount of $211,051, trebled to $633,153.

6.     Awarding Plaintiff Defendants' profits on the Eighth Claim (Counts 1 and 2) during the period 2018 through 2021 of $29,835 per year, trebled to $89,505 per year.



7.     Awarding Plaintiff their costs in this lawsuit, jointly and severally against all Defendants.

8.     An Order finding this to be an "exceptional case" under 35 U.S.C. § 285, and awarding Plaintiff their reasonable attorney's fees and in this lawsuit jointly and severally against all Defendants.

9.     An Order finding this to be an "exceptional case" under 15 U.S.C. § 1117(a), and awarding Plaintiff their reasonable attorney's fees and in this lawsuit jointly and severally against all Defendants.

10.     Awarding Plaintiff post-judgment interest on state and federal claims.

For Plaintiff:

Dated this: May 31, 2023

By: s/Mark E. Beatty/
Mark E. Beatty, WSBA No. 37076
Kurt M. Rylander, WSBA No. 27819

RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Tel: (360) 750-9931; Fax: (360) 397-0473
rylander@rylanderlaw.com
beatty@rylanderlaw.com

Attorneys for Plaintiff

This pleading contains 8133 words, not including the header page and summary, in compliance with LR 7(e)(3).

Dated this: May 31, 2023

By: s/Mark E. Beatty/
Mark E. Beatty, WSBA No. 37076


RYLANDER
& ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
(360) 750-9931 www.RylanderLaw.com