UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUDIO 010 INC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DIGITAL CASHFLOW LLC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:20-cv-01018-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 118) |

## I    INTRODUCTION

Plaintiff moves for reconsideration of the Court's order (Dkt. No. 116) granting in part and denying in part Plaintiff's motion for default judgment (Dkt. No. 107). (Dkt. No. 118.) In particular, Plaintiff challenges the Court's denial of default judgment with respect to two of Plaintiff's causes of action: "commercial disparagement" and "deceit and negligent misrepresentation." (*Id.* at 1.) For the reasons below, the Court DENIES Plaintiff's motion.

## II    LEGAL AUTHORITY

"Motions for reconsideration are disfavored" and "will ordinarily [be] den[ied]" absent "a showing of manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). A

motion for reconsideration must identify "with specificity the matters which the movant believes were overlooked or misapprehended by the court."  LCR 7(h)(2).

### III    DISCUSSION

Plaintiff challenges the Court's partial denial of default judgment on the basis that (1) the denial conflicts with prior of the Court's orders and (2) "commercial disparagement" and "deceit and negligent misrepresentation" are recognized under Washington law and adequately pled in Plaintiff's complaint.  (Dkt. No. 118 at 1–2.)

**A.    The Court's Prior Orders**

Plaintiff contends the Court's partial denial of default judgment amounts to a "surprise ruling[]" that "reversed" the Court's earlier finding that Plaintiff had adequately pled claims of "commercial disparagement" and "deceit and negligent misrepresentation."  (*Id*.)  In Plaintiff's view, "[t]he Court already considered challenges to the adequacy of the pleadings" when it denied Defendants' motion to dismiss (Dkt. Nos. 79, 80) and granted Plaintiff's motion for entry of default (Dkt. No. 104); therefore, the Court's prior holdings should control.  (Dkt. No. 118 at 1–2.)  Plaintiff further argues the Court "gave no notice to Plaintiff that it intended to reconsider these issues" and thereby "den[ied] Plaintiff due process in rendering a dispositive judgment."  (*Id.* at 2.)

Plaintiff overstates the reach of the Court's prior orders.  While Plaintiff represents that the Court's denial of Defendants' motion to dismiss amounted to an affirmative ruling that Plaintiff adequately stated a claim for "commercial disparagement" and "deceit and negligent misrepresentation" (*id.* at 1–2), the Court cannot agree.  The Court's denial with respect to those claims was focused on a "generalized attack[]" by Defendant Ackerman that the claims should be dismissed because they were based on *other* insufficiently pled claims.  (Dkt. No. 79 at 11.)

The Court rejected this argument (*id.*); but it did not have occasion to consider whether the "commercial disparagement" and "deceit and negligent misrepresentation" claims were recognized under Washington law or adequately pled, as, critically, the motion to dismiss did not raise those issues. (*See* Dkt. No. 60 at 15–17.)

The Court also cannot find reasonable Plaintiff's suggestion that the order granting Plaintiff's motion for entry of default "approved" Plaintiff's claims. (Dkt. No. 118 at 1.) That order contains no substantive analysis of any claim. (Dkt. No. 104.) Rather, it entered default against Defendants End Racism LLC and Ackerman on the basis that both parties largely failed to engage with the case. *See Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1182 (W.D. Wash. 2022) ("a defendant's default does not automatically entitle a plaintiff to a court-ordered [default] judgment").

Finally, the Court rejects Plaintiff's contention that the Court deprived Plaintiff of "notice . . . that [the Court] intended to reconsider" issues relating to the sufficiency of Plaintiff's complaint. (Dkt. No. 118 at 2.) The Court was under no obligation to advise Plaintiff on the potential weaknesses of its claims. Counsel presumably was aware that well-established law governing motions for default judgment would require analysis of the sufficiency and merits of each of Plaintiff's claims, *Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986), and further aware of the reach of the Court's prior orders. No additional "notice" to Plaintiff was required.

**B.      Commercial Disparagement**

The Court denied default judgment on Plaintiff's commercial disparagement claim because it questioned whether the claim was cognizable under Washington law. (Dkt. No. 116 at 16.) Plaintiff's motion for reconsideration argues the Court erred because the tort of commercial

disparagement is recognized in Washington, citing several federal and state cases in support. (Dkt. No. 118 at 2–4.)

As an initial matter, the cases Plaintiff now provides (*id.*) were not cited in Plaintiff's motion for default judgment.  (*See* Dkt. No. 107 at 10–12.)  In fact, Plaintiff's motion for default judgment contained *no* caselaw in support of Plaintiff's commercial disparagement claim, despite the fact that it was Plaintiff's "burden to demonstrate to the Court that under the pertinent law, [Plaintiff's] claims, as alleged, [we]re legally sufficient."  *S.A. ex rel. L.A. v. Exeter Union School Dist.*, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009); *see also Szabo v. Southwest Endocrinology Assoc. PLLC*, 2021 WL 3411084, at *1 (D. Ariz. July 27, 2021) ("[M]otions for default judgment—at least successful ones—are typically fully developed, such that the Court has . . . all that is necessary" to award relief.).  Plaintiff's motion for reconsideration does not provide any explanation that would excuse its earlier failure to provide the authorities it now presents, other than to erroneously suggest the Court did not provide Plaintiff notice that the sufficiency of its claims would be tested.  *See* LCR 7(h)(1) (a party relying on new legal authority in a motion for reconsideration must show that the authority "could not have been brought to [the Court's] attention earlier with reasonable diligence"); *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026731, at *1 (W.D. Wash. Jan. 30, 2012) ("reconsideration may not be based on . . . legal arguments that could have been presented at the time of the challenged decision").  Nonetheless, the Court proceeds to analyze the substance of Plaintiff's arguments and does not find a manifest error in its decision.

Plaintiff cites *Right-Price Recreation, LLC v. Connells Prairie Community Council*, 46 P.3d 789 (Wash. 2002), for the proposition that the Washington Supreme Court analyzed a claim of commercial disparagement by relying on standards applicable to "other defamation claims."

(Dkt. No. 118 at 3.)  The plaintiff in *Right-Price* brought claims for slander and commercial disparagement, as well as other claims unrelated to speech.  *Right-Price*, 46 P.3d at 792.  But *Right-Price* did not address the commercial disparagement claim independently, instead holding generally that the defendants "failed to establish a prima facie case of defamation" and "were entitled to immunity" for their statements under Washington law—a holding that obviated the need for further or independent analysis of the plaintiff's speech-related claims.  *Id.* at 795–796.  *Right-Price* did not conclusively hold that a commercial disparagement claim is cognizable in its own right or define the contours of such a claim.  *See id.*

Plaintiff also cites two Washington Court of Appeals cases involving defamation and commercial disparagement claims (Dkt. No. 118 at 4), as well as a Ninth Circuit opinion analyzing a claim of commercial disparagement (*id.* at 2–3).  Again, the state law cases provided by Plaintiff do not meaningfully or independently address a commercial disparagement claim or identify the precise elements of the claim.  *Machen, Inc. v. Aircraft Design, Inc.*, 828 P.2d 73, 74–75 (Wash. Ct. App. 1992); *Gilman v. MacDonald*, 875 P.2d 697, 698 (Wash. Ct. App. 1994). And the Ninth Circuit case relied upon by Plaintiff simply states that it "assume[d]" Washington recognized a claim of "product disparagement," while observing that "there are no Washington state cases dealing directly with a product disparagement cause of action."  *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 820 (9th Cir. 1995).

At best, the authorities offered by Plaintiff raise doubt as to whether a commercial disparagement claim is recognized in Washington.  But they do not emphatically reflect that the claim is actionable or demonstrate the elements of the claim under Washington law.[1]  As a court

---

[1] Plaintiff relies on a case from this district which concluded a product disparagement claim required showing "(1) a false statement; (2) that impugns the quality of the plaintiff's goods or services; and (3) special damages in the form of lost profits from the loss of specific sales to a

has discretion to deny default judgment when it has reservations as to the merits of a given claim, *see Eitel*, 782 F.2d at 1472, the Court cannot find manifest error in its conclusion that the claim was not meritorious given the scant and undeveloped caselaw relating to the claim and absence of *any* relevant caselaw in Plaintiff's motion for default judgment. Indeed, it would be difficult to find a claim meritorious without a clear standard against which it is to be assessed.

**C.     Deceit and Negligent Misrepresentation**

The Court's partial denial of default judgment explained that the Court was "not familiar with a claim for 'deceit and negligent misrepresentation'" and therefore construed Plaintiff's claim as one for negligent misrepresentation. (Dkt. No. 116 at 16.) Because negligent misrepresentation requires showing that the *plaintiff* relied on the defendant's statements, and because Plaintiff's claim instead alleged reliance by a *third party*, the Court held Plaintiff did not bring a meritorious claim of negligent misrepresentation. (*Id.* at 17.)

Plaintiff's motion for reconsideration raises several arguments. *First*, Plaintiff argues that "negligent misrepresentation does not require reliance by Plaintiff." (Dkt. No. 118 at 5.) However, Plaintiff identifies no Washington case analyzing a negligent misrepresentation claim without requiring a plaintiff's reliance. Instead, Plaintiff simply states that there are other "portion[s] of the Restatement [(Second) of Torts]" that "address[] deceit and fraud," and that there are other "fraudulent tort[s] recognized by Washington." (*Id.*) But to the extent there are other formulations of the tort of negligent misrepresentation, Plaintiff does not provide them or

---

specifically identified purchaser that would have occurred but for that purchaser hearing the false statement and declining to engage in that purchase." *Massachusetts Bay Ins. Co. v. Walflor Indus., Inc.*, 383 F. Supp. 3d 1148, 1158 (W.D. Wash. 2019). But Plaintiff does not provide any instance where a Washington court relied upon this standard. (*See* Dkt. No. 118 at 3.) And even assuming the standard is controlling, Plaintiff's claim would not be meritorious as Plaintiff does not identify a specific purchaser who would have bought Plaintiff's product had that purchaser not heard an offending statement. (*See* Dkt. Nos. 57 at 29–30; 107 at 10–11.)

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 118) - 6

1  show that those formulations are recognized in Washington.  (*See id.*)  In any event, the

2  Washington Supreme Court has made clear that negligent misrepresentation requires a plaintiff's

3  reliance.  *See Lawyers Title Ins. Corp. v. Baik*, 55 P.3d 619, 623 (Wash. 2002) ("[T]o prevail on

4  a claim of negligent misrepresentation, a plaintiff must prove by clear, cogent, and convincing

5  evidence that he or she justifiably relied on the information that the defendant negligently

6  supplied."); *ESCA v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1998) (Negligent

7  misrepresentation requires a plaintiff to "prove he or she justifiably relied upon the information

8  negligently supplied by the defendant.").

9      *Second*, Plaintiff argues the Court should have interpreted Plaintiff's "deceit and

10  negligent misrepresentation" claim as a claim for "fraudulent misrepresentation," because the

11  Second Restatement uses "'deceit' interchangeably with the tort of 'fraudulent

12  misrepresentation.'"  (Dkt. No. 118 at 5.)  Plaintiff further argues that a fraudulent

13  misrepresentation claim may in some instances arise from a defendant's "misrepresentations to a

14  third-party," in an attempt to demonstrate that Plaintiff has a meritorious claim despite being

15  based on a statement directed not to Plaintiff, but to third-party Amazon.com.  (*Id.* at 5–6.)

16      As a preliminary matter, the Court can find no manifest error in its construal of "deceit

17  and negligent misrepresentation" as a claim for "negligent misrepresentation," given that

18  Plaintiff did not previously identify with clarity the nature of its claim and only now contends the

19  claim may be understood as one for fraudulent misrepresentation.  Regardless, Plaintiff does not

20  demonstrate that it has a meritorious claim for fraudulent misrepresentation.  Plaintiff relies on a

21  single case, *Dussault ex rel. Walker-Van Buren v. American Int'l Grp., Inc.*, 99 P.3d 1256

22  (Wash. Ct. App. 2004), which Plaintiff asserts based liability on the defendant's

23  misrepresentations to a third-party.  (Dkt. No. 118 at 5–6.)  This assertion is incorrect.  While the

24

fraudulent misrepresentation claim in *Dussault* arose from statements made during settlement negotiations between plaintiff and a third party, the misrepresentations were conveyed by the defendant—*i.e.*, the third party's insurer—to the plaintiff, who thereafter relied on those misrepresentations. *Dussault*, 99 P.3d at 1258. *Dussault* therefore does not reflect that Plaintiff may bring a fraudulent misrepresentation claim for statements communicated to third party Amazon.com.

*Third*, Plaintiff argues "[t]he Court's *sua sponte* dismissal [of the fraudulent misrepresentation claim] does not comport with FRCP 12(b)(6) standards," because dismissal would require the Court to conclude that "there [is] no set of facts contained within the Amended Complaint which could establish a plausible claim," and, in Plaintiff's view, the "Amended Complaint [] recites multiple fraudulent misrepresentations by Defendants." (Dkt. No. 118 at 7.)

Again, the Court cannot agree.[2] While one of the Court's inquiries in assessing a motion for default judgment concerns the sufficiency of the complaint and merits of the plaintiff's claims, a court is not required to comb through the complaint in search of all possible theories under which the plaintiff could recover for its claims. *Biers v. Washington State Liquor and Cannabis Board*, 2016 WL 3079025, at *9 (W.D. Wash. June 1, 2016) ("the court is under no obligation to . . . scour large portions of [a plaintiff's] complaint . . . and attempt on its own to piece together plausible claims"); *Mansour v. Cal-Western Reconveyance Corp.*, 2009 WL 2132695, at *3 (D. Ariz. June 15, 2009) ("the Court [i]s not obligated to search for legal theories not clearly laid out in Plaintiff's . . . amended complaint"). It was Plaintiff's burden to present

---

[2] To be clear, the order on which Plaintiff seeks reconsideration was not a "dismissal" of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). It was a denial of default judgment with respect to two claims based on the Court's analysis of the *Eitel* factors. *Eitel*, 782 F.2d at 1471–1472; *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one").

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 118) - 8

cognizable legal theories to the Court and show how Plaintiff's well-pled, non-conclusory allegations satisfied those legal theories.  *See Hawks v. Seery*, 2021 WL 5162536, at *2 (D. Ariz. Nov. 5, 2021).  The Court will not consider theories Plaintiff advances in support of its claim (Dkt. No. 118 at 7–8) that were not previously raised.  *See Gaskill*, 2012 WL 13026731, at *1.

### IV   CONCLUSION

Finding no manifest error in the Court's partial denial of default judgment, the Court DENIES Plaintiff's motion for reconsideration.  (Dkt. No. 118.)

Dated this 20th day of May 2024.

David G. Estudillo
United States District Judge