UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STUDIO 010 INC, | CASE NO. 2:20-cv-01018-DGE |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 119) |
| v. | |
| DIGITAL CASHFLOW LLC, et al., | |
| Defendants. | |

**I       INTRODUCTION**

Before the Court is Plaintiff's motion for attorney fees (Dkt. No. 119), to which Defendants did not respond. The Court's order entering partial default judgment in favor of Plaintiff concluded this case presented "exceptional circumstances" justifying an award of reasonable attorney fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a). (Dkt. No. 116 at 23–

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 119) - 1

25.)  For the reasons below, the Court GRANTS in part and DENIES in part Plaintiff's motion, finding Plaintiff entitled to $119,951.11 of the $133,279.01 requested.[1]

## II      LEGAL STANDARD

"[A] fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  A district court is "required to independently review [a plaintiff's] fee request even absent defense objections." *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).  At the same time, when a "[non-movant] cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the court] should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

"[C]ase law construing what is a 'reasonable' fee applies uniformly to all" federal fee-shifting statutes that allow a court to award fees to a prevailing party, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), and therefore applies to the Court's analysis of fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a).  In the Ninth Circuit, courts undertake a two-step "lodestar" analysis to assess reasonableness. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  First,

---

[1] While Plaintiff states that it seeks $136,894.01 in fees, the Court does not find this calculation supported by the chart provided in Plaintiff's motion. (Dkt. No. 119 at 4.) For instance, the chart states Mr. Rylander expended 47.3 hours on the litigation at a rate of $400 per hour, and concludes Plaintiff is entitled to $18,940 in fees arising from Mr. Rylander's work. (*Id.*) But multiplying Mr. Rylander's hourly rate of $400 by 47.3 hours would amount to $18,920—not $18,940. (*See id.*) Additionally, Plaintiff's chart states Mr. Beatty expended 392.3 hours at a rate of "$275–$300." (*Id.*) But elsewhere in the motion, Plaintiff states it "maintained [Mr. Beatty's] lower rate [of $275] in this matter" pursuant to the "original client engagement agreement." (*Id.* at 7.) The Court accordingly applies the rate of $275 to all hours incurred by Mr. Beatty in the litigation, and concludes the fees requested for 392.3 hours of work by Mr. Beatty amount to $107,882.50—not $111,477.50, as Plaintiff's chart indicates. (*Id.* at 4.)

courts "establish[] a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 945.  Second, and only "in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* at 946.  As Plaintiff's motion does not seek an adjustment, the Court limits its analysis to the first step.

### III     DISCUSSION

**A.     Reasonableness of Hourly Rates**

The Court begins by assessing the reasonableness of the rates claimed by Plaintiff's counsel.  "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).  "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019).

Plaintiff asks the Court to approve hourly rates of $400 for a partner with over 20 years of experience (Dkt. Nos. 119 at 6; 121 at 1) and $275 for an attorney who serves as "of Counsel" with 18 years of experience (Dkt. Nos. 119 at 6–7; 120 at 2).  Both are intellectual property attorneys.  (*Id.* at 2; Dkt. No. 121 at 1.)  Plaintiff also asks the Court to approve an hourly rate of $200 for an "associate / of Counsel" (Dkt. No. 119 at 4) who has been in practice for more than 12 years (Dkt. No. 121 at 2–3), and $95 for the work of a paralegal (Dkt. Nos. 119 at 7; 120 at 2).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 119) - 3

The Court finds the rates reasonable in light of each attorneys' experience,[2] evidence reflecting an average hourly rate of $402 for IP attorneys in Washington state (Dkt. Nos. 120 at 3; 120-1 at 2), and relatively recent caselaw from this District, *see, e.g., Mooney v. Roller Bearing Co. of Am., Inc.*, 2023 WL 6979645, at *3–4 (W.D. Wash. Oct. 23, 2023) (approving rates of $500 for a principal, $350–400 for an associate with more than a decade of experience, and $250 for an associate with a few years of experience); *Morisky v. MMAS Research LLC*, 2023 WL 4027593, at *1 (W.D. Wash. June 15, 2023) (finding rates of $545 for "the most senior litigators," $300 for an associate, and $140 for a paralegal to be "in the higher range" but "not unreasonable").

## B.   Reasonableness of Hours Expended

"[T]he district court may not uncritically accept a fee request but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012) (internal quotation and citation omitted). The district court may exclude "any hours that are excessive, redundant, or otherwise unnecessary." *Welch*, 480 F.3d at 946 (internal citation and quotation omitted). "[W]hen faced with a massive fee application[,] the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Gates*, 987 F.2d at 1399.

Plaintiff requests fees for 47.3 hours billed by a partner at an hourly rate of $400, 392.3 hours billed by an attorney serving as of Counsel at an hourly rate of $275, 2 hours billed by an "Associate/of Counsel" at an hourly rate of $200, and 17.3 hours billed by a paralegal at an

---

[2] The Court does not credit Plaintiff's assertion in its motion that the paralegal who worked on the matter has 25 years of experience (Dkt. No. 119 at 7), as Plaintiff fails to offer support for that fact in its declarations or documentary evidence (*see generally* Dkt. Nos. 120, 121).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 119) - 4

1   hourly rate of $95.  (Dkt. No. 119 at 4.)  When multiplying these hours by the respective rates,

2   and applying a reduction of $9,807.50 proposed by Plaintiff (*id.* at 4), the fees for these hours

3   amount to $119,038.50.  Plaintiff also seeks $9,451.36 to cover Westlaw research costs,

4   $3,600.00 for the use of Cardinal IP Services to conduct a prior art search (*id.* at 4, 12), and

5   $1,189.15 for the use of a third-party electronic discovery database (*id.* at 4, 13).  *See Grove v.*

6   *Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) ("prevailing plaintiffs [may]

7   recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties").

8   The total amount requested by Plaintiff is $133,279.01.

9         The Court finds the fees requested are largely reasonable, particularly in view of the

10  duration of the litigation and difficulties caused by Defendants' selective engagement in the

11  matter.  However, a 10% reduction in the requested fees is appropriate for several reasons.

12        *First*, Plaintiff's motion does not fully justify the hours expended.  Plaintiff's motion

13  discusses briefly and in general terms a few stages of the case, without citing particular sets of

14  billing entries that correspond to the stages in question, without providing the total numbers of

15  hours incurred on any stage, and without explaining the reasonableness of those particular hours.

16  (Dkt. No. 119 at 9–11.)  Moreover, some of Plaintiff's generalized justifications to support its

17  motion undercut its position.  The Court questions, for example, Plaintiff's suggestion that the

18  hours expended are reasonable because of Defendants' failure to "proffer a substantive defense"

19  or advance "substantive arguments" at various stages in the litigation.  (*Id.* at 10–11.)  The Court

20  would presume the absence of substantive argument by Defendants would reduce the number of

21  hours Plaintiff's counsel would need to expend, rather than increase that number.

22        *Second*, Plaintiff does not explain why it is entitled under 35 U.S.C. § 285 and 15 U.S.C.

23  § 1117(a) to fees for work on *all* of its claims.  "Section 285 does not authorize fees for most

24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES
(DKT. NO. 119) - 5

non-patent claims," and instead "only allows fees for non-patent claims that are intertwined with the patent issues." *Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 1999 WL 33554683, at *3 (S.D. Cal. March 10, 1999) (internal citation and quotation omitted). Likewise, 15 U.S.C. § 1117(a), which permits fees for claims under the Lanham Act, generally does not permit recovery of "fees incurred in litigating non-Lanham Act claims *unless*" the claims are so "intertwined" that it would be impossible to distinguish "work done on [each] claim[]." *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) (emphasis in original). Plaintiff neither discusses the application of these statutes to the instant case nor provides billing records "maintain[ed] . . . in a manner that [] enable[s] [the] reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. While the Court's own familiarity with the litigation allows it to conclude Plaintiff's claims are fairly intertwined, the Court nonetheless finds a reduction appropriate because "it cannot be disputed that" work on Plaintiff's non-Lanham Act and non-Patent Act claims "necessarily involved work that had nothing to do with the [Patent Act or] Lanham Act at all," including "legal research related to the elements of each" claim. *Hinton v. Completely Innocent LLC*, 2022 WL 1265924, at *4 (D. Ariz. April 28, 2022).

*Third*, Plaintiff's billing records include entries that are vague or block-billed, or reflect time incurred on non-recoverable clerical tasks. The Court finds vague, for instance, entries that seek fees for conducting a "status inquiry" (Dkt. No. 120-2 at 15), conducting "online research" (*id.* at 19, 47, 92), "speak[ing] with [the] client," and "review[ing] [the] status of proceedings and filings" (*id.* at 97). *See Avila v. Los Angeles Police Dept.*, 758 F.3d 1096, 1105 (9th Cir. 2014) (vague entries may support a reduction to an award of fees). Moreover, Plaintiff's block-billed entries (*see, e.g.*, Dkt. No. 120-2 at 19, 23, 47, 97) make it difficult for the Court to assess the reasonableness of the hours expended. *See Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, 2023 WL

3269759, at *11 (W.D. Wash. May 5, 2023).  And Plaintiff is not entitled to fees for clerical tasks including filing documents with the Court, saving files, and scheduling (*see, e.g.*, Dkt. No. 120-2 at 2, 11, 19, 47, 51, 55–57, 65, 68, 72).  *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (approving reduction of fees for clerical tasks including "document organization"); *Dusty S. v. Kijakazi*, 2021 WL 9763052, at *2 (E.D. Wash. Sept. 23, 2021) (explaining "the filing of motions is clerical, for which no fees may be awarded"); *McKenzie Flyfishers v. McIntosh*, 158 F. Supp. 3d 1085, 1096 (D. Ore. 2016) (explaining clerical tasks include "organizing files, calendaring dates, [and] rescheduling depositions") (internal quotation and citation omitted).

*Fourth*, the Court is not persuaded that Plaintiff is entitled to all fees requested given that Plaintiff did not succeed on three of its eight claims. (Dkt. No. 116 at 25.)  A plaintiff who prevails on only some of its claims may not recover fees for work on its unsuccessful claims if those claims are unrelated to the successful claims.  *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 901 (9th Cir. 1995).  When claims are related, however, a court assesses the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 901 (internal citation and quotation omitted).  If Plaintiff obtained "excellent results," for instance, Plaintiff may be entitled to the full award.  *Id.* at 901–02.

Plaintiff offers no substantive argument as to whether it is entitled to fees for hours expended on its unsuccessful claims.  And while Plaintiff's unsuccessful claims are related to its successful claims in that they "involve a common core of facts," *id.* at 902–03, the Court does not find the "overall relief obtained by [] [P]laintiff in relation to the hours reasonably expended" on all claims justifies a full award, *id.* at 901–02; *see also Avila*, 758 F.3d at 1105 (affirming "a

10% reduction in the overall amount of fees requested to account for time 'expended on the failed claims,' notwithstanding that these claims" were related to the successful claims).

## IV    CONCLUSION

For the reasons above, the Court reduces the fees requested by 10%. Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's motion (Dkt. No. 119), finding Plaintiff entitled to $119,951.11 in attorney fees.

Dated this 29th day of May 2024.

David G. Estudillo
United States District Judge