UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUDIO 010 INC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL CASHFLOW LLC et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:20-cv-01018-DGE<br><br>ORDER ON REQUEST FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 129) |

Presently before the Court is Plaintiff's request for entry of final judgment.[1] (Dkt. No. 129.)

A judgment "includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54(a). On October 13, 2023, the Court granted in part and denied in part Plaintiff's motion for default judgment. (Dkt. No. 116.) The Court granted Plaintiff's motion

---

[1] On June 21, 2024, Plaintiff filed a corrected version of its request. (Dkt. No. 130.) The Court will cite to this version of Plaintiff's request throughout this order.

ORDER ON REQUEST FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 129) - 1

1 | with respect to five causes of action. (*Id.* at 25.) Relevant here, the Court found Plaintiff was
2 | entitled to declaratory judgment as to the invalidity of U.S. Patent Number 10,525,191 ("the '191
3 | patent") and the non-infringement of the '191 patent. (*Id.*) The Court also granted default
4 | judgment with respect to Plaintiff's claim that Defendants infringed Plaintiff's registered
5 | trademark. (*Id.*) The Court awarded Plaintiff $211,051.00 in lost profits, plus an additional
6 | $25,000.00 as treble damages under the Washington Consumer Protection Act, for a total of
7 | $236,051.00. (*Id.*) The Court issued a judgment the same day (Dkt. No. 117) and later denied
8 | Plaintiff's motion for reconsideration. (Dkt. No. 126.) On December 4, 2023, the Clerk granted
9 | Plaintiff's motion for a bill of costs in the uncontested amount of $1,304.25. (Dkt. No. 124.) On
10 | May 29, 2024, the Court granted in part Plaintiff's motion for attorney fees, awarding Plaintiff a
11 | total of $119,951.11. (Dkt. No. 127 at 8.)

12 |     The order granting a default judgment, the order on Plaintiff's bill of costs, and the order
13 | granting judgment previously entered in this case are all orders from which an appeal lies.
14 | Notwithstanding, Plaintiff submits a proposed "final" judgment (Dkt. No. 130-1) without
15 | offering any authority supporting its entry or the need for a "final" judgment.

16 |     The proposed final judgment also appears to seek relief not previously requested or
17 | granted. First, the proposed final judgment would grant injunctive relief not included in the
18 | Court's order on Plaintiff's motion for default judgment. The proposed judgment would
19 | permanently enjoin Defendants from enforcing any claim of the '191 patent against any party.
20 | (Dkt. No. 130-1 at 2.) The judgment would similarly enjoin Defendants from advertising or
21 | selling products related to earwax removal using Plaintiff's trademarks. (*Id.*)

22 |     The Court did not grant injunctive relief and "[a] plaintiff is not automatically entitled to
23 | an injunction simply because it proves its affirmative claims." *PepsiCo, Inc. v. Cal. Sec. Cans*,
24 |

1  238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Rather, "[a]n injunction is a drastic and

2  extraordinary remedy, which should not be granted as a matter of course."  *Monsanto Co. v.*

3  *Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also Pyrodyne Corp. v. Pyrotronics Corp.*,

4  847 F.2d 1398, 1402 (9th Cir. 1988) ("[T]he grant of injunctive relief is not a ministerial act

5  flowing as a matter of course.").  Granting a permanent injunction is "an act of equitable

6  discretion" and a plaintiff seeking a permanent injunction "must satisfy a four-factor test before a

7  court may grant such relief."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

8        Plaintiff sought injunctive relief early in this case.  On July 2, 2020, the Court denied

9  Plaintiff's motion for a temporary restraining order.  (Dkt. No. 12.)  On August 6, 2020, the

10  Court denied Plaintiff's motion for a preliminary injunction as moot pursuant to a stipulation by

11  the parties under which Defendants agreed not to enforce the '191 patent against Plaintiff's

12  products pending the resolution of this lawsuit.  (Dkt. No. 29.)  While this suit is now over,

13  Plaintiff has not filed a new motion for injunctive relief and the instant motion presents no

14  evidence or argument that would justify granting one.

15        Second, Plaintiff's proposed judgment requires Defendants to destroy all products and

16  advertising in their possession which infringe Plaintiff's registered trademark.  (Dkt. No. 130-1

17  at 2.)  The Lanham Act provides that the Court may order an infringing defendant to "deliver[ ]

18  up and destroy[ ]" all infringing "labels, signs, prints, packages, wrappers, receptacles, and

19  advertisements in the possession of the defendant." 15 U.S.C. § 1118.  "Under 15 U.S.C. § 1118,

20  the decision whether to enter a destruction order is left to the court's discretion."  *Daimler AG v.*

21  *A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1295 (S.D. Cal. 2020) (collecting cases).  However, the

22  Court has not issued an injunction to this effect and Plaintiff has not presented any evidence or

23  argument supporting its entitlement to this remedy.

24

ORDER ON REQUEST FOR ENTRY OF FINAL JUDGMENT (DKT. NO. 129) - 3

To the extent Plaintiff seeks additional remedies, Plaintiff must file a motion setting forth supporting evidence and arguments.

Accordingly, Plaintiff's request for an entry of final judgment (Dkt. No. 129) is DENIED.

Dated this 8th day of July, 2024.

David G. Estudillo
United States District Judge